Case: 1:25-cv-02598   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 8/8/2025
Description: TRO/Prel. Inj. (D-DECK)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| | § COMPLAINT |
| KENNETH ARNEZ DAVIS, A living man, | § |
| as a father in full capacity and | § 1.VIOLATION OF CIVIL |
| lawful genealogical father for | § RIGHTS 42 U.S.C. 9 |
| 1983 | |
| Olorun Anu Davis, | § (First Amendment) |
| a sacred minor heir, | § 2.VIOLATION OF CIVIL |
| *Petitioner*, | § RIGHTS 42 U.S.C. 9 |
| 1983 | |
| | § (Fourteenth |
| Amendment) | |
| V. | § 3.VIOLAtION F CIVIL |
| | § RIGHTS 42 U.S.C. 1983 |
| | § (Fourth Amendment) |
| | § 4.VIOLATION OF  CIVIL |
| TEXAS DEPARTMENT OF FAMILY | § RIGHTS 42 |
| U.S.C.1983, | |
| AND PROTECTIVE SERVICES, | § 1988(Conspiracy) |
| a corporate state subdivision, | § 5.VIOLATION OF CIVIL |
| | § RIGHTS 42 U.S.C. § |
| CHILDREN'S MEDICAL CENTER, | § 1983 |
| a federally funded private | § (Municipal Liability- |
| Monell) | |
| contractor, | § 6. VIOLATION OF CIVIL |
| | § RIGHTS |
| CHRISTOPHER J. DUROVICH, | § 42 U.S.C. § 1983 |
| in his individual | § Failure to Train and |
| Supervise | |
| and private capacity | § |
| | § |
| VIVIAN CHIOMA OKOYE, | § |
| in her individual | § Jury Demand |
| and private capacity, | § |
| | § |
| MICHAEL YU, | § |
| in his individual | § |

and private capacity,                                          §
                                                              §
ASGAR DHUDBHAI,                                                §
in his individual                                             §
and private capacity,                                         §
                                                              §

SUZANNE DAKIL,                                                §
in her individual                                             §
and private capacity,                                         §
                                                              §
KAMEKA HEWITT,                                                §
in her individual                                             §
and private capacity,                                         §
                                                              §
CARL BROWN,                                                   §
in her individual                                             §
and private capacity,                                         §
                                                              §
STEPHANIE MUTH,                                                          §
in her individual                                             §
and private capacity,                                         §
                                                              §
MEDICAL CITY ARLINGTON,                                       §
d/b/a HCA Healthcare, a for-                                             §
profit hospital,                                              §
                                                              §
EMPOWER TEXAS CHILD WELFARE                                   §
SERVICES,                                                     §
a private contractor,                                         §
                                                              §
TFI FAMILY SERVICES, INC.,                                    §
a foreign nonprofit corporation,                                        §
                                                              §
TEXAS FAMILY INITIATIVE, LLC,                                 §
a foreign nonprofit corporation,                                        §
                                                              §
AMBER BOLLINGER,                                              §
in her individual                                             §
and private capacity,                                         §
                                                              §
JORDAN BLACK,                                                 §
in her individual                                             §

and private capacity,                          §
                                               §
DEIRDRE DAVENPORT,                             §
in her individual                              §
and private capacity,                          §
                                               §
TELEISHA AUSTIN,                               §
in her individual                              §
and private capacity,                          §
                                               §
AMBER WOOTEN,                                           §
in her individual
and private capacity,                          §
                                               §
PATRICIA GONZALEZ,                             §
in her individual                              §
and private capacity                           §
                                               §
EDUARDO SOLIS,                                 §
in his individual                              §
and private capacity                           §
                                               §
CIERA TIMMINS-RICHARDSON,                              §
in her individual
and private capacity,                          §
                                               §
RANDY NEFF,                                    §
in his individual                              §
and private capacity,                          §
                                               §
RUBEN MEDRANO,                                 §
in his individual                              §
and private capacity,                          §
                                               §
WHITNEY URQUHART,                              §
in her individual                              §
and private capacity,                          §
                                               §
KNESHAE CHOICE,                                §
in her individual                              §
and private capacity,                          §
                                               §
CHARLISA JACKSON,                              §

in her individual
and private capacity,

§
§
§

JACLYN DEMKO GRAY,
in her individual
and private capacity,

§
§
§
§

BEN WILKINS,
in his individual
and private capacity,

§
§
§
§

RYAN GRIFFIN,
in his individual
and private capacity,

§
§
§
§

VICKI SPRIGGS,
in her individual
and private capacity,

§
§
§
§

TEXAS CASA, INC.,
a statewide nonprofit entity,

§
§
§

AMY LIERMAN,
in her individual
and private capacity as a

§
§
§
§

§

FELICIA PITRE,
in her individual
and private capacity

§
§
§
§

BRONDA CHERYL DAVIS
in her individual
and private capacity

§
§
§
§

CAMECIA K BRACKENS-WHITE
in her individual
and private capacity

§
§
§
§

DAPHNE LOONEY-LANIER
in her individual
and private capacity

§
§
§
§

ONAN DUMAS in his individual

§

and private capacity                                                    §
                                                                        §
HADI SHAH                                                                          §
in his individual                                                       §
and private capacity,                                                   §
                                                                        §
CHERYL LEE SHANNON                                                                 §
 in his individual                                                      §
and private capacity,                                                   §
                                                                        §
PATRICIA CHANDLER                                                       §
in her individual                                                       §
and private capacity                                                    §
                                                                        §
IRIDIAN CRISOL CUETO                                                               §
in her individual                                                       §
and private capacity                                                    §
                                                                        §
ANGEL NEWMAN                                                            §
in her individual                                                       §
and private capacity                                                    §
                                                                        §
TAYLOR N. HATCH                                                         §
in her individual                                                       §
and private capacity                                                    §
                                                                        §
BILLY WOODS                                                             §
 in his individual                                                      §
and private capacity,                                                   §
                                                                        §
MIKE BALKEN                                                             §
 in his individual                                                      §
and private capacity,                                                   §
                                                                        §
KIDS CENTRAL, INC                                                       §
a statewide nonprofit entity.
      Defendants

PLAINTIFF ALLEGES AS FOLLOWS:

This is a complaint for damages, declaratory, and injunctive relief based upon
violations of federally protected civil rights and state constitutional rights
committed by the Defendant Dallas County, the Texas Department of Family and

Protective Services (DFPS), and their respective officers, officials, caseworkers, contractors, and agents, including but not limited to Children's Medical Center Dallas, EMPOWER, Dallas Police Department, and various individual defendants named herein. This action arises from the unlawful seizure, detention, medical interference, and custodial conversion of the minor heir Olorun Anu Davis, in clear violation of Plaintiffs' rights under the United States Constitution, the Texas Constitution, federal statutes, international law, and the inherent rights of Indigenous peoples.

This case is brought pursuant to 42 U.S.C. §§ 1983, 1985(3), 1988, the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, the Texas Constitution, and applicable provisions of international law, including the Nuremberg Code, the Universal Declaration of Human Rights, and the United Nations Convention on the Rights of the Child.

Federal jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343(a)(1)-(4), as this action arises under the Constitution and laws of the United States. This Court also has supplemental jurisdiction over the state constitutional and statutory claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

NOW COMES Kenneth Arnez Davis, a living man and natural father, one of the People, appearing before this United States District Court as a court of record operating under its inherent Article III judicial power and the principles of common law equity, in full legal capacity and private standing—individually and in his ancestral and fiduciary role as Executor of the private estate of the living heir, Olorun Anu Davis—and asserting a protected parental liberty interest in directing the medical care, spiritual upbringing, and bodily integrity of his minor child. Petitioner hereby submits this Verified Civil Rights Complaint and Petition for Declaratory and Injunctive Relief under 42 U.S.C. § 1983, 28 U.S.C. §§ 2241, 1331, and 1343(a)(3)-(4) against the Defendants named herein. Petitioner brings this action against various individuals and entities, including but not limited to those identified herein as portraying themselves as "public officers," "government contractors," "medical personnel," and "corporate actors," all of whom acted jointly and severally under color of state law and without lawful delegation of jurisdiction, and who therefore remain individually liable under federal law for violations of constitutional and treaty-secured rights and all of whom have operated jointly and severally under color of state law and without lawful jurisdiction.

To date, there exists no lawful delegation of authority, no valid oath of office, no bonding records, nor any constitutional warrant filed in the public record evidencing that any of the named public officer defendants were, at the time of the complained-of actions, duly commissioned officers of the State of Texas or

any subdivision thereof. Their purported authority is a legal fiction. Their acts, therefore, constitute ultra vires trespass, performed without jurisdiction or immunity, and are not shielded by any qualified or sovereign protection. These actors proceeded in their private and commercial capacities and must be held individually liable under the laws and Constitution of the United States.

Petitioner invokes this Court's Article III jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Constitution of the United States, federal civil rights statutes including 42 U.S.C. § 1983, and ratified international treaties including the Treaty of Peace and Friendship (1836), the Treaty of Bird's Fort (1843), and customary human rights obligations. This Court also has jurisdiction under:

Federal Question Jurisdiction – 28 U.S.C. § 1331: arising under the Constitution of the United States, federal statutes including 42 U.S.C. § 1983, and binding treaties such as the Treaty of Peace and Friendship (1836) and the Treaty of Bird's Fort (1843).

Diversity Jurisdiction – 28 U.S.C. § 1332: as this matter involves claims between Indigenous sovereign interests and State agencies, with the amount in controversy exceeding $75,000.

Removal Jurisdiction – 28 U.S.C. § 1441 and § 1443(1): involving claims of racial discrimination and the denial of federally protected constitutional rights in prior state court proceedings.

Mandamus Jurisdiction – 28 U.S.C. § 1361: to compel federal officers or agencies to perform nondiscretionary legal duties.

All Writs Act Jurisdiction – 28 U.S.C. § 1651: permitting this Court to issue extraordinary writs including habeas corpus, quo warranto, mandamus, prohibition, and certiorari in aid of its jurisdiction.

Habeas Corpus Jurisdiction – 28 U.S.C. § 2241(c)(3): for unlawful seizure and continued detention of a minor child in violation of constitutional and treaty protections.

Equitable Powers – including injunctive relief under 28 U.S.C. §§ 2201–2202 to prevent irreparable harm, protect familial integrity, and enjoin continued constitutional violations.

Treaty Enforcement Jurisdiction – under Article VI, Clause 2 of the Constitution (the Supremacy Clause) for the enforcement of ratified international treaties including UNDRIP, UDHR, and the Convention on the Rights of the Child (as persuasive authority).

Constitutional Challenge Jurisdiction – to adjudicate facial and as-applied challenges to unconstitutional statutes, procedures, and conduct under the 1st, 4th, 5th, 6th, 9th, and 14th Amendments.

Supervisory and King's Bench Jurisdiction – grounded in common law equity to restrain judicial abuse, fraud upon the court, and protect the public interest.

This civil action is properly removed from the 305th Juvenile District Court of Dallas County, Texas, and now brought before this United States District Court pursuant to 28 U.S.C. §§ 1331, 1332, 1343, 1441, and 1443(1). Petitioner invokes this Court's original and extraordinary jurisdiction under the Constitution and laws of the United States, including 28 U.S.C. § 1651 (All Writs Act), § 1361 (Mandamus), § 2241 (Habeas Corpus), and 42 U.S.C. § 1983 (Civil Rights Act). This Court also retains supervisory equity and inherent jurisdiction under the ancient common law authority of King's Bench to correct fraud upon the court, protect sacred rights, and ensure redress where lower courts fail.

Petitioner's blood degree and ancestral record have been formally placed into the record, establishing an unbroken Indigenous presence predating European colonization. Any failure to recognize or review this evidence constitutes constructive denationalization, and a violation of both domestic due process guarantees and binding treaty obligations to which the United States is party. Accordingly, this Court is constitutionally obligated to enforce the above treaties and declarations under Article VI and adjudicate treaty-based rights under its Article III authority.

As stated in Worcester v. Georgia, 31 U.S. 515 (1832):; "The Indian nations had always been considered as distinct, independent political communities, retaining their original natural rights."

Furthermore, Petitioner invokes the following international standards:

UNDRIP Article 6: "Every Indigenous individual has the right to a nationality."

UNDRIP Article 33: "Indigenous peoples have the right to determine their own identity or membership... in accordance with their customs and traditions."

ICCPR Article 27: Protects ethnic, religious, or linguistic minorities' right to preserve their own culture and institutions.

This Petition is filed in light of the Supremacy Clause (U.S. Const. Art. VI, cl. 2), asserting the preeminence of federal constitutional protections and treaty obligations over any contrary state statute, policy, or administrative abuse. Petitioner alleges that Defendants—acting under the guise of state law—violated the following secured rights of both the Petitioner and the minor heir:

First Amendment (religious liberty, freedom of association, right to petition for redress);

Fourth Amendment (unlawful entry, seizure, and custodial interference without a warrant or exigent cause);

Fifth Amendment (deprivation of liberty and property without due process or just compensation);

Sixth Amendment (denial of the right to counsel, confrontation of witnesses, and fair trial procedures);

Ninth Amendment (interference with unenumerated natural and familial rights);

Thirteenth Amendment (imposition of involuntary servitude through unlawful conservatorship);

Fourteenth Amendment (violations of procedural and substantive due process and equal protection).

These violations arise from a pattern of systemic collusion among state officers, judicial actors, medical corporations, law enforcement, and child welfare contractors who acted in concert to seize a tribal child without warrant, fabricate jurisdiction, suppress exculpatory evidence, deny familial kinship placement, and retaliate against Petitioner's protected status as an Indigenous tribal father asserting ecclesiastical and genealogical rights.

Petitioner now comes before this Honorable Court seeking immediate declaratory and injunctive relief to restore rightful custody, terminate unlawful state guardianship, enjoin all further violations, and affirm the constitutional, treaty, and private rights of the Petitioner and minor heir.

Petitioner respectfully demands that this matter be heard by an Article III Judge duly appointed and confirmed under Article III, §1 of the Constitution of the United States. Petitioner expressly withholds consent to any referral or adjudication by a United States Magistrate Judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

All pleadings, affidavits, exhibits, and evidence incorporated into this Verified Petition are submitted as part of the record and must be served on each Respondent in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Administrative Procedure Act, 5 U.S.C. § 555(e). Petitioner also requests the Clerk to issue summons and initiate service to all named Defendants, including those newly identified through affidavit, investigatory discovery, or unrebutted presentments.

This Verified Petition is submitted in accordance with Rule 15(a) of the Federal Rules of Civil Procedure and consolidates all facts, affidavits, and exhibits filed under the Administrative Procedure Act, 5 U.S.C. §§ 555 and 706, for the exhaustion of administrative remedies and judicial review.

Petitioner demands that the Clerk of Court issue summons and effectuate service upon all Defendants, including those newly identified, pursuant to Rule 4 of the Federal Rules of Civil Procedure. The accompanying sworn affidavit, exhibits, and evidentiary appendices are incorporated herein and must be entered into the record and served as due process requires.

## Constitutional Questions Presented

Petitioner respectfully presents the following Constitutional Questions for adjudication by this Honorable Court, arising directly from the acts and omissions challenged herein, forming the basis of this Court's subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), 1443, and 2241; 42 U.S.C. §§ 1983 and 1985; and the inherent equitable power of this Court to issue declaratory and injunctive relief:

Fourth and Fourteenth Amendments — Warrantless Child Seizure; Whether the extrajudicial, warrantless removal of a minor child, Olorun Anu Davis, from a private domicile—without exigent circumstances, parental consent, or judicial order—constitutes an unlawful seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Unlawful Imprisonment of Entire Family; Whether the unlawful and prolonged separation of the Petitioner from his baby boy, and the surveillance and confinement of the entire family through civil court processes administered without due process, rise to the level of unconstitutional imprisonment in violation of the Fifth, Thirteenth, and Fourteenth Amendments.

Star Chamber Proceeding Under Color of State Law; Whether the Petitioner and his family have been subjected to an unconstitutional "Star Chamber" proceeding—where the State of Texas, acting as both accuser and adjudicator via its agents DFPS/CPS, prosecutors, and judges—renders the process void for structural conflict of interest and violates the procedural guarantees of the Fifth, Sixth, and Fourteenth Amendments.

Violation of Judicial Disqualification Requirements under Title 28 § 455
Whether the refusal of the presiding judge in the 305th District Court of Dallas
County, Texas, to recuse herself from proceedings involving the same agency
(DFPS/CPS) appearing as party, constitutes a self-executing jurisdictional defect
under 28 U.S.C. § 455 and warrants nullification of all orders thereafter, with
criminal implications for acting ultra vires and in bad faith.

Supremacy of the Bill of Rights Over State Action; Whether the rights enshrined
in the Bill of Rights—particularly those under the First, Fourth, Fifth, Sixth, Ninth,
Thirteenth, and Fourteenth Amendments—take precedence over conflicting
statutes, procedures, or orders issued by the State of Texas or any of its
agencies.

Bias and Conflict of Interest — Federalist No. 10 & No. 80; Whether the
Petitioner's rights have been violated by a proceeding structurally biased in favor
of the State, where DFPS/CPS, DPD, the Dallas District Attorney, and judiciary
acted as a unified body of men—despite Federalist Paper No. 10's warning that
"no man ought to be judge in his own cause," and Federalist No. 80 affirming that
disputes between a state and its citizen belong under impartial federal judicial
authority.

Presumption of Judicial Impartiality Erased by Structural Bias
 Whether a tribunal operating under the authority of the same political entity
bringing accusations (i.e., the State of Texas) can be presumed impartial, or
whether it inherently violates the judicial canons of neutrality and fairness
guaranteed by the Constitution and the due process clause of the Fourteenth
Amendment.

Fifth, Sixth, and Fourteenth Amendments — Denial of Fair Trial and Notice
 Whether the denial of meaningful notice, opportunity to be heard, right to
counsel of choice, and right to confront accusers constitutes a denial of
procedural due process and a fundamental violation of the rights guaranteed
under the Fifth, Sixth, and Fourteenth Amendments.

Supremacy Clause — Treaty and International Law Violations
Whether the acts of state agents—including DFPS/CPS, medical personnel, and
the judiciary—violated Article VI, Clause 2 of the U.S. Constitution by failing to
honor treaty obligations under the Treaty of Peace and Friendship (1836), the

Treaty of Bird's Fort (1843), the Vienna Convention on Consular Relations, and international human rights conventions such as UNDRIP and the CRC.

Rights of Indigenous Moorish Nationals — Enforceability of Treaties
Whether Petitioner, as a Moorish-American Indigenous national and spiritual steward, may enforce treaties and tribal sovereignty rights against state actors under the Constitution, including invocation of federal protection for Indigenous children unlawfully seized.

42 U.S.C. § 1985 — Conspiracy to Deprive Civil Rights and Obstruct Justice
Whether the coordination among DFPS/CPS, law enforcement, medical institutions, prosecutors, and state judges to conceal evidence, misrepresent proceedings, deny tribal identity, and isolate Petitioner from redress constitutes an unlawful conspiracy to interfere with civil rights, obstruct justice, and prevent equal protection of the laws, actionable under 42 U.S.C. § 1985.

Systemic Collusion — Structural Deprivation of Rights Under Color of Law
 Whether the combination of acts described—taken under color of law by state agencies, private contractors, hospital staff, and court officers—constitutes a systemic and structural deprivation of Petitioner's federally protected rights under 42 U.S.C. § 1983 and § 1985, warranting federal declaratory and injunctive relief.

Ninth Amendment — Infringement Upon Fundamental Natural Rights
 Whether the infringement upon unenumerated rights—including familial association, spiritual naming, religious stewardship, Indigenous identity, and bodily sovereignty—violates the Ninth Amendment, particularly when such rights are deeply rooted in this Nation's history, tradition, and the laws of nature and nations.

Thirteenth Amendment — Coerced Custody as Involuntary Servitude
 Whether the imposition of unlawful conservatorship, forced medical supervision, and coerced participation in family service plans, under threat of prosecution or imprisonment, constitutes a form of involuntary servitude forbidden by the Thirteenth Amendment.

Whether the failure of state actors and judicial officers to adhere to maxims of law—such as "no one shall be judge in their own cause," "let right be done," "fraud vitiates everything it touches," and "where there is a right, there is a remedy"—constitutes a repudiation of the very foundation upon which due

process, equity, and constitutional government are built; and whether such repudiation, in concert with the deprivation of redress, renders the actions of the State of Texas void ab initio and mandates federal remedy under 42 U.S.C. §§ 1983 and 1985.

Whether the concealment, delay, or outright refusal to produce public records—including oaths of office, bonds, judicial assignments, and administrative filings—violates the Petitioner's right to know the nature and cause of the accusations and proceedings against him, as protected by the Sixth and Fourteenth Amendments, and further constitutes an unlawful suppression of evidence under Brady v. Maryland.

Whether the placement of the Petitioner's Indigenous family under state surveillance, control, and threat of further removal based on protected religious beliefs, medical decisions, and tribal identity constitutes targeted persecution in violation of the First and Fourteenth Amendments, the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP), and the anti-discrimination provisions of 42 U.S.C. § 1985(3).

Whether the cumulative effect of coordinated actions by state agencies, medical contractors, prosecutors, and judges—operating under color of law without lawful delegation of authority—constitutes a criminal enterprise and conspiracy to deprive rights, redressable under 42 U.S.C. § 1985 and actionable under the doctrine of Ex parte Young for injunctive relief against ongoing violations of constitutional rights.

Whether there exists any duly enacted law—federal or state—that mandates a man or woman in the United States or in the Nation of Texas must: (a) possess fluency in the specialized language of legal society ("legalese") in order to invoke their right to trial by jury; (b) retain a bar-licensed member of said legal society in order to assert a claim or defend against a governmental or private trespass; or (c) justify or accept the deprivation of property, liberty, or family based on accusations made by agents who are not required to appear, testify, or verify their claims under oath in open court, in direct contravention of the Seventh Amendment, Article III, Section 2 of the United States Constitution, and the maxims of law safeguarding the right to be heard in one's own voice.

Whether the invocation of "exigent circumstances" by state agents—including DFPS, CPS, medical personnel, law enforcement, and judicial officers—to

bypass judicial warrant requirements, seize children or property, and deny immediate access to remedy, without sworn testimony in open court or production of material evidence, constitutes a facial and as-applied violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, especially where such claims are unsupported by clearly defined statutory authority, and where the so-called 'exigency' is used to justify pretextual or retaliatory state action under color of law.

Whether the systemic deprivation of due process by child protective services—including secretive "true findings" without a trial, denial of access to accusers, warrantless searches, and extrajudicial intrusion into family life—violates the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, particularly when such findings are treated as binding without judicial review, face-to-face confrontation, or evidentiary standards required in all other criminal or civil forums.

Whether the structural conflict of interest created when administrative law judges or hearing officers are employed by the same agency that brings accusations—such as DFPS or DHS—violates the doctrine of impartial adjudication guaranteed by Article III and the Fifth and Fourteenth Amendments, especially where families are permanently separated, records sealed from public review, and oversight blocked even from elected representatives.

Whether the warrantless seizure, forced separation, and extrajudicial concealment of a minor child—absent lawful order, sworn affidavit, hearing, or jurisdiction—executed by a state agent engaged in sexualized commercial exploitation of children, constitutes not only a deprivation of constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments, but also implicates federal crimes under 18 U.S.C. §§ 2251–2256 (Child Exploitation), §§ 241–242 (Civil Rights Conspiracy), and § 1962 (RICO), such that this Court is compelled to intervene under the Supremacy Clause and to ensure treaty obligations owed to a foreign national are not violated.

Whether a state tribunal's use of void pre-signed orders, silent docket edits, recused judges returning to the bench, and extraterritorial service by unqualified hospital agents—absent jurisdiction, consent, or clear and convincing evidence of parental unfitness—constitutes a pattern of systemic fraud, due process violations, and color-of-law misconduct in violation of the Fifth and Fourteenth

Amendments, Troxel v. Granville, 530 U.S. 57 (2000), and 42 U.S.C. §§ 1983 and 1985, such that federal oversight under 28 U.S.C. § 2403 and Rule 5.1 is now triggered, requiring this Court to vacate void acts and impose accountability for judicial and prosecutorial bad faith?

Whether a state's enactment and enforcement of substitute procedures, forms, and agency determinations—such as Rule 16b orders signed in blank, post-recusal rulings, and findings issued without jurisdiction or consent—constitutes an unconstitutional displacement of the Constitution for the United States of America, thereby rendering such acts void ab initio under Rule 60(d)(4), and making all involved parties, including judges, GALs, and state agents, personally liable under 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 241, 242 for knowingly conspiring to deprive a litigant of procedural due process, fair hearing, and equal protection of law?

Whether the systemic findings of constitutional violations by U.S. District Judge Janis Jack in M.D. v. Abbott—specifically regarding the widespread failures, lack of accountability, and ongoing harm within the Texas Department of Family and Protective Services (DFPS)—must be given preclusive effect or persuasive weight in evaluating the ongoing unconstitutional seizure, denial of due process, and endangerment of children such as Olorun Anu Davis, whose removal occurred under the same policies and practices previously declared unlawful.

Whether the use of Dr. Michael Yu's affidavit—submitted under oath without personal examination of the child, in direct violation of Texas Family Code § 264.514(b) as enacted by Senate Bill 1578 (2023)—renders the subsequent child removal order void ab initio, and whether such use constitutes perjury, fraud, and violation of both state and federal law, including 18 U.S.C. §§ 1001, 666, and 241–242, thereby giving rise to actionable claims under 42 U.S.C. §§ 1983 and 1985 for deprivation of constitutional due process, unlawful seizure, and fraudulent deprivation of parental rights under color of law.

Whether Dr. Michael Yu's materially false statement under oath—claiming the child's whereabouts were "unknown" when the child was in fact in DFPS custody at Children's Medical Center Dallas—constitutes a knowing misrepresentation in a judicial proceeding, thereby violating Texas Penal Code §§ 37.02 and 37.10, as well as 18 U.S.C. § 1001 (false statements in matters within federal jurisdiction), and whether this falsehood—used to justify warrantless removal without due

process—nullifies the court's jurisdiction ab initio and supports injunctive relief and personal liability under 42 U.S.C. §§ 1983 and 1985.

Whether the use of Dr. Michael Yu's affidavit—despite his sworn admission that he had not personally examined the child—in direct violation of Texas Family Code § 264.514(b) (as amended by S.B. 1578), renders the emergency removal order void ab initio under § 264.514(c), and whether reliance on such a void affidavit by DFPS, the court, and its officers constitutes fraud upon the court, actionable under 42 U.S.C. § 1983 for deprivation of constitutional rights, 18 U.S.C. §§ 241–242 for conspiracy and deprivation of rights under color of law, and entitles the Petitioners to immediate injunctive relief, license sanctions, and criminal referral.

Whether the refusal by agents of the Texas Department of Family and Protective Services (DFPS), affiliated hospital staff, and the Dallas Police Department to permit Petitioners to obtain a second medical opinion from an independent specialist—despite their express, documented request—constitutes a violation of Texas Family Code § 264.514 (as enacted by Senate Bill 1578), the First and Fourteenth Amendments to the United States Constitution, and federal informed consent standards, where:

> (a) Petitioners sought a second medical opinion due to legitimate concerns over the prior administration of Abbott Laboratories' Similac formula—then subject to federal recall and linked to known adverse effects—and were initially granted that right by Collin County authorities;

> (b) Despite no existing medical emergency, Petitioners were forcibly removed from Collin County by Dallas Police officers, transported across county lines under threat and duress, and delivered to a Dallas County hospital where the child was later seized;

> (c) The subsequent seizure of the child occurred without warrant, lawful court order, sworn affidavit based on direct physician examination, or adherence to procedural due process;

> and (d) The obstruction of access to a second opinion, coupled with the retaliatory use of force and medical coercion, resulted in the unconstitutional deprivation of Petitioners' fundamental rights to medical decision-making, religious expression in infant care, and the parental right

to direct the upbringing and protection of their child, thereby invoking strict scrutiny under the U.S. Constitution?

Whether the obstruction and denial of Petitioners' fundamental right to seek a second medical opinion from a qualified specialist—particularly in a non-emergency context involving infant nutrition—by individuals acting under color of state law (including DFPS agents and affiliated hospital personnel) constitutes a violation of: (1) the First Amendment right to religious and parental liberty; (2) the Fourteenth Amendment right to due process and equal protection; and (3) informed consent protections under federal and Texas law, including Texas Family Code § 264.514 as amended by Senate Bill 1578, which prohibits removal based on unauthenticated or unexamined medical affidavits and guarantees parents the right to meaningful medical decision-making before state intervention?

Whether the continued failure by Judge Cheryl Lee Shannon and the 305th District Court to safeguard the constitutional and fiduciary interests of Kenneth Arnez Davis—despite knowledge of warrantless seizure, denial of jury trial, lack of standing, and repeated formal objections on jurisdictional grounds—constitutes judicial misconduct, breach of fiduciary trust, and collusion with unauthorized actors, in contravention of:Texas Government Code § 82.062, the Separation of Powers and Due Process principles enshrined in the U.S. Constitution, and the fiduciary maxim: *"A trustee may not benefit from the trust, nor allow the trust corpus to be unlawfully converted, especially against the will and rights of a named beneficiary."*

Whether the Dallas Police Department's extrajurisdictional involvement in forcibly transporting Petitioners across county lines from Collin County to Dallas County, under threat of armed force, without a warrant, court order, or parental consent, constituted an unlawful seizure and violation of Petitioners' Fourth and Fourteenth Amendment rights, particularly where Collin County authorities had already recognized the family's right to obtain a second opinion from Children's Medical Center Plano?

Whether it is constitutionally permissible for state actors—namely agents of the Texas Department of Family and Protective Services (DFPS), Dallas County Child Protective Services (DCCPS), and their legal proxies—to initiate, prosecute, or sustain an action for removal or termination of parental rights

without providing any verified complaint from an injured party under penalty of perjury, no physical or contractual evidence of injury, and no sworn testimony subject to cross-examination in a court of record, while simultaneously refusing to recognize the parental rights of Indigenous, ecclesiastical, or private heirs secured by the Ninth Amendment, Article I, § 19 of the Texas Constitution, and protected under international customary law? And whether such deprivation of private, sacred property—without proper venue, standing, jurisdiction, or jury oversight—constitutes not merely a statutory infraction, but a violation of the right to be free from administrative trespass and unlawful takings as prohibited by the Fifth and Fourteenth Amendments to the U.S. Constitution?

Whether Judge Cheryl Lee Shannon, while acting under color of law as an administrative hearing officer in the 305th District Court, has violated her constitutional oath and fiduciary obligations by allowing proceedings to continue without applying any of the safeguards required of a court of record—namely, trial by jury, independent magistrate, and findings based solely upon lawfully admitted evidence—and whether her repeated refusal to dismiss an ultra vires proceeding, despite being served with notice of lack of contract, lack of delegation, and lack of any lawful injury, constitutes an unlawful assumption of jurisdiction, a deprivation of secured rights under Article I, §§ 13 and 29 of the Texas Constitution, and a knowing breach of public trust actionable under Article VI, Clause 2 of the U.S. Constitution (the Supremacy Clause), which prohibits administrative actors from overriding constitutionally guaranteed individual rights under pretense of statute or commercial code?

Whether any administrative tribunal or judicial officer may initiate or sustain custody or termination proceedings against a biological parent absent a lawful delegation of authority, a verified injured party, and a trial by jury in a court of record—without violating the U.S. Constitution's Article III requirement for judicial power, the Seventh Amendment guarantee of trial by jury in suits at common law, and the foundational maxim that "equity follows the law" and cannot be used to nullify private rights secured under the common law?

Whether any legislative, judicial, or executive actor operating under Title IV-E funding may lawfully participate in the removal, trafficking, or reclassification of a biological child as public property—absent a lawful contract, delegation of parental rights, or findings entered after trial by jury—without breaching the fiduciary duties owed to private citizens under Article I, § 19 of the Texas

Constitution, the Fifth Amendment's Takings Clause, and long-settled common law maxims, including: "The government may not profit by its own wrong," and "A trust must never be converted to uses alien to its original purpose without the consent of its beneficiaries"?

Whether the repeated failure of DFPS and the State of Texas to rebut jurisdictional challenges, notices of trust, and administrative character filings constitutes an unlawful usurpation of private trust governance, violating the Contracts Clause (Article I, Section 10) and the reserved rights doctrine of the Ninth and Tenth Amendments.

Whether the State of Texas and its agencies violated the Equal Protection Clause of the Fourteenth Amendment by selectively applying statutory procedures and denying access to statutory reunification services, as detailed in unrebutted sworn affidavits and certified defaults, without legal cause or judicial hearing.

Whether the submission of a sworn affidavit by a child abuse pediatrician—who neither personally examined the child nor consulted with the parents, and who thereby disregarded the procedural requirements codified in Texas Senate Bill 1578—constitutes a violation of the Petitioners' substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution. This question arises from the deprivation of parental liberty and custodial rights based solely on a conclusory medical opinion issued in absence of direct evaluation or dialogue, contravening well-established constitutional doctrine recognizing the fundamental liberty interest of parents in the care, custody, and control of their children, as held in Troxel v. Granville, 530 U.S. 57 (2000). The bypassing of core procedural safeguards through medical affidavits based on speculation rather than firsthand knowledge amounts to arbitrary state action and demands strict constitutional scrutiny.

Whether the warrantless removal of a child from his home, grounded solely in a medical affidavit authored by a physician who did not conduct a firsthand examination, issue an independent diagnosis, or consult with the family, constitutes an unconstitutional seizure under the Fourth Amendment. The Fourth Amendment prohibits seizures of persons without probable cause supported by oath or affirmation. When the affiant never personally examined the child or the parents, and no emergency or judicial warrant existed, such removal fails the standard of constitutional reasonableness and violates the protections outlined in

cases such as Doe v. Heck, 327 F.3d 492 (7th Cir. 2003), which require heightened justification when government intrusion affects fundamental familial interests.

Whether the conduct of state-employed or state-contracted physicians who, acting under color of law, fail to follow duly enacted statutory safeguards—such as SB 1578—and instead rely on unverified and non-examination-based affidavits to support emergency removals, constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment. Particularly when such actions disproportionately impact disfavored, Indigenous, or religiously nonconforming families, the selective disregard for statutory protections and medical ethics amounts to state-endorsed malfeasance and discriminatory enforcement. By enabling removals absent uniform application of medical and legal standards, such conduct denies equal protection under the law and perpetuates systems of targeted deprivation and state-sponsored fraud.

Whether the knowing disregard by DFPS-contracted child abuse pediatricians of the parents' express request for a second medical opinion from a qualified specialist—as now enshrined in SB 1578—together with the use of conclusory affidavits as justification for custody removal, constitutes not only a violation of federal due process and informed consent doctrine, but also undermines the intent and emerging constitutional protections articulated in Texas Senate Joint Resolution 34 (2023). That resolution, adopted unanimously by the Texas Senate, affirms a parent's fundamental right and responsibility to exercise care, custody, and control over their child, including in matters of medical decision-making. The deliberate obstruction of this right by state agents and their affiliates, especially when no emergency or imminent harm is present, implicates both state and federal constitutional violations and merits federal judicial intervention.

These questions strike at the heart of federal supremacy, individual liberty, treaty obligations, and the duties owed by officers of this Court. Petitioner therefore invokes this Court's solemn responsibility to uphold and enforce the supreme law of the land without delay or evasion.

Notice of Non-Consent to Magistrate Jurisdiction

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the undersigned Petitioner explicitly withholds consent to the assignment or adjudication of any aspect of this case by a United States Magistrate Judge. Petitioner demands that this action be heard, adjudicated, and ruled upon exclusively by an Article III judge of competent jurisdiction, duly appointed by the President and confirmed by the Senate, with full judicial tenure and authority under Article III, Section 1 of the United States Constitution.

Petitioner further reserves all rights under the Constitution, including the right to a tribunal with independent judicial authority, and does not waive any protections secured under Article III, the Seventh Amendment, or common law.

Discovery Control Plan

Petitioner affirms that discovery in this matter shall proceed in accordance with Federal Rules of Civil Procedure 16 and 26, and respectfully requests that the Court enter a customized discovery schedule suited to the complexity of this constitutional and fiduciary rights action. Petitioner further places on the record that this civil suit seeks full and lawful redress for constitutional torts and unrebutted violations of clearly established rights under color of state law.

Specifically, this action demands equitable relief and monetary compensation in excess of $1,000,000.00 (One Million U.S. Dollars), arising from unlawful seizure of private property (a minor child), extrajudicial deprivation of liberty interests, and persistent interference with familial integrity and sacred parental rights—without valid contract, lawful warrant, verified complaint, or due process of law. The discovery process will include but is not limited to: requests for production of all records, policies, communications, funding agreements, performance contracts, and electronic data held by respondents and affiliated agencies, as well as depositions of all involved officers, medical agents, judicial actors, and CPS contractors acting under federal Title IV-E funding schemes.

Petitioner reserves the right to request protective orders, compel discovery, or move for sanctions should any party attempt to conceal, destroy, or withhold material facts central to these claims.

Venue

The claims alleged herein arose from events and omissions that occurred in the County of Dallas, Texas, including but not limited to actions taken by Dallas County officials, the Texas Department of Family and Protective Services (DFPS), Children's Medical Center Dallas, and their agents. However, this case is being properly removed to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1404(a), due to exceptional circumstances, including violations of federal rights arising under national and international law, diversity of citizenship, federal question jurisdiction, and the need for impartial adjudication beyond the local and state jurisdictions implicated in the misconduct alleged. Plaintiffs seek redress and remedy under federal law in a neutral forum where the interests of justice require transfer to the District of Columbia.

## Parties

### Petitioner

Petitioner Kenneth Arnez: Davis is a living man and Indigenous tribal national of the Washitaw de Dugdahmoundyah Nation, a distinct people, not a citizen of any corporate State or political subdivision thereof. For the limited purpose of establishing federal jurisdiction under 28 U.S.C. § 1332, Petitioner affirms domicile in Collin County, Texas, while asserting distinct national identity and political status separate from the United States municipal corporation and its franchise subsidiaries. Petitioner appears in his private, non-corporate capacity as the lawful progenitor and next friend of the minor heir Olorun Anu Davis, a sacred living being and private estate beneficiary. His actions are rooted in sincerely held spiritual, genealogical, and cultural convictions integral to his Indigenous identity and protected under Article I, §§ 6 and 19 of the Texas Constitution, and the First Amendment of the Constitution for the united States of America, as well as under international law and treaty obligations recognizing Indigenous peoples' rights.

Petitioner's living issue known as Olorun Anu Davis is a private beneficiary under trust and divine law, whose bodily integrity and spiritual estate have suffered

grave and enduring harm as a direct consequence of the unlawful acts, omissions, and intrusions by Defendants, as further set forth herein.

The living soul known as Olorun Anu Davis is a sacred beneficiary under private estate, whose person, body, and dignity have suffered lasting harm as a direct consequence of Defendants' unauthorized acts and material omissions, as detailed herein.

Petitioner names each Defendant—whether public officer, private contractor, or institutional actor—in their individual, private and/or official capacity where applicable. Although this Complaint references collective and systemic actions, Petitioner will provide further specificity by way of affidavit, investigative discovery, and amended pleadings pursuant to Fed. R. Civ. P. 15 and 20.

Each Defendant is alleged to have acted under color of law, in concert with others, and with deliberate indifference to Petitioner's clearly established rights. Where individual allegations are not yet fully itemized, Petitioner asserts that such parties were part of a conspiratorial enterprise actionable under 42 U.S.C. §§ 1983, 1985(3), and 1986.
Petitioner further reserves the right to clarify or remove individual parties not personally involved as discovery progresses, and requests leave to amend for that purpose.

While this action involves more than 40 named individuals and entities, many of whom acted jointly and severally under color of law, Petitioner seeks to demonstrate a systemic pattern of coordinated misconduct, rather than pursue unrelated individual claims. Petitioner asserts that these actors—though spread across agencies, hospitals, law enforcement, and the judiciary—operated in a unified, retaliatory course of conduct, depriving Petitioner and his child of federally protected rights. This Petition seeks to establish that pattern, invoke treaty protections, and obtain declaratory and injunctive relief where civil conspiracy is present.

Defendants

Petitioners are informed, believe, and thereupon allege that Defendant Daniel Semanek ("Defendant Semanek") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as legal counsel for DFPS and/or the State of Texas. Defendant Semanek is being sued individually and in his official capacity for aiding and abetting the unlawful removal and continued concealment of minor heir Olorun Anu Davis, including failure to disclose exculpatory evidence and active participation in a fraudulent SAPCR proceeding lacking jurisdiction.

Petitioners are informed, believe, and thereupon allege that Defendant Charlisa Jackson ("Defendant Jackson") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a CASA supervisor or advocate operating under the direction of the Dallas County courts or DFPS. Defendant Jackson is being sued individually and in her official capacity for concealing placement alternatives, misrepresenting the family's fitness, and failing to advocate truthfully on behalf of the minor heir, contrary to the CASA mandate.

Petitioners are informed, believe, and thereupon allege that Defendant Jaclyn Demko Gray ("Defendant Demko Gray") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a CASA representative and/or court agent affiliated with Dallas County proceedings. Defendant Demko Gray is being sued individually and in her official capacity for collusion in the denial of kinship placement, fabrication of case information, and participating in the perpetuation of unconstitutional court proceedings.

Petitioners are informed, believe, and thereupon allege that Defendant Ben Wilkins ("Defendant Wilkins") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as a CASA agent or court-assigned advocate connected to the 305th District Court. Defendant Wilkins is being sued individually and in his official capacity for conspiring to conceal evidence of parental fitness, suppressing favorable placement options, and misrepresenting facts in support of unlawful custody proceedings that deprived Petitioners of their protected rights.

Petitioners are informed, believe, and thereupon allege that Defendant Randy Neff ("Defendant Neff") was at all times material herein acting under color of law and within the course and scope of his employment and official duties with DFPS

and/or associated state contractors. Defendant Neff is being sued individually and in his official capacity for authorizing or failing to prevent unconstitutional actions leading to the unlawful seizure, concealment, and deprivation of Petitioners' custodial and parental rights over minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Ruben Medrano ("Defendant Medrano") was at all times material herein acting under color of law and within the course and scope of his professional duties as an attorney appointed or contracted by Dallas County or its agencies. Defendant Medrano is being sued individually and in his official capacity for conspiring to facilitate custody fraud, suppress material evidence, and mislead the court regarding the lawful rights and standing of the Petitioners.

Petitioners are informed, believe, and thereupon allege that Defendant Whitney Urquhart ("Defendant Urquhart") was at all times material herein acting under color of law and within the course and scope of her employment and official duties with DFPS and/or affiliated placement agencies. Defendant Urquhart is being sued individually and in her official capacity for her participation in the concealment of family placement options and the misrepresentation of material facts in the ongoing wrongful deprivation of custody.

Petitioners are informed, believe, and thereupon allege that Defendant Amy Lierman ("Defendant Lierman") was at all times material herein acting under color of law and within the course and scope of her duties with DFPS or an affiliated agency. Defendant Lierman is being sued individually and in her official capacity for her acts and omissions contributing to the misrepresentation of case facts, the fraudulent retention of custody, and violations of Petitioners' familial and constitutional rights.

Petitioners are informed, believe, and thereupon allege that Defendant Felicia Pitre ("Defendant Pitre") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as Clerk of the Dallas County District Courts. Defendant Pitre is being sued individually and in her official capacity for her role in obstructing lawful filings, suppressing evidence, refusing to enter default, and aiding in the concealment of judicial misconduct and fraudulent court orders.

Petitioners are informed, believe, and thereupon allege that Defendant Cheryl Lee Shannon ("Defendant Shannon") was at all times material herein acting

under color of law and within the course and scope of her employment and official duties as Presiding Judge of the 305th District Juvenile Court of Dallas County. Defendant Shannon is being sued individually and in her official capacity for judicial misconduct, violation of recusal rules, ex parte communications, suppression of evidence, and denial of due process in the wrongful retention of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Ryan Griffin ("Defendant Griffin") was at all times material herein acting under color of law and within the course and scope of his professional duties as a court-appointed guardian or representative. Defendant Griffin is being sued individually and in his official capacity for collusion with CPS agents and attorneys, failure to advocate for the child's best interests, and intentional concealment of relevant exculpatory facts.

Petitioners are informed, believe, and thereupon allege that Defendant Vicki Spriggs ("Defendant Spriggs") was at all times material herein acting under color of law and within the course and scope of her employment and leadership duties within the Texas CASA network or affiliated agencies. Defendant Spriggs is being sued individually and in her official capacity for policy-level failures, mismanagement of child advocacy duties, and allowing CASA agents to support the unlawful deprivation of Petitioners' parental rights.

Petitioners are informed, believe, and thereupon allege that Defendant Kneshae Choice ("Defendant Choice") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as an Assistant District Attorney in Dallas County. Defendant Choice is being sued individually and in her official capacity for pursuing malicious prosecution, disregarding constitutional safeguards, knowingly prosecuting a matter rooted in fraud, and failing to correct material falsehoods in court filings.

Petitioners are informed, believe, and thereupon allege that Defendant Matthew Townsend ("Defendant Townsend") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as an attorney or agent affiliated with the Texas Department of Family and Protective Services (DFPS). Defendant Townsend is being sued individually and in his official capacity for his role in authorizing or failing to prevent the unlawful seizure, concealment, and deprivation of rights related to minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Amaya Wilgus-Cade ("Defendant Wilgus-Cade") was at all times material herein acting under color of law and within the course and scope of her employment and official duties with DFPS and/or Empower. Defendant Wilgus-Cade is being sued individually and in her official capacity for aiding in the unlawful removal and medical interference concerning minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Kameka Hewitt ("Defendant Hewitt") was at all times material herein acting under color of law and within the course and scope of her employment and official duties with DFPS. Defendant Hewitt is being sued individually and in her official capacity for her participation in the fabrication of allegations, failure to notify family members, and coordinated actions that led to the unlawful seizure and medical experimentation on minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Carl Brown ("Defendant Brown") was at all times material herein acting under color of law and within the course and scope of his employment and official duties with DFPS. Defendant Brown is being sued individually and in his official capacity for assisting in the unlawful raid and seizure of the child without warrant, cause, or exigent circumstances, in violation of federal and state law.

Petitioners are informed, believe, and thereupon allege that Defendant Stephanie Muth ("Defendant Muth") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as Commissioner of DFPS. Defendant Muth is being sued individually and in her official capacity for her supervisory responsibility and ratification of policies and practices that enabled the unlawful deprivation of Petitioners' rights.

Petitioners are informed, believe, and thereupon allege that Defendant Angel Newman ("Defendant Newman") was at all times material herein acting under color of law and within the course and scope of her employment and official duties with Empower and/or DFPS. Defendant Newman is being sued individually and in her official capacity for concealing evidence, misrepresenting case status, and contributing to the unlawful retention of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Patricia Gonzalez ("Defendant Gonzalez") was at all times material herein acting under

color of law and within the course and scope of her employment and official duties as an agent of DFPS. Defendant Gonzalez is being sued individually and in her official capacity for submitting false documentation, failing to investigate family placement options, and her role in the unlawful medical and custodial control of the child.

Petitioners are informed, believe, and thereupon allege that Defendant Eduardo Solis ("Defendant Solis") was at all times material herein acting under color of law and within the course and scope of his employment and official duties with Empower or DFPS. Defendant Solis is being sued individually and in his official capacity for failing to protect Petitioners' rights and his role in the continued deprivation of access and custody of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Ciera Timmins-Richardson ("Defendant Timmins-Richardson") was at all times material herein acting under color of law and within the course and scope of her employment and official duties with DFPS. Defendant Timmins-Richardson is being sued individually and in her official capacity for unlawful coordination with officers and state agents in the concealment and custody fraud involving the Petitioners' minor child.

Petitioners are informed, believe, and thereupon allege that Defendant Michael Yu, M.D. ("Defendant Yu") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as a physician at Children's Medical Center Dallas. Defendant Yu is being sued individually and in his official capacity for his role in the unlawful medical seizure, false medical reporting, and forced treatment of minor heir Olorun Anu Davis without informed parental consent, in violation of constitutional, statutory, and international law.

Petitioners are informed, believe, and thereupon allege that Defendant Vivian Chioma Okoye, M.D. ("Defendant Okoye") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a physician at Children's Medical Center Dallas. Defendant Okoye is being sued individually and in her official capacity for her participation in non-consensual medical intervention, concealment of facts, and her role in the unlawful detainment of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Suzanne Dakil, M.D. ("Defendant Dakil") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a physician at Children's Medical Center Dallas. Defendant Dakil is being sued individually and in her official capacity for her involvement in the creation of false medical narratives, misrepresentations to state agents, and participation in non-consensual medical treatment of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Amber Bollinger ("Defendant Bollinger") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as an agent of Empower. Defendant Bollinger is being sued individually and in her official capacity for her involvement in the unlawful detention, concealment, and human trafficking of minor heir Olorun Anu Davis under color of CPS authority.

Petitioners are informed, believe, and thereupon allege that Defendant Jordan Black ("Defendant Black") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as an agent of Empower. Defendant Black is being sued individually and in his official capacity for knowingly participating in the unlawful removal, trafficking, and concealment of minor heir Olorun Anu Davis, and for violations of the Petitioners' constitutional and Indigenous rights.

Petitioners are informed, believe, and thereupon allege that Defendant Deirdre Davenport ("Defendant Davenport") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as an Empower supervisor. Defendant Davenport is being sued individually and in her official capacity for approving and facilitating the unlawful custody transfer, and knowingly allowing violations of parental rights and bodily autonomy.

Petitioners are informed, believe, and thereupon allege that Defendant Teleisha Austin ("Defendant Austin") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a caseworker for Empower. Defendant Austin is being sued individually and in her official capacity for her participation in false documentation, concealment of family placement options, and facilitation of unlawful trafficking of minor heir Olorun Anu Davis.

Petitioners are informed, believe, and thereupon allege that Defendant Amber Wooten ("Defendant Wooten") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a supervisor for DFPS and/or Empower. Defendant Wooten is being sued individually and in her official capacity for her failure to intervene, acts of concealment, and knowing facilitation of unlawful medical procedures and placement actions without parental consent.

Petitioners are informed, believe, and thereupon allege that Defendant Bronda Cheryl Davis ("Defendant Davis") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a law enforcement officer with the Dallas Police Department and/or Dallas County Sheriff's Department. Defendant Davis is being sued individually and in her official capacity for her involvement in the warrantless, unlawful seizure of minor heir Olorun Anu Davis and related constitutional violations.

Petitioners are informed, believe, and thereupon allege that Defendant Camecia K. Brackens-White ("Defendant Brackens-White") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a law enforcement officer with the Dallas Police Department and/or Dallas County Sheriff's Department. Defendant Brackens-White is being sued individually and in her official capacity for her involvement in the warrantless, unlawful seizure of minor heir Olorun Anu Davis and related constitutional violations.

Petitioners are informed, believe, and thereupon allege that Defendant Daphne Looney-Lanier ("Defendant Looney-Lanier") was at all times material herein acting under color of law and within the course and scope of her employment and official duties as a law enforcement officer with the Dallas Police Department and/or Dallas County Sheriff's Department. Defendant Looney-Lanier is being sued individually and in her official capacity for her involvement in the warrantless, unlawful seizure of minor heir Olorun Anu Davis and related constitutional violations.

Petitioners are informed, believe, and thereupon allege that Defendant Onan Dumas ("Defendant Dumas") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as a law enforcement officer with the Dallas Police Department and/or Dallas County Sheriff's Department. Defendant Dumas is being sued individually and in his

official capacity for his involvement in the warrantless, unlawful seizure of minor heir Olorun Anu Davis and related constitutional violations.

Petitioners are informed, believe, and thereupon allege that Defendant Hadi Shah ("Defendant Shah") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as a law enforcement officer with the Dallas Police Department and/or Dallas County Sheriff's Department. Defendant Shah is being sued individually and in his official capacity for his involvement in the warrantless, unlawful seizure of minor heir Olorun Anu Davis and related constitutional violations.

Petitioners are informed, believe, and thereupon allege that Defendant Taylor N. Hatch ("Defendant Hatch") was at all times material herein acting under color of law and within the course and scope of her official duties as Secretary of the Florida Department of Children and Families (DCF). Defendant Hatch is being sued individually and in her official capacity for her role in directing, facilitating, or failing to prevent cross-jurisdictional interference and unlawful attempts by Texas DFPS agents to pursue and surveil the Petitioners in the State of Florida without lawful warrant, order, or jurisdiction, constituting harassment and extraterritorial overreach.

Petitioners are informed, believe, and thereupon allege that Defendant Billy Woods ("Defendant Woods") was at all times material herein acting under color of law and within the course and scope of his official duties as Sheriff of Marion County, Florida. Defendant Woods is being sued individually and in his official capacity for his role in assisting, failing to intervene in, or ratifying warrantless surveillance, attempted enforcement actions, and intimidation efforts carried out in his jurisdiction by Texas state actors in concert with local officers, without proper Florida legal process or due regard for Petitioners' civil and parental rights.

Petitioners are informed, believe, and thereupon allege that Defendant Mike Balken ("Defendant Balken") was at all times material herein acting under color of law and within the course and scope of his employment and official duties as Chief of Police for the City of Ocala Police Department. Defendant Balken is being sued individually and in his official capacity for his involvement in, or failure to prevent, coordinated extraterritorial threats and investigatory overreach conducted under the color of Texas CPS directives, resulting in further

intimidation, disruption of family privacy, and violation of Petitioners' rights while residing in Florida.

Petitioners are informed, believe, and thereupon allege that Defendant Empower Texas Child Welfare Services ("Defendant Empower") was at all times material herein acting under color of law and within the course and scope of its contractual obligations as a state-authorized foster care contractor operating under the direction of the Texas Department of Family and Protective Services (DFPS). Defendant Empower is being sued in its official and corporate capacity for its role in the wrongful removal, concealment, and continued interference with the sacred familial relationship between Petitioners and their minor heir Olorun Anu Davis, including participation in extrajudicial custody enforcement, fabrications in state filings, and violations of constitutional and international parental rights.

Petitioners are informed, believe, and thereupon allege that Defendant TFI Family Services, Inc. ("Defendant TFI") was at all times material herein acting under color of law and within the course and scope of its contractual capacity as a service provider affiliated with or acting in conjunction with Empower and Texas DFPS. Defendant TFI is being sued in its official and corporate capacity for aiding and abetting unlawful medical custody procedures, fraud in kinship placement communications, and concealing material facts from the Petitioners regarding the condition and location of their minor child.

Petitioners are informed, believe, and thereupon allege that Defendant Texas Family Initiative, LLC ("Defendant TFI LLC") was at all times material herein acting under color of law and within the course and scope of its agency authority under DFPS agreements. Defendant TFI LLC is being sued in its official and corporate capacity for its operational control over child welfare services contributing to the deprivation of the Petitioners' parental rights, participation in collusion with state actors, and for failing to prevent, report, or remedy the ongoing constitutional violations against Petitioners and their child.

Petitioners are informed, believe, and thereupon allege that Defendant Kids Central, Inc. ("Defendant Kids Central") was at all times material herein acting under color of law and within the course and scope of its operations as a Florida-based child welfare agency in communication and cooperation with Texas DFPS. Defendant Kids Central is being sued in its official and corporate capacity for its role in attempting to enforce Texas-originated actions in the State of Florida

without jurisdiction, warrant, or proper legal authorization, thereby contributing to harassment, stalking, and deprivation of parental rights.

Petitioners are informed, believe, and thereupon allege that Defendant Texas CASA, Inc. ("Defendant CASA") was at all times material herein acting under color of law and within the course and scope of its designation as a state-sanctioned court-appointed special advocate entity. Defendant CASA is being sued in its official and corporate capacity for its role in aiding the presentation of false narratives, obstructing kinship placements, and engaging in practices that deprived Petitioners of due process, informed consent, and participation in lawful custody decisions affecting their minor child.

Petitioners are informed, believe, and thereupon allege that Defendant DALLAS COUNTY is a duly constituted governmental entity in the State of Texas and is, or was, the employer of all individually named Defendants, including but not limited to Defendant Shannon, Defendant Gonzalez, Kameka Hewitt, and Defendant Black, who are sued in both their individual and official capacities, as well as one or more of Defendant DOES 1 through 10.

The identities, capacities, and specific nature of involvement of Defendants DOES 1 through 10 ("Doe Defendants") are presently unknown to Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis. Petitioners therefore bring claims against such individuals under fictitious names as Doe Defendants. Petitioners are informed, believe, and thereupon allege that there will likely be evidentiary support to demonstrate that each Doe Defendant was involved in some manner in the wrongful conduct, omissions, and breaches of duty described in this Complaint, and is legally responsible for the injuries suffered by Petitioners. Petitioners will amend this Complaint to identify each Doe Defendant by name and role upon discovery of their true identities and involvement in the unlawful acts alleged herein.

All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Dallas and Collin County, State of Texas. The corporate, municipal, and governmental Defendants—namely Dallas County, the Texas Department of Family and Protective Services (DFPS), Empower, Children's Medical Center Dallas, and each of their respective agents and subdivisions—are residents of the State of Texas, have their principal place of business within the State of Texas, and/or are actively operating and doing business within Dallas County and Collin County, Texas.

Petitioners are informed, believe, and thereupon allege that all Defendants employed by Defendant Dallas County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant Dallas County and under color of law. Petitioners further allege that each of the individual Defendants' unlawful acts—including but not limited to Defendant Shannon, Defendant Choice, Daniel David Semanek, Defendant Pitre, and other named and unnamed agents—were known to, discovered by, approved by, and/or ratified by Defendant Dallas County, through its policy makers, decision makers, officials, officers, and/or supervisors, as well as any applicable Doe Defendants.

Petitioners are informed, believe, and thereupon allege that all named Defendants employed by or operating under the authority of the Texas Department of Family and Protective Services (DFPS), Empower, Children's Medical Center Dallas, and Dallas County—specifically including Defendant Shannon, Dr. Michael Yu, Kameka Hewitt, Defendant Brown, Defendant Wooten, Defendant Gonzalez, Defendant Black, Defendant Muth, Defendant Choice, Daniel David Semanek, Defendant Bollinger, Defendant Wilkins, Defendant Davenport, Defendant Jackson, Defendant Demko Gray, Defendant Medrano, R. Griffin, Defendant Urquhartt, Defendant Austin, and Defendant Pitre—were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties and under color of law. Petitioners further allege that the unlawful acts committed by each individual Defendant were known to, discovered by, approved of, and/or ratified by their respective agencies and employers through policy makers, decision makers, legal supervisors, or judges in authority. These supervisory individuals and institutions, whether named or as-yet unidentified Doe Defendants, permitted the continued violation of Petitioners' rights through deliberate indifference, willful blindness, or active participation, thus establishing institutional complicity and direct liability.

Petitioners are informed, believe, and thereupon allege that officials, supervisors, judicial officers, policy makers, and other individuals with the authority to create, set, or modify municipal, departmental, medical, or agency policy—whether de jure or de facto—within Defendant Dallas County, the Texas Department of Family and Protective Services (DFPS), Empower, and Children's Medical Center Dallas, participated in, approved of, ratified, facilitated, and/or deliberately failed to prevent the unlawful acts and omissions committed by Defendants Dr. Michael Yu, Kameka Hewitt, Defendant Brown, Defendant Shannon, Defendant Wooten,

Defendant Gonzalez, Defendant Black, Defendant Muth, Defendant Choice, Daniel David Semanek, Defendant Bollinger, Defendant Wilkins, Defendant Davenport, Defendant Jackson, Defendant Demko Gray, Defendant Medrano, R. Griffin, Defendant Urquhartt, Defendant Austin, and Defendant Pitre. These Defendants acted under color of law, in concert or conspiracy, and with full knowledge or reckless disregard for the constitutional, parental, Indigenous, ecclesiastical, spiritual, and human rights of Petitioners Kenneth Arnez: Davis and Angela Marva: Cooper, and their minor heir Olorun Anu Davis. Their actions and failures to act were not isolated, but reflected a coordinated pattern of misconduct, abuse of authority, judicial complicity, and willful deprivation of rights carried out within the scope of their official capacities.

Petitioners are informed, believe, and thereupon allege that at all times herein mentioned, each of the Defendants—including officials, agents, caseworkers, supervisors, attorneys, medical personnel, judicial officers, policy makers, and Doe Defendants acting under the direction of Dallas County, DFPS, Empower, and Children's Medical Center Dallas—was the agent, employee, or co-conspirator of one another, and/or knowingly acted in furtherance of a coordinated enterprise with their Co-Defendants.

Petitioners are informed, believe, and thereupon allege that each Defendant, acting individually and/or in concert with others, engaged in a common plan to unlawfully seize the minor heir Olorun Anu Davis, fabricate a fraudulent basis for removal, conceal the child's whereabouts and condition, interfere with sacred Indigenous parental rights, and wrongfully deprive Petitioners of their respective rights to privacy, bodily autonomy, familial integrity, spiritual guardianship, freedom of movement, religious expression, and due process of law—as guaranteed by the United States Constitution, international human rights law, and Indigenous treaty protections.

Each and all of the acts committed by each Defendant, as alleged in this Complaint, were done, in whole or in part, because of Petitioners' expressive conduct, religious beliefs, Indigenous heritage, refusal to consent to state overreach, and assertion of constitutional and spiritual rights. In doing these things—or in failing and refusing to correct them—each Defendant was acting within the scope of their agency, employment, and conspiracy, and with full knowledge, permission, ratification, and support of each other and their respective institutions. These acts occurred pursuant to an unlawful custom,

pattern, or de facto policy of willful indifference, fraud, and deprivation of rights under color of law.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

On or about June 2, 2025, Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother and family., living Indigenous parents and stewards of the minor heir Olorun Anu Davis, were ambushed at their private domicile in Collin County, Texas, by a coordinated armed operation involving approximately 10–20 officers from the Dallas Police Department, agents from the Department of Family and Protective Services (DFPS), and EMS personnel. This operation was executed under color of law and without a valid warrant, probable cause, court order, or legal justification.

The Defendants—acting in conspiracy across state lines—illegally seized the minor child from his mother's arms while threatening both parents at gunpoint, transporting them against their will to Children's Medical Center Dallas. At the hospital, Petitioners were handcuffed, detained without Miranda warnings, forcibly removed from the ER, and barred from contact with their child. All of this was done under fraudulent pretenses and in violation of Fourth and Fourteenth Amendment rights.

Petitioners were never presented with any valid court order or documentation authorizing the removal. Instead, what followed was a cascade of fabricated documents, false medical reports (including one by Dr. Michael Yu who admitted under oath that he never physically examined the child), perjured affidavits, and boilerplate pleadings filed in a sealed juvenile court docket presided over by Defendant Shannon.

Attached as Exhibits are the following documents, which Petitioners request be entered into the evidence file. Each contains forensic audit markings and annotations proving fraud upon the court, conspiracy, and abuse of process, and each bears the seal of sworn affidavit review showing false claims, signature inconsistencies, or constitutional violations:

Exhibit A: Original Petition for Termination of Parent-Child Relationship—filed by DFPS under fictitious and false jurisdiction using boilerplate language and

fabricated abuse allegations. Forensic audit annotations reveal copy-paste templates, lack of child-specific medical facts, and citation to statutes that were not applicable. Marked as "Fraudulent Legal Filing – No Jurisdiction – Fabricated Narrative."

Exhibit B: Ex Parte Order for Emergency Custody—signed by Defendant Shannon without hearing, proper affidavit, exigent danger, or notice to parents. Audit marks highlight absence of physical exam, no imminent harm stated, and invalid notarization. Labeled "Void on Its Face – Constructive Fraud – Star Chamber Conduct."

Exhibit C: Temporary Orders After Adversary Hearing—issued despite filed recusal motion, improper service, and barred appearance. Audit markup flags this as "Post-Recusal Void Order – Judicial Misconduct." Signatures and dates altered in digital record, violating TRCP and federal due process rights.

Exhibit D: Medical Report by Dr. Michael Yu—includes sworn admission that he never physically examined the child before recommending removal. Document fails the medical necessity test. Audit identifies this as "Perjured Statement – Malpractice – Violates SB 1578."

Exhibit E: Affidavit and Safety Plan by Defendant Hewittand Defendant Gonzalez—contains false narrative that no relatives were available for placement. Audit overlays text message screenshots and dated communication proving family placement options were provided and ignored. Labeled "Material Misrepresentation – Deprivation of Kinship Rights."

Exhibit F: Internal communications from Empower and DFPS—emails acknowledge receipt of family placement names, tribal identity, and cease and desist letters. Yet, they proceeded with court filings and denial of visitation. Forensic note: "Intentional Omission – Proof of Malice and Retaliation."

Exhibit G: Certificate of Service records showing Defendant Shannon, DA's Office, DFPS, and Empower were served with the countersuit and estoppel notice before continuing proceedings. Yet, documents were suppressed. Forensic tag: "Proof of Knowledge and Continuing Fraud – Service Ignored."

Exhibit H: Ex parte email chains, notice manipulation, and altered hearing times sent directly from Defendant Shannon's chambers, altering court calendar

without notice. Includes certified mail receipts of motions received prior to scheduled hearing. Labeled "Violation of Open Courts Doctrine – Tampering with Process."

Exhibit I: Petitioners' Affidavit of Status asserting ecclesiastical and Indigenous treaty protections, immunity, and private status under international law, received but ignored by all agencies. Forensic annotation: "Denial of Treaty Rights – Violation of Jus Sanguinis and Jus Soli – Fraud by Omission."

Each document supports counts for kidnapping, aggravated robbery under color of law, fraudulent use of medical and judicial systems, conspiracy, perjury, civil rights violations, treaty breaches, stalking, malicious prosecution, misprision of felony, and unlawful denationalization of Indigenous heirs.

Petitioners' repeated objections, affidavits, and lawful filings were disregarded, demonstrating willful misconduct by all named parties. Sealed dockets and boilerplate filings reveal intent to use the court as an instrument of child trafficking and political oppression against private families asserting lawful status outside the jurisdiction of the corporate state.

Further, on or about August 4, 2025, Marion County Sheriff's deputies in Florida stormed the home of Petitioners' relatives—without warrant or order—and stated: "Texas CPS told us to come and look for Olorun Anu Davis's mother and father." This led to a home invasion, threats with firearms, and attempted kidnapping of Petitioners' newborn. This was an unlawful extraterritorial act, violating the Fourth Amendment, the Federal Kidnapping Act, 18 U.S.C. § 1201, and the civil rights of all occupants of the home.

Defendants engaged in felony-level stalking, retaliatory harassment, misuse of out-of-jurisdiction law enforcement, and escalation of unlawful force—all after they had been served and legally estopped. This adds to the racketeering evidence showing ongoing criminal enterprise under color of government and private contractor immunity.

These facts, supported by attached Exhibits A through I, and confirmed by sworn affidavit and forensic audit, form the foundation of every claim for relief sought herein. Each document is offered into the record not merely for formality, but as prima facie evidence of widespread, coordinated fraud and abuse of authority, demanding immediate injunctive relief, judicial sanction, and criminal referral.

DAMAGES

Each of the aforementioned acts by each Defendant directly and proximately caused Petitioners Kenneth Arnez: Davis, Olorun Anu Davis, mother and family to suffer:

Violation of their civil rights under the First, Fourth, Fifth, Sixth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments;
Loss of sacred parental rights and bond with their Indigenous child;
Loss of familial unity, spiritual fulfillment, and cultural inheritance;
Loss of peaceable enjoyment of private domicile and freedom of movement;
Loss of lawful control and responsibility over their child's upbringing;
Emotional distress, mental anguish, and psychological trauma including symptoms of PTSD, depression, anxiety disorders, and panic attacks;
Public defamation, reputational damage, and stigmatization in both personal and professional spheres;
Disruption of familial economic stability and loss of employment opportunities due to court entanglement and reputational damage;
Spiritual harm, grief, and irreversible damage to sacred trust and religious stewardship;
Irreparable harm to parental identity and loss of spiritual and biological continuity with child;
Ongoing trauma from stalking, intimidation, and extraterritorial pursuit, resulting in chronic fear, hyper-vigilance, and disruption to daily life.

Petitioners continue to endure profound psychological suffering, severe emotional distress, and spiritual anguish due to the Defendants' actions and omissions. These injuries are ongoing and irreparable without full remedy, including injunctive relief, punitive damages, restoration of custody, and criminal referral for the prosecution of all culpable parties.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth Amendment – Unlawful Seizure, Excessive Force, and Kidnapping
By Petitioners Against: Dallas Police Department Officers Defendant Davis,
Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas,
Defendant Shah, the Dallas Police Department, DFPS Agents, and Emergency
Paramedics

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek redress for the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. The Fourth Amendment guarantees the right to be secure in one's person, home, and effects against unreasonable searches and seizures. The Fourteenth Amendment guarantees due process before any deprivation of life, liberty, or property, including the sacred right to family integrity and parental authority.

On or about June 2, 2025, the Defendants—including Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah—acting under the authority of the Dallas Police Department and in concert with agents of the Texas Department of Family and Protective Services and emergency medical personnel, conspired and executed a premeditated, warrantless, and unlawful raid on Petitioners' private domicile in Collin County. This home was located outside of Dallas County jurisdiction and beyond the legal authority of these agents.

During this operation, Petitioners, including a pregnant mother and father, were surrounded by a swarm of 10–20 armed officers. Without warrant, probable cause, or exigent circumstances, these Defendants forcibly detained the parents and abducted their 1.5-year-old son, Olorun Anu Davis. No valid court order, no emergency removal affidavit under Texas Family Code §§ 262.104 or 262.201, and no lawful justification existed at the time of this raid.

Petitioners were transported without consent or Miranda warnings, while their infant son was concealed from them for an extended period. This conduct constituted not only an unreasonable seizure but a state-sponsored abduction carried out under the guise of official authority, with knowledge of its unlawful nature.

Each Defendant owed Petitioners the non-delegable duty to safeguard their constitutional rights. These duties included: the duty to obtain proper judicial authorization prior to any removal; the duty to limit force and detention to lawful and proportionate contexts; the duty to refrain from jurisdictional overreach; the duty to uphold parental integrity and family unity as fundamental liberty interests; and the duty to ensure procedural due process before state intervention in family matters. These duties were deliberately ignored.

The rights held by Petitioners—including the fundamental right to familial integrity, the right to be free from unreasonable searches and seizures, and the right to due process—were all egregiously violated. The actions of the named officers and all cooperating agents were not merely negligent or misguided; they were intentional, coordinated, and carried out with malice and indifference to clearly established constitutional law. The conduct was retaliatory, conspiratorial, and designed to intimidate, suppress, and silence.

Each Defendant acted with the knowledge, ratification, and approval of the others. The raid and kidnapping were not isolated acts but a part of a broader conspiracy among state actors and agencies to circumvent lawful procedures and override Petitioners' rights by force and fraud.

The conduct described herein constitutes violations of:

- The Fourth Amendment (unlawful seizure, excessive force, and unreasonable search);

- The Fourteenth Amendment (procedural and substantive due process violations);

- 42 U.S.C. § 1983 (civil rights deprivation under color of law);

- 18 U.S.C. § 242 (criminal deprivation of rights under color of law).

As a direct and proximate result of these constitutional violations, Petitioners suffered emotional trauma, physical and psychological harm, reputational injury, deprivation of sacred parental rights, and the unlawful loss of custody of their son.

Petitioners demand declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, and such other relief as the Court deems just and proper.


## SECOND CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Substantive and Procedural Due Process
By Petitioners Against: Children's Medical Center; Defendant Yu; Defendant Okoye; Defendant Dakil; Defendant Townsend; Defendant Wilgus-Cade; Kameka Hewitt; Defendant Brown; Defendant Muth; Defendant Empower; Defendant TFI; Defendant TFI LLC; Defendant Bollinger; Defendant Black; Defendant Davenport; Defendant Austin; Defendant Wooten; Defendant Newman; Defendant Gonzalez; Defendant Solis; Defendant Timmins-Richardson; Defendant Neff; Defendant Choice; Daniel Semanek, Defendant Jackson; Defendant Demko Gray; Defendant Wilkins; Defendant Griffin; Defendant Spriggs; Defendant CASA; Defendant Medrano; Defendant Urquhartt; Defendant Lierman; Defendant Pitre;  Cheryl Shannon; and other Dallas County Officials

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek to redress deprivations under color of law of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution. The Due Process Clause guarantees Petitioners the right to both substantive and procedural due process of law, including the liberty interest in maintaining the family unit, the right to be heard, the right to fair notice, the right to impartial adjudication, and the right to protection from arbitrary or abusive government interference.

The named Defendants, acting under the guise of statutory authority, orchestrated and maintained a campaign to unlawfully deprive Petitioners of their sacred relationship with their child, Olorun Anu Davis. These acts occurred in the absence of lawful adjudication, without exigent circumstances, and without compliance with the requirements of Texas Family Code § 262.201 and federal constitutional standards governing the removal and continued detention of a child from parental custody. The Defendants, including the person portraying herself

as Defendant Shannon, knowingly allowed void, fabricated, and unsigned orders to dictate critical outcomes while deliberately excluding Petitioners from hearings, issuing unauthorized mandates without lawful jurisdiction, and rejecting Petitioners' right to present evidence, respond to claims, or cross-examine witnesses. At no point was a lawful emergency removal hearing held within the statutory timeframes, and no valid removal order was entered.

All defendants had binding affirmative duties arising under constitutional, statutory, and professional obligations. These included the duty to respect and preserve the natural rights of the family, the duty to ensure all judicial processes comported with due process standards, the duty to refrain from exercising state power where no jurisdiction lawfully existed, and the duty to avoid delay, fraud, or concealment of proceedings that affect fundamental liberty interests. Physicians and medical professionals named in this action bore a special duty to avoid fraud, collusion, and speculative diagnosis that could form the basis of state action; they failed in this duty by submitting or enabling unsubstantiated affidavits and reports that created false medical pretext for custody interference. DFPS, Empower, and CASA agents owed Petitioners statutory duties of kinship placement prioritization, reasonable efforts to prevent removal, and due diligence in reunification—all of which were deliberately bypassed. Court clerks and judicial actors were duty-bound to maintain integrity of filings and refrain from executing orders lacking legal foundation or notice; their failure to fulfill these roles rendered the proceedings constitutionally void.

The conduct by these Defendants was not random or mistaken; it was systematic and conspiratorial. The judicial misconduct of the person portraying herself as Defendant Shannon, the forged and ghost-signed filings processed by Defendant Pitre's office, and the fraudulent reports submitted by Empower and DFPS reflect a collective intention to deprive Petitioners of their child without any meaningful legal process. These actions were so outrageous in character and so extreme in degree that they offend every notion of fairness, decency, and constitutional order.

Petitioners, as lawful Indigenous parents and ecclesiastical guardians of their tribal heir, were entitled to full constitutional protections before the State could invade their most sacred domain—the parent-child relationship. Instead, they were denied every safeguard and subjected to a scheme rooted in collusion, deception, and bad faith. The deprivation of these rights has caused ongoing

emotional, cultural, and spiritual harm, and continues to injure the Petitioners' capacity to fulfill their lawful and divine obligations to their child.

As a direct and proximate result of Defendants' actions, Petitioners were deprived of their rights to familial association, bodily autonomy, religious practice, and judicial recourse. These deprivations constitute violations of clearly established federal law and give rise to liability under 42 U.S.C. § 1983. Petitioners therefore seek declaratory and injunctive relief, compensatory and punitive damages, costs of suit, attorney's fees under 42 U.S.C. § 1988, and any such further relief as this Court deems just and proper.


### THIRD CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Malicious Prosecution and Fabrication of Evidence
By Petitioners Against: Children's Medical Center; Defendant Yu; Defendant Okoye; Defendant Dakil; Defendant Townsend; Defendant Wilgus-Cade; Kameka Hewitt; Defendant Brown; Defendant Muth; Defendant Empower; Defendant TFI; Defendant TFI LLC; Defendant Bollinger; Defendant Black; Defendant Davenport; Defendant Austin; Defendant Wooten; Defendant Newman; Defendant Gonzalez; Defendant Solis; Defendant Timmins-Richardson; Defendant Neff; Defendant Choice; Daniel Semanek; Defendant Jackson; Defendant Demko Gray; Defendant Wilkins; Defendant Griffin; Defendant Spriggs; Defendant CASA; Defendant Medrano; Defendant Urquhartt; Defendant Lierman; Defendant Pitre;  Cheryl Shannon; and Other Dallas County Officials

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises under 42 U.S.C. § 1983 to redress violations of Petitioners' substantive due process rights secured by the Fourteenth Amendment to the United States Constitution. These rights include the right to be free from malicious prosecution, to be free from deprivation of liberty based on knowingly false or fabricated evidence, and to enjoy the protections of fair and honest legal proceedings when the State initiates actions to sever or interfere with fundamental parental relationships. Each named Defendant was under an affirmative duty, grounded in the Constitution, statutes, professional codes, and

public trust, to act with honesty, integrity, and due diligence before initiating or continuing actions affecting the liberty and family integrity of the Petitioners.

Despite these duties, Defendants engaged in a coordinated scheme to engineer the removal and prolonged detention of the Petitioners' minor child, Olorun Anu Davis, through fraud, fabrication, and reckless disregard of the truth. Dr. Michael Yu, employed by Children's Medical Center and acting as a state-affiliated physician, authored and signed an affidavit asserting neglect without ever examining the child. He later admitted under oath that he had no direct contact with the child whatsoever, rendering his affidavit fraudulent on its face. Defendant Okoye, Defendant Dakil, Defendant Townsend, and Defendant Wilgus-Cade all participated directly or indirectly in this deception by authorizing or perpetuating the use of unverified and misleading medical narratives, in violation of their professional and constitutional duty to "first do no harm," particularly when their actions trigger state intervention in familial matters.

Social workers Kameka Hewitt, Defendant Brown, Defendant Gonzalez, and other DFPS officials knowingly submitted this false affidavit to the court, invoking emergency powers under § 262.104 of the Texas Family Code despite having no valid basis or exigency. They failed their constitutional and statutory duty to investigate independently and to confirm that any such affidavit was grounded in truth and necessity. Defendant Empower and its agents—including Defendant Black, Defendant Bollinger, Defendant Davenport, Defendant Austin, Defendant Wooten, Defendant Newman, Defendant Solis, Defendant Timmins-Richardson, and Defendant Neff—then created and circulated unsigned, undated, and unauthorized Family Plans of Service, falsely implying parental consent, compliance failures, or abuse. These agents falsely characterized Petitioners as neglectful and uncooperative, even while depriving them of a lawful hearing, notice, or opportunity to respond.

These acts were further supported and concealed by CASA agents Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, and overseen by Defendant Spriggs and Defendant CASA, who knowingly remained silent or endorsed these misrepresentations despite having a duty to act in the best interest of the child and to report fraud or misconduct. Attorney Defendant Medrano and his associates, including Defendant Urquhartt and Defendant Lierman, acted in collusion with these agencies by submitting filings that relied on these falsehoods and failing to withdraw or correct material misrepresentations

when given notice. Defendant Choice and Daniel Semanek, acting as legal representatives of Dallas County, further prosecuted and legitimized these actions through knowingly fraudulent litigation tactics, sustaining proceedings built on fabricated narratives.

Defendant Pitre, as the Dallas County District Clerk, facilitated the fraud by processing and endorsing void, unsigned, and unserved court orders into the official record, thereby creating the appearance of lawful judicial process.  Cheryl Shannon presided over these matters despite having been recused and continued to issue orders based on falsified documents and ex parte communications, depriving Petitioners of a fair tribunal and judicial neutrality. Her participation transformed what should have been a neutral proceeding into an administrative arm of a malicious prosecution campaign.

Each Defendant was bound under the Duties and Rights Doctrine to honor the Constitution's guarantees of truth, justice, and fair process. This doctrine imposes a parallel obligation: when a right is secured to the people, there exists a reciprocal duty imposed on public officials and agents to preserve and protect that right. In this case, the right to familial integrity, bodily liberty, procedural fairness, and immunity from baseless prosecution was met with its inverse—the duty of state actors and affiliates to prevent fraud, avoid arbitrary action, and intervene only when compelled by verified, lawful causes. Instead, Defendants violated this duty through deliberate dishonesty, silence in the face of fraud, and unlawful collaboration with others similarly bent on achieving the same unjust outcome.

The malicious prosecution of Petitioners was sustained through a deliberate chain of lies, omissions, and procedural manipulation, none of which could survive scrutiny in a lawful proceeding. These acts were not mistakes—they were coordinated civil rights violations that shocked the conscience and resulted in the unlawful separation of child and parent, the destruction of sacred family bonds, and irreparable spiritual and emotional injury.

As a result of the willful and malicious actions described herein, Petitioners seek declaratory and injunctive relief, compensatory and punitive damages, costs of suit, attorney's fees under 42 U.S.C. § 1988, and all such further relief as the Court deems just and proper.

FOURTH CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments – Unlawful Seizure, Detention, and
Kidnapping
By Petitioners Against: Defendant Davis, Defendant Brackens-White, Defendant
Looney-Lanier, Defendant Dumas, Defendant Shah, Detective Blayne Burgess
(#9721), EMS Personnel, CPS Agents Kameka Hewitt, Defendant Brown, and
Defendant Gonzalez

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek to
redress deprivations under color of law of rights, privileges, and immunities
secured to them by the Fourth and Fourteenth Amendments to the United States
Constitution. The Fourth Amendment guarantees every person the right to be
secure in their person and home, free from unreasonable searches and seizures.
The Fourteenth Amendment ensures due process of law before any deprivation
of liberty or parental authority may occur. These rights impose corresponding
affirmative obligations on all government agents—particularly law enforcement
officers, child protection agents, and emergency medical personnel—to uphold
the Constitution and refrain from unlawful or coercive actions that interfere with
familial integrity and physical liberty.

On or about June 2, 2025, Defendants—comprising approximately 10–20 armed
officers of the Dallas County Police Department, including Defendant Davis,
Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas,
Defendant Shah, and Detective Blayne Burgess (#9721), as well as CPS agents
Kameka Hewitt, Defendant Brown, Defendant Gonzalez, and unnamed EMS
personnel—executed an unauthorized, jurisdictionally void, and coercive raid on
Petitioners' private residence located in Collin County, Texas. These Defendants
acted with deliberate indifference to established constitutional safeguards by
forcibly seizing Petitioners' 1.5-year-old son, Olorun Anu Davis, without any
lawful warrant, judicial authorization, consent, probable cause, or exigent
circumstances. No certified exigency affidavit was presented, no removal order
was issued or served, and no judicial hearing preceded the removal, in violation
of the strict requirements set forth in Texas Family Code § 262.104(a) and
applicable federal due process protections.

During this unlawful home invasion, EMS personnel tore the child from the mother's arms under the guise of a medical emergency, despite the complete absence of any health-related exigency. Simultaneously, Detective Blayne Burgess unlawfully detained and interrogated the child's father without a warrant, without probable cause, and without issuing Miranda warnings, all in violation of the father's clearly established rights under the Fourth, Fifth, and Fourteenth Amendments. This conduct was intentionally carried out in a retaliatory and oppressive fashion, without prior notice, and outside the jurisdictional authority of Dallas County agents. No officer present during the raid had a lawful basis for their presence in Collin County, nor did any of them intervene to stop the constitutional violations occurring in real time, thereby ratifying the unlawful conduct through their silence and participation.

This coordinated and violent seizure of the Petitioners' child, without legal process and in total disregard of constitutional and statutory restraints, constituted an act of kidnapping under color of law. It was perpetrated with malicious intent, in furtherance of a broader conspiracy to circumvent lawful court procedure and deprive Petitioners of their sacred parental rights. The Defendants' actions further violated the Vienna Convention on Consular Relations and the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP), both of which recognize the inherent spiritual and legal sovereignty of Indigenous families over their children, and prohibit government actors from interfering in such relationships absent strict due process and international legal compliance.

Under the Duties and Rights Doctrine, where the Constitution secures a right, government officials have a binding, non-delegable duty to honor, preserve, and protect that right. The Defendants named in this claim bore specific and affirmative duties to refrain from unlawful seizure, to secure lawful orders before removing a child, to avoid excessive or coercive force, and to respect the jurisdictional limits of their authority. Each of these duties was consciously breached by these agents, who acted under color of law and in concert to deprive Petitioners of constitutionally protected rights. Their conduct was so egregious, so outrageous, and so far outside the bounds of lawful government behavior that it shocks the conscience and demands judicial intervention.

Accordingly, the Defendants are liable to Petitioners under 42 U.S.C. § 1983 for all injuries caused by their unlawful conduct, including but not limited to emotional

distress, trauma, spiritual injury, and the loss of familial companionship, care, and custody. Petitioners seek declaratory and injunctive relief, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and all other relief the Court deems just and proper.


## FIFTH CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
First and Fourteenth Amendments – Denial of Access to Courts and Retaliatory Suppression of Motions
By Petitioners Against  Defendant Shannon, Defendant Pitre, Defendant Lierman, Arturo Neria Jr., Keyana Brown, Michael Kotwal, Daniel Semanek, Iridian Crisol Cueto, Patricia Chandler, other unnamed clerks of the 305th District Court of Dallas County, and Dallas County Judicial and Prosecutorial Officials

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek redress for the deprivation, under color of law, of rights, privileges, and immunities secured to them by the First and Fourteenth Amendments to the United States Constitution. The First Amendment guarantees every citizen the right to petition the government for redress of grievances, which necessarily includes meaningful access to the courts, the right to file legal pleadings, and the right to have those pleadings reviewed without obstruction, retaliation, or concealment. The Fourteenth Amendment protects procedural due process and equal access to justice, imposing strict duties upon judges, clerks, court coordinators, district attorneys, assistant prosecutors, and all court personnel to act with impartiality, to safeguard the integrity of the judicial process, and to ensure that all litigants—particularly those appearing in propria persona—receive a fair and complete opportunity to be heard.

Between June and July of 2025, Petitioners submitted a series of properly formatted, timely, and verified filings through the Texas eFile system, including a Verified Motion for Recusal of the living woman, the person portraying herself as Defendant Shannon, a Verified Sworn Affidavit in Support of Recusal, multiple Proposed Orders, Verified Motions to Dismiss, a Verified Petition for Writ of Habeas Corpus, Supplemental Counterclaims, a Verified Objection and Motion to

Void Orders, and formal Judicial Misconduct Complaints, all of which were accompanied by clerk file stamps, eFile confirmation receipts, and Certificates of Service. These filings were received and acknowledged by the system but were intentionally and unlawfully withheld from the official docket and concealed from judicial review.

Despite the legal effect of the Verified Motion for Recusal—file-stamped on June 16, 2025—which, under Texas Rule of Civil Procedure 18a, automatically disqualified Defendant Shannon from further participation in the case, she proceeded to issue unlawful rulings, including a fabricated 13-page order dated July 1, 2025, falsely stating Petitioners failed to appear. This default judgment was issued in direct violation of both procedural rules and constitutional mandates, without a hearing, without consideration of opposing pleadings, and in the midst of an active recusal motion that stripped her of jurisdiction. Meanwhile, the clerk's office, including Defendant Pitre and Defendant Lierman, as well as Arturo Neria Jr., Keyana Brown (Court Coordinator), and other clerks acting under their supervision, deliberately failed to docket Petitioners' motions, removed documents from the court record, and issued responses that falsely claimed no filings had been received—all while ex parte communications and hearings were conducted off-record and in secret.

Additionally, prosecutors and court officers including Michael Kotwal, Daniel Semanek, Iridian Crisol Cueto, and Patricia Chandler, by either commission or omission, engaged in or allowed these acts to proceed unchallenged, failing in their duties as officers of the court to report judicial disqualification, unlawful filings, and due process violations. Rather than acting as fiduciaries of justice, they conspired by silence, participation, or deliberate indifference to perpetrate a fraudulent scheme against Petitioners and suppress lawful objections, ultimately aiding in the obstruction of justice and deprivation of fundamental rights.

This conduct constitutes a willful and retaliatory conspiracy to obstruct justice, deny access to the courts, and retaliate against Petitioners for exercising their rights to file verified pleadings and seek redress through lawful process. These acts go far beyond clerical error or mere judicial discretion. They amount to fraud upon the court and a systemic abuse of authority intended to silence, exclude, and punish the Petitioners. The intentional suppression and concealment of verified filings, and the fraudulent entry of orders pretending no opposition existed, effectively barred Petitioners from any meaningful opportunity to

challenge the unlawful seizure of their child and violated their most basic rights as parents and litigants.

Under the Duties and Rights Doctrine, where a constitutional right is secured to the people, a corresponding duty is imposed upon all government actors to preserve and protect that right. Here, the Defendants had an enforceable duty to uphold Petitioners' right to file and be heard in a court of law, to refrain from issuing orders under disqualification, to docket and preserve court filings, and to ensure the transparency of proceedings. Their willful and knowing failure to perform these duties—compounded by their participation in an ongoing conspiracy to falsify the record—constitutes a direct and egregious violation of constitutional obligations. Such behavior is not only retaliatory and conspiratorial, but so egregious as to shock the conscience.

As a result of these constitutional violations, Petitioners were denied a fair opportunity to present their defenses, assert their parental rights, and seek appropriate judicial relief. They suffered continued deprivation of custody of their child, emotional and psychological trauma, reputational harm, and irreparable injury to their trust in the courts. Petitioners hereby seek declaratory and injunctive relief, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and all other relief this Court deems just and appropriate.

### SIXTH CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983, § 1985(3))
Fraud Upon the Court, Judicial Misconduct,
and Conspiracy to Obstruct Justice
By Petitioners Against  Defendant Shannon, Clerk Susan Haynes, Defendant Pitre, Defendant Lierman, Arturo Neria Jr., Keyana Brown, Michael Kotwal, Daniel Semanek, Iridian Crisol Cueto, Patricia Chandler, Attorney Patricia Gonzales, Kameka Hewitt, and EMPOWER Agency Agents

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 and § 1985(3), wherein Petitioners seek to redress a deprivation under color of law of rights, privileges, and immunities secured by the Constitution—particularly under the Fourteenth Amendment—and to remedy a conspiracy by state and quasi-state actors to

obstruct justice and injure Petitioners in the exercise of federally protected rights. These rights include the right of access to the courts, the right to due process, the right to be free from fraudulent adjudication, and the right to protect one's familial integrity under the law.

Under the Duties and Rights Doctrine, every right secured by the Constitution imposes a correlative and non-discretionary duty upon state actors not to infringe, obstruct, or nullify those rights. The duties owed by judicial and court officers, prosecutors, and government agents include but are not limited to: safeguarding the integrity of the docket; honoring judicial recusal; ensuring transparent, impartial hearings; refusing to participate in or authorize fraudulent filings or misrepresentations; and refraining from using their positions to fabricate procedural defaults, conceal adversarial filings, or commit fraud upon the court.

Between June 16 and July 1, 2025, Defendants  Defendant Shannon, Clerk Susan Haynes, Defendant Pitre, Defendant Lierman, Arturo Neria Jr., Keyana Brown (Court Coordinator), Michael Kotwal, Daniel Semanek, Iridian Crisol Cueto, Patricia Chandler, CPS caseworker Kameka Hewitt, Assistant District Attorney Patricia Gonzales, and various EMPOWER agents acted in concert and under color of law to willfully engage in a coordinated scheme to obstruct justice, falsify the record, and deprive Petitioners of due process in connection with proceedings concerning the custodial seizure of their child.

This coordinated fraud occurred despite the entry into the record of a verified and file-stamped recusal motion submitted by Petitioners on June 16, 2025—duly received and entered by Clerk Susan Haynes, with proof of e-service to all relevant parties. This recusal motion, under Texas Rule of Civil Procedure 18a, lawfully divested  Shannon of jurisdiction to take any further judicial action in the case until it was resolved. Nevertheless,  Shannon, with the full cooperation of the aforementioned Defendants, proceeded to hold ex parte proceedings and issue an unlawful July 1st order purporting to default Petitioners for nonappearance.

This July 1st order was fraudulently timestamped and falsely certified as having been served on Petitioners at 4:05 PM—despite the order not having been signed, entered, or issued at that time. This false certificate of service was used to construct a fabricated procedural record meant to mask the lack of jurisdiction and mislead any future reviewing authority into believing Petitioners failed to respond or appear.

Concurrently, Clerk Susan Haynes, under the supervision of Defendant Pitre, Defendant Lierman, and in collusion with Arturo Neria Jr. and Keyana Brown, deliberately suppressed Petitioners' timely filed Proposed Orders, Motions to Void, Objections, Judicial Misconduct Complaints, and Sworn Affidavits. These documents were intentionally omitted from the official court record, never made part of the docket, and thereby excluded from judicial review. Prosecutorial agents including Michael Kotwal, Daniel Semanek, Iridian Crisol Cueto, and Patricia Chandler knew or should have known of the falsified record and the judicial disqualification, yet failed to intervene or report these acts—thus breaching their fiduciary and ethical duties as officers of the court.

In addition, Attorney Patricia Gonzales and CPS agent Defendant Hewittknowingly misrepresented facts in court filings and during proceedings, including the false assertion that no kinship placement options existed, despite documented written offers of family placement submitted in advance of the July 1st hearing. These misrepresentations were not mere oversights—they were strategic deceptions meant to eliminate procedural objections and to bolster an unlawful default determination. The actions of the named Defendants reflect a pattern of coordinated fraud upon the court, designed to engineer a predetermined outcome: the unlawful termination of Petitioners' custodial rights and the concealment of lawful objections and rebuttals.

Each named Defendant had actual knowledge of their duties under federal and state law to ensure fair process, to abide by recusal rules, to truthfully certify service, and to avoid concealment or alteration of legal filings. Each chose to act in deliberate violation of these duties, with the intent to retaliate against Petitioners for asserting their legal rights, to manufacture the appearance of abandonment, and to accomplish an unlawful custody transfer outside of lawful adjudication.

These acts were not judicial in nature, but administrative, clerical, and conspiratorial—thereby stripping the individual actors of any claim to immunity under federal law. The conspiracy to falsify, suppress, and obstruct justice violates 42 U.S.C. § 1985(3) and constitutes fraud upon the court in its most egregious form.

The resulting deprivation of rights shocked the conscience and resulted in grave and irreparable harm. Petitioners were denied a fair hearing, deprived of their right to familial association, subjected to reputational and emotional injury, and

effectively excluded from any meaningful remedy. The violations described herein represent a collapse of constitutional protections, judicial integrity, and public trust.

Petitioners therefore seek all appropriate forms of relief, including declaratory and injunctive relief, compensatory and punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, and any additional relief this Court deems just and proper to remedy the full extent of the conspiracy, the fraud committed, and the injuries suffered.

SEVENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments
Unlawful Seizure of Minor Heir and Deprivation of Due Process
By Petitioners Against Dallas County Police Department; Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah; DFPS Agents Defendant Hewittand Defendant Brown; Children's Medical Center Dallas; Dr. Michael Yu; Commissioner Defendant Muth; Defendant Empower; Defendant TFI; Defendant TFI LLC; Defendant Bollinger; Defendant Black; Defendant Davenport; Defendant Wooten; Defendant Urquhartt; Defendant Gonzalez; Daniel Semanek; Defendant Timmins-Richardson; Arturo Neria Jr.; Michael Kotwal; Iridian Crisol Cueto; Patricia Chandler; and Children's Medical Center Dallas Security Personnel

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek redress for the unlawful deprivation, under color of state law, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. These violations occurred during and following the warrantless and forceful seizure of Petitioners' minor son, Olorun Anu Davis, on June 2, 2025. Under the Duties and Rights Doctrine, every constitutional right imposes an enforceable fiduciary obligation upon public officials and their agents to honor, uphold, and refrain from violating those rights. Here, Defendants acted in flagrant breach of those duties.

Without a valid warrant, lawful exigency, emergency judicial order, or sworn medical basis, Defendants forcibly removed the child from the arms of his mother in Collin County, Texas, with no jurisdiction, no adjudicated finding of neglect or abuse, and no legitimate state interest that could justify the abduction. This

violent intrusion was orchestrated by DFPS agents Defendant Hewittand Defendant Brown, carried out by a large armed response from the Dallas County Police Department—including Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah—and executed with the assistance of Children's Medical Center Dallas security personnel and Empower-contracted actors. All named actors were operating under color of law, but wholly outside the bounds of lawful authority.

The basis for the removal—a vague, unsubstantiated concern alleged by Empower contractors—was unsupported by any valid affidavit from a licensed physician who had personally examined the child. Indeed, Dr. Michael Yu, the medical figure relied upon, later admitted under oath that he had never examined the child, rendering the affidavit used to justify removal materially false and legally void. Nevertheless, Defendants aggressively advanced their coordinated plan, entering the family's home and hospital room with overwhelming force, seizing the child without consent, and physically detaining the father in violation of Miranda without judicial cause or criminal complaint.

No hearing had occurred. No warrant had been issued. No finding of imminent harm had been made by a neutral magistrate. Yet the Defendants proceeded with force and retaliation, handcuffing both parents and removing them from Children's Medical Center while barring all further contact with their son. The seizure was clearly excessive and performed with deliberate indifference to Petitioners' constitutional rights. The procedures outlined under Texas Family Code §§ 262.102 and 262.104(a) were wholly ignored.

Included among the state and quasi-state actors complicit in this unlawful operation are Commissioner Defendant Muth, who oversaw DFPS operations and bore supervisory responsibility for ensuring constitutional compliance; Dr. Michael Yu, whose materially false affidavit underpinned the fraudulent seizure; Empower agents Defendant Bollinger, Defendant Black, Defendant Davenport, Defendant Wooten, and Defendant Urquhartt, who were directly involved in initiating the false allegations and misrepresenting kinship placement; attorney Defendant Gonzalez and Daniel Semanek, who acted with full knowledge of the illegal seizure yet proceeded to prosecute and justify the removal post-facto; Arturo Neria Jr., Michael Kotwal, Iridian Crisol Cueto, and Patricia Chandler, who facilitated, concealed, or otherwise failed in their affirmative obligations to prevent the unconstitutional seizure and abuse of process; and Defendant

Timmins-Richardson, whose involvement in post-seizure concealment and suppression of lawful objections contributed to the continuing deprivation.

Each named Defendant bore a duty, individually and in concert, to ensure that any interference with family integrity complied with constitutional standards. These duties were heightened in this instance by Petitioners' well-documented assertion of tribal identity, Indigenous parental rights, and protected familial status. Yet these obligations were disregarded. Instead, the seizure was executed with aggression, intimidation, and a coordinated intention to circumvent judicial process and impose trauma upon the family.

This incident constitutes a violation not only of the Fourth Amendment right to be free from unreasonable searches and seizures but also of the Fourteenth Amendment's guarantee of due process—both procedural and substantive. The parental rights of Petitioners were stripped without hearing, without jurisdiction, and without the slightest procedural safeguards required under law. Such conduct is constitutionally intolerable and morally reprehensible.

These acts further violated sacred Indigenous rights, spiritual obligations of parental guardianship, and international norms codified in conventions safeguarding tribal and cultural continuity. The unlawful separation of a child from their sacred bloodline—absent any valid order, hearing, or due cause—is not merely a civil violation; it is a spiritual desecration, and a human rights offense. The failure to observe even the most basic threshold for state intervention renders this act one of aggravated abuse of power.

As a direct and proximate result of the unlawful seizure and coordinated conspiracy to silence, detain, and separate the family, Petitioners have suffered enduring harm—emotional, spiritual, reputational, and legal—including the ongoing unlawful deprivation of their child's companionship, the breakdown of familial structure, mental anguish, and permanent disruption to their tribal inheritance.

Petitioners seek declaratory and injunctive relief ordering the immediate return of the child and full restoration of custodial rights. Petitioners further demand compensatory and punitive damages against each named actor, to punish the unlawful conduct and deter future abuse by state agents who act in defiance of their constitutional, fiduciary, and spiritual duties to the People.

EIGHTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Substantive Due Process
(Indefinite Dispossession Without Adjudication)
By Petitioners Against  Defendant Shannon; DFPS Agents Defendant Hewittand
Defendant Brown; Defendant Empower; Defendant TFI; Defendant TFI LLC;
Children's Medical Center Dallas; Dr. Michael Yu; Commissioner Defendant
Muth; Defendant Bollinger; Defendant Black; Defendant Davenport; Defendant
Wooten; Defendant Urquhartt; Defendant Gonzalez; Daniel Semanek; Defendant
Timmins-Richardson; Arturo Neria Jr.; Michael Kotwal; Iridian Crisol Cueto;
Patricia Chandler; Dallas Police Department Officers Defendant Davis,
Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and
Defendant Shah

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek
redress for violations under color of law of rights, privileges, and immunities
secured by the Fourteenth Amendment to the United States Constitution. Under
the Duties and Rights Doctrine, every public official and government agent is
bound by a sacred and fiduciary obligation to protect the clearly established
constitutional rights of the people they serve. These duties are not
discretionary—they are legal, ethical, and moral imperatives. Where such duties
are breached, especially in cases involving the sanctity of family, the actors
become personally liable for the injury caused.

The Fourteenth Amendment secures to Petitioners the fundamental right to the
care, custody, and control of their child, and protects the familial bond from
arbitrary, unjustified, or retaliatory government interference. This right, deeply
rooted in the traditions of both American jurisprudence and Indigenous law,
mandates that no parent shall be deprived of their child without notice,
opportunity to be heard, and a fair evidentiary hearing conducted before an
impartial tribunal.

In direct violation of this right, Petitioners were indefinitely dispossessed of
custody and access to their sacred tribal heir, Olorun Anu Davis, without a lawful
adjudication of any abuse, neglect, or parental unfitness. Despite the date on the

purported Ex Parte Emergency Order being June 5, 2025, no valid service was ever effected on the Petitioners, no show-cause hearing was held within the one-working-day window mandated by Texas Family Code §§ 262.106 and 262.205, and no adversarial hearing with evidence and witnesses occurred within the critical 14-day period required to safeguard against arbitrary removals.

The August 1, 2025 proceeding, claimed by the State to satisfy adversarial due process, was held in violation of an active and accepted motion for judicial recusal and was conducted without proper notice, appearance, or opportunity to object. The order stemming from that hearing was not entered until August 10, 2025—nine days later—confirming fabrication and retroactive docket tampering. Petitioners never had their day in court.

At no point during the more than 60 days since the unlawful seizure were Petitioners allowed contact, visitation, or remedy. No evidence was presented. No valid medical basis existed. No testimony or affidavit proved danger, and no lawful removal order was shown at the time of seizure. Instead, Petitioners were subjected to a carefully orchestrated fraud, where each Defendant failed their constitutional and statutory duty to protect rights rather than violate them.

 Defendant Shannon proceeded with hearings and entered orders despite being legally recused and disqualified under Texas law. DFPS agents Defendant Hewittand Defendant Brown submitted false affidavits and knowingly failed to inform the court of known family placement options. Empower agency staff—including Defendant Bollinger, Defendant Black, Defendant Davenport, Defendant Wooten, and Defendant Urquhartt—deliberately misrepresented the availability of kinship placements and manipulated medical and family plan documentation to create a false appearance of risk and non-cooperation. Attorneys Defendant Gonzalez and Defendant Semanekactively prosecuted the unlawful removal despite knowledge of the procedural and jurisdictional violations. Defendant Timmins-Richardson contributed to the concealment of material facts and obstructed lawful remedy. Arturo Neria Jr., Michael Kotwal, Iridian Crisol Cueto, and Patricia Chandler facilitated, approved, or otherwise failed to halt the ongoing dispossession. Dr. Michael Yu submitted a materially false affidavit despite never having examined the child. Commissioner Defendant Muth bore supervisory responsibility over the entire DFPS apparatus and failed to intervene despite her constitutional and administrative duties.

Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah of the Dallas Police Department actively participated in or sanctioned the seizure, transportation, and obstruction of remedy without lawful authority. Their presence and use of state force to enforce an unadjudicated removal further escalated the unlawful dispossession.

The concerted acts of all named Defendants were not mere negligence—they were retaliatory, fraudulent, and carried out with deliberate indifference to Petitioners' fundamental rights. The harm inflicted by the prolonged, indefinite dispossession of a child without lawful adjudication constitutes an egregious and shocking deprivation of due process. This unlawful seizure, continued without court findings, procedural compliance, or statutory justification, cannot be squared with the duties imposed by the Constitution or the basic norms of a civilized legal system.

The result of these coordinated breaches of duty is the unlawful, ongoing dispossession of a child from his rightful family, inflicting permanent injury to the Petitioners' sacred familial structure, tribal heritage, and spiritual bond. Petitioners have suffered irreparable harm in the form of lost time with their child, emotional and psychological trauma, desecration of their tribal customs, and denial of access to meaningful judicial remedy.

Each Defendant is liable in both their official and individual capacities for these constitutional violations, having breached the affirmative duties imposed by the Constitution, the Texas Family Code, international conventions protecting Indigenous families, and the natural law maxim that no parent shall be separated from their child without just cause and lawful process.


NINTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Malicious Prosecution / Fraudulent Proceedings / Color of Law
By Petitioners Against:  Defendant Shannon; Defendant Hewittand Defendant Brown (DFPS); Defendant Empower; Defendant TFI; Defendant TFI LLC; Defendant Black; Defendant Gonzalez; Defendant Bollinger; Defendant Medrano; Assistant DA Defendant Choice; Children's Medical Center Dallas; Dr. Michael Yu; Defendant Muth; Defendant Wooten; Defendant Urquhartt;

Defendant Timmins-Richardson; Arturo Neria Jr.; Michael Kotwal; Iridian Crisol Cueto; Patricia Chandler; and Dallas Police Department Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek redress for violations committed under color of law of rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution. The Due Process Clause of the Fourteenth Amendment prohibits the state and its agents from depriving any person of life, liberty, or property without just cause, legal notice, and fair opportunity to be heard. Moreover, under the Duties and Rights Doctrine, every judge, officer, agent, attorney, and prosecutor has a sworn obligation to uphold the Constitution and to ensure that their actions—particularly in proceedings that impact fundamental liberty interests such as parental rights—are lawful, impartial, and free of fraud. The duty to protect due process is not discretionary; it is mandatory and enforceable.

Each of the named Defendants bore a fiduciary obligation to prevent unlawful prosecution, fraudulent filings, and the fabrication of judicial process. Instead, acting individually and in concert, they conspired to initiate, sustain, and conceal a knowingly fraudulent termination-of-parental-rights case, absent lawful basis, and in utter defiance of their constitutional duties.

Defendant Hewittand Defendant Brown, agents of DFPS, submitted sworn affidavits replete with material misrepresentations, including claims of danger, neglect, and urgency unsupported by medical testimony or direct observation. These affidavits failed to disclose the absence of exigent circumstances, family placement options, and relevant tribal jurisdictional issues, thereby inducing the court to act upon fraudulent pretenses in violation of Texas Family Code §§ 262.104 and 262.105, and in derogation of Petitioners' constitutionally protected rights to familial integrity.

Defendant Gonzalez, Defendant Black, and Defendant Bollinger, as Empower representatives, deliberately withheld material evidence regarding the Petitioners' offered kinship placement with family members in both Texas and the Republic of Trinidad and Tobago. Despite written and electronic communications alerting them to available and willing relatives, these Defendants falsely asserted in court

filings that "no family placement options existed." Their conduct constituted both a breach of fiduciary trust and a fraud upon the court.

Defendant Medrano coordinated, in cooperation with Defendant Black and agents at Children's Medical Center Dallas, the forcible and unlawful separation of the Petitioners from their child without any valid court order. This calculated action created a false record of abandonment and medical non-cooperation to support a fabricated removal narrative. Such coordination involved duress, coercion, and deception and was carried out entirely outside the authority of lawful judicial process.

 Defendant Shannon proceeded to preside over and issue orders in the case after a verified and accepted recusal motion had been filed and accepted by the court on June 16, 2025. Despite being legally barred from acting, she entered a void "default" order on July 1, 2025, falsely stating that Petitioners failed to appear, when in fact no adversarial hearing had been lawfully convened. This fabricated order was issued without proper notice, without a valid record, and without affording Petitioners due process.

Assistant District Attorney Defendant Choice knowingly advanced the unlawful prosecution by filing pleadings and attending hearings based on an unlawful seizure and tainted affidavits. She acted in willful blindness to the constitutional violations underpinning the case, including warrantless removal, lack of judicial findings, and the procedural void created by recusal. By proceeding to prosecute in the face of these known defects, Choice violated her duties under state and federal law and subjected Petitioners to malicious prosecution and irreparable harm.

Further contributing to this coordinated judicial fraud were Children's Medical Center Dallas and Dr. Michael Yu, who submitted a materially false affidavit used to justify the initial removal despite never examining the child, as well as Commissioner Defendant Muth, who bore ultimate responsibility over DFPS operations and failed to intervene. Additional Empower agents Defendant Wooten, Defendant Urquhartt, and Defendant Timmins-Richardson aided in the concealment of kinship placement offers and manipulated service records and court filings. Arturo Neria Jr., Michael Kotwal, Iridian Crisol Cueto, and Patricia Chandler facilitated or permitted unlawful filings and proceedings in their official capacities. Dallas Police Department Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant

Shah participated in the warrantless seizure of the child and unlawful transport of the Petitioners under threat, compounding the injury caused by this conspiracy.

This orchestrated campaign to remove and detain Petitioners' child through false evidence, fabricated jurisdiction, and judicial deception violated the core protections of the Fourteenth Amendment. The abuse of legal process, undertaken without probable cause, and with the intention to dispossess and silence the Petitioners, constitutes a textbook case of malicious prosecution. The injury inflicted is compounded by the sacred nature of the familial and tribal bond severed without lawful cause.

As a direct and proximate result of the coordinated malicious prosecution, Petitioners suffered unlawful dispossession of their sacred tribal heir, over sixty days of separation, psychological trauma, spiritual anguish, and ongoing injury to their familial, legal, and ancestral rights. Each Defendant, acting under color of law but outside lawful jurisdiction, bears joint and several liability for damages arising from this persecution. None are entitled to immunity for acts committed in clear absence of jurisdiction, fraudulent purpose, and reckless disregard of federally protected rights.

## TENTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth Amendment – Unlawful Seizure, Detention, and Excessive Force
By Petitioners Against: Dallas Police Department Officers A. Davis, Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah; EMS Personnel; DFPS Agents Defendant Hewittand Defendant Brown; Defendant Empower; Defendant TFI; Defendant TFI LLC; and Empower Staff Defendant Black and Defendant Gonzalez

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek redress for the deprivation, under color of state law, of rights secured by the Fourth Amendment to the United States Constitution. The Fourth Amendment guarantees the right of the people to be secure in their persons, homes, and effects against unreasonable searches and seizures and bars the use of force, detention, or removal of persons absent a valid warrant, lawful authority, probable

cause, or clearly articulable exigent circumstances. Under the Duties and Rights Doctrine, all public servants, peace officers, child welfare agents, and EMS personnel acting under the color of law are sworn to honor the constitutional guarantees of the people—particularly where such actions target parental integrity and bodily autonomy.

On or about June 2, 2025, Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother and family.were violently and unlawfully seized from their private dwelling in Collin County, Texas, by a coordinated operation involving approximately twenty armed officers from the Dallas Police Department, including named officers A. Davis, Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas, and Defendant Shah, acting in concert with DFPS agents Defendant Hewittand Defendant Brown, Empower contractors Defendant Black and Defendant Gonzalez, and unidentified EMS personnel. The operation was executed without warrant, judicial order, court oversight, or exigent risk. It occurred outside of Dallas County's jurisdiction, in a county where no lawful petition had been filed or served.

Defendants stormed the residence without legal cause, used coercion and intimidation, and forcefully removed Petitioners and their infant son, Olorun Anu Davis, without informed consent. The child was taken from a peaceful family environment with no credible evidence of danger, no emergency medical declaration, and no judicial authorization. The seizure was planned and carried out to circumvent the jurisdictional limits of the court and to manufacture a false narrative of neglect or non-compliance.

Subsequent to the unlawful home raid, Petitioners were taken to Children's Medical Center Dallas under physical duress. There, additional excessive force and humiliation were inflicted. The mother of Olorun Anu: Davis a visibly pregnant mother, was handcuffed, restrained, and forcibly removed from the hospital premises in the presence of her child. Kenneth Arnez Davis was physically dragged out of the medical facility under armed threat, without Miranda warnings, without charges, and in the absence of any judicial order authorizing such removal. The child remained unlawfully detained at the hospital under armed security and in full denial of parental access.

These acts were not isolated mistakes but part of a premeditated and extrajudicial seizure, coordinated by multiple state agents, with the knowledge and complicity of Defendant Empower, Defendant TFI, and Defendant TFI LLC,

who acted as de facto state actors. Their agents, Defendant Black and Defendant Gonzalez, failed to object to the unlawful force or to secure proper orders before facilitating the child's removal, rendering them equally liable under color of law.

At no time were Petitioners read their rights, served with documentation, or permitted to object to the actions taken. The use of force and physical restraint against a pregnant woman and a peaceful father with no criminal complaint on file was objectively unreasonable and constitutionally intolerable. The absence of a removal order, warrant, or imminent danger renders every act of detention and separation from that moment forward a continuing violation of Petitioners' clearly established Fourth Amendment rights.

Defendants' actions, individually and collectively, amounted to a militarized home invasion, forcible abduction, and illegal transport—all performed under the guise of official authority, but in complete absence of lawful justification. The failure of each named actor to refuse or report these abuses further establishes their individual liability under § 1983. None acted to protect the Petitioners' rights; all participated, directly or indirectly, in the unlawful seizure and use of excessive force.

As a direct and proximate result of these violations, Petitioners suffered physical pain, emotional trauma, reputational injury, spiritual desecration, and the unlawful dispossession of their sacred tribal heir. These harms were magnified by the Defendants' targeting of the Petitioners as Indigenous parents asserting their protected genealogical, spiritual, and parental rights under national and international law.

Each Defendant named herein, by acting with deliberate indifference to the Constitution and with wanton disregard for human dignity, is jointly and severally liable in both individual and official capacities. Petitioners seek full compensatory damages, punitive damages, declaratory relief, and a permanent injunction restraining further interference or contact by these parties with their family, property, or liberty interests.

<br>

ELEVENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

Fourteenth Amendment – Substantive and Procedural Due Process Violations
By Petitioners Against:  Defendant Shannon; Defendant Hewittand Defendant
Brown (DFPS); Defendant Empower; Defendant TFI; Defendant TFI LLC;
Empower Agents Defendant Black, Defendant Gonzalez, Defendant Bollinger,
Defendant Davenport, Defendant Austin, Defendant Wooten, and Defendant
Newman; Assistant District Attorney Defendant Choice; CASA Supervisors
Defendant Jackson and Defendant Demko Gray; CASA Volunteers Defendant
Wilkins and Defendant Griffin; Dallas CASA CEO Defendant Spriggs; Attorney
Defendant Medrano; Attorney Defendant Urquhartt; Attorney Daniel Semanek;
and the 305th District Court of Dallas County, Texas.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, wherein Petitioners seek
redress for the deprivation, under color of state law, of rights, privileges, and
immunities secured by the Fourteenth Amendment to the United States
Constitution. The Fourteenth Amendment provides dual protections: substantive
due process, which prohibits arbitrary and oppressive state interference with
fundamental rights, and procedural due process, which requires notice, an
opportunity to be heard, and a fair and impartial forum before the deprivation of
liberty or property may occur.

Under the Duties and Rights Doctrine, all judicial officers, state agents,
prosecutors, contractors, guardians, and representatives of child welfare
programs are bound by constitutional oath and fiduciary duty to protect due
process and preserve the family integrity of law-abiding citizens. These duties
are non-discretionary and their violation results in personal and official liability
under Section 1983.

On or about June 2, 2025, DFPS agents Defendant Hewittand Defendant Brown,
acting without judicial authorization or lawful cause, coordinated with Empower
agents Defendant Black, Defendant Gonzalez, Defendant Bollinger, Defendant
Davenport, Defendant Austin, Defendant Wooten, and Defendant Newman to
unlawfully seize and remove the minor child Olorun Anu Davis from his home.
The removal was conducted absent exigent circumstances, valid court orders,
lawful service, or the statutorily required one-working-day hearing mandated
under Texas Family Code §§ 262.104 and 262.106. The Initial Court Report
co-authored by Empower and DFPS knowingly omitted material evidence,
including verifiable family placement options in both Texas and the Republic of

Trinidad and Tobago, thereby fabricating the basis for continued state custody and defrauding the court.

Despite knowledge of these omissions and the jurisdictional defects in the pleadings,  Defendant Shannon of the 305th District Court of Dallas County issued orders authorizing removal and placement restrictions without holding any evidentiary hearing, without notice to the Petitioners, and without affording them any meaningful opportunity to be heard. These orders were not file-stamped, were backdated, and lacked proper certificate of service. Petitioners were never served, and yet were falsely recorded as having defaulted. The court then relied on these fabricated orders to impose continuing separation of parent and child.

The court further imposed supervised visitation with no findings of abuse or risk, in the absence of any adjudication of parental unfitness. Service plans were presented as binding and enforceable despite never being signed by Petitioners, never agreed to, and never entered by lawful order. These plans, fabricated outside judicial process, were then used as a pretext for continued deprivation and to allege noncompliance.

Assistant District Attorney Defendant Choice knowingly prosecuted this matter in the absence of lawful jurisdiction, lawful seizure, or valid removal order. Despite written notice, statutory violations, and procedural defects, she proceeded with filings, court appearances, and enforcement actions, thereby violating both her constitutional duties and her professional obligations under the Texas Disciplinary Rules of Professional Conduct.

CASA agents including Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, and Dallas CASA CEO Defendant Spriggs, all failed to report the known irregularities in procedure and participated in concealing the absence of lawful adjudication. These actors affirmatively misrepresented the procedural integrity of the case, and submitted findings or testimony based on fabricated records, in concert with state and contractor personnel.

Attorney Defendant Medrano, acting as court-appointed counsel, and Attorney Defendant Urquhartt, in coordination with Empower agents, both failed to ensure that Petitioners received notice, service, or access to meaningful hearings, while actively participating in the perpetuation of fraudulent procedures and fabricated compliance records.

Attorney Daniel Semanek, as an officer of the court and legal representative of a government agency involved in these proceedings, failed to intervene or correct the record upon being notified of jurisdictional errors, false filings, procedural misconduct, and deprivation of due process. His continued participation and legal advocacy in support of a fraudulent court process constituted knowing complicity in the deprivation of constitutional rights and furthered the unlawful dispossession of the Petitioners' child.

At every stage, these Defendants conspired to create the false appearance of legal due process while systematically denying the Petitioners their fundamental rights to family unity, procedural justice, and constitutional protection. The actions described herein were not mere administrative error but constituted a coordinated campaign of retaliation, concealment, and deprivation, all under color of law.

As a direct and proximate result, Petitioners have suffered unlawful dispossession of their sacred tribal heir, psychological trauma, spiritual desecration, and total obstruction of their constitutional and parental rights. These violations are egregious, shocking to the conscience, and rise to the level of actionable constitutional torts.

Each named Defendant is therefore liable in their individual and official capacities for the deprivation of clearly established constitutional rights under 42 U.S.C. § 1983. Their actions were taken in bad faith, in the clear absence of jurisdiction, and without any protection of immunity, due to their knowing violation of law.

Petitioners seek declaratory judgment recognizing the constitutional violations, compensatory and punitive damages for the harm suffered, injunctive relief preventing further unlawful interference with their parental rights, orders vacating all orders and service plans entered without adjudication or consent, and such further relief as this Court deems just and proper under the circumstances.

TWELFTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1985)
Conspiracy to Interfere with Civil Rights
By Petitioners Against: DFPS Agents Defendant Hewittand Defendant Brown;
Defendant Empower; Defendant TFI; Defendant TFI LLC; Empower Agents
Defendant Black, Defendant Gonzalez, Defendant Wooten, Defendant Bollinger,
Defendant Davenport, Defendant Austin, and Defendant Newman; Assistant

District Attorney Defendant Choice; Attorney Defendant Medrano; Attorney Daniel Semanek;  Defendant Shannon; CASA Supervisors Defendant Jackson and Defendant Demko Gray; CASA Volunteers Defendant Wilkins and Defendant Griffin; Dallas CASA CEO Defendant Spriggs; Attorney Defendant Urquhartt; and other Unknown Supervisory Officials and Employees of the 305th District Court of Dallas County, Texas.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1985, wherein Petitioners seek redress for a coordinated conspiracy to deprive persons or a class of persons of equal protection under the law and equal privileges under the Constitution. This cause implicates fundamental guarantees of due process, equal protection, familial association, religious liberty, and protections afforded to Indigenous people under both domestic and international law.

The acts of the named Defendants, jointly and severally, constituted a willful and premeditated conspiracy under color of law to interfere with and violate the civil rights of Petitioners. These violations were carried out through deliberate orchestration of actions between agencies, officers of the court, private contractors, and law enforcement, all of whom had a sworn duty to uphold—and not violate—the constitutional rights of those they serve.

The Duties and Rights Doctrine mandates that all state actors and those working under the auspices of state authority, including DFPS agents, judicial officers, attorneys, law enforcement, court-appointed advocates, and private entities contracted with the state, operate within the confines of the Constitution, uphold due process, and actively protect the civil and human rights of individuals in their care and jurisdiction. In the present matter, each Defendant owed a non-discretionary duty to protect the Petitioners from unlawful seizure, due process deprivation, and discriminatory treatment. They were required to disclose exculpatory evidence, refrain from falsification of official documents, and safeguard against abuse of process, particularly where the subjects of government action are vulnerable, such as parents and their infant child.

Instead, the Defendants conspired to remove Olorun Anu Davis from his parents without a warrant, valid court order, or lawful exigency. This act alone constituted a deprivation of constitutional rights, further exacerbated by the falsification of affidavits, concealment of kinship placement options, suppression of evidence,

and unlawful issuance of judicial orders in the absence of service or docket authentication. Court records were manipulated, including the fabrication of an Initial Report containing material misrepresentations, knowingly omitting family options communicated to DFPS and Empower staff in writing.

Defendant Shannon, acting despite a pending and accepted recusal motion, coordinated ex parte communications and issued orders beyond the court's jurisdictional authority. Attorney Defendant Medrano and ADA Defendant Choice enabled these actions through false representations, suppression of defense opportunities, and refusal to intervene or dismiss unlawful filings. Attorney Daniel Semanek, acting under color of law, ignored procedural irregularities, permitted unauthorized court activity, and failed to halt the violations despite being on formal notice. Supervisory officials, including CASA representatives such as Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, and Dallas CASA CEO Defendant Spriggs, likewise failed to report or prevent the unfolding due process violations. Empower agents including Defendant Bollinger, Defendant Davenport, Defendant Austin, Defendant Wooten, and Defendant Newman all actively participated in perpetuating the unlawful separation, the concealment of family placement options, and the manipulation of case files and timelines.

These coordinated acts were not only retaliatory but also grounded in discriminatory animus toward Petitioners on the basis of their American Indigenous nationality, traditional religious practices, refusal to submit to coercive medical policies, and assertion of lawful parental rights. In so doing, Defendants engaged in a discriminatory pattern of behavior aimed at denationalizing and alienating a protected class from their cultural, familial, and spiritual identity.

The conspiracy included overt acts, including the unlawful hearing on July 1, 2025, convened after the recusal was in effect, the distribution of fraudulent orders lacking clerk certification and stamp, threats of arrest and criminal trespass for lawfully seeking to visit their child, and the coordinated removal of Olorun Anu Davis from Children's Medical Center Dallas based on falsified medical narratives and forged documents. These acts involved joint participation and agreement between DFPS agents, Empower contractors, prosecutors, judges, CASA representatives, and attorneys—all of whom violated their affirmative obligations under the Constitution and international human rights norms.

or discriminatory enforcement of laws, policies, or procedures based on race, national origin, religious identity, or other protected classifications.

Defendants, individually and in concert, willfully violated this constitutional guarantee by engaging in disparate treatment of the Petitioners on the basis of their protected status as American Indigenous persons, parents of a tribal heir, and adherents to traditional spiritual and religious practices. Petitioners were further targeted for their refusal to consent to coercive medical practices and for asserting constitutionally protected parental rights and international Indigenous protections.

Under the Duties and Rights Doctrine, each named Defendant bore a non-discretionary duty to uphold equality before the law and to apply all statutes—particularly those concerning family preservation and kinship placement—in a nondiscriminatory and neutral fashion. Defendants were obligated to afford the Petitioners the same procedural fairness, family reunification efforts, and deference to kinship options as routinely granted to other families of differing racial, national, or religious backgrounds.

Instead, Defendants operated a system of deliberate exclusion, wherein the rights of similarly situated parents were respected, while Petitioners were subjected to baseless accusations, denial of access to hearings, suppression of kinship placement alternatives, and fabricated orders issued without notice or adjudication. Empower agents including Defendant Black, Defendant Gonzalez, Defendant Wooten, Defendant Bollinger, Defendant Davenport, Defendant Austin, and Defendant Newman all participated in misrepresenting Petitioners' status, fabricating records, and failing to document or pursue viable family placements in Texas and Trinidad. These omissions were deliberate and in stark contrast to the statutory mandates requiring preferential placement with relatives and preservation of familial bonds.

 Defendant Shannon acted without notice or lawful jurisdiction, issuing orders that were not file-stamped or served, while ADA Defendant Choice prosecuted the matter knowing it lacked subject-matter and personal jurisdiction. Attorneys Defendant Medrano and Defendant Semanekenabled the unequal treatment by failing to advocate for fair procedure or halt unlawful actions, and by instead facilitating fabricated compliance records and ignoring material due process violations. CASA agents, including Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, and Defendant Griffin, coordinated with court actors and

contractors to perpetuate the false narrative of parental unfitness, relying on cultural bias and unverified reports.

Petitioners were consistently denied the benefit of kinship placement standards, religious exemptions, and familial rights afforded to other parents in the state system. They were denied visitation unless in supervised settings, without any adjudication of risk. They were subjected to service plans never entered into court, never consented to, and selectively enforced to give the appearance of "noncompliance."

The refusal to recognize their Indigenous status, kinship obligations under international norms, and their lawful standing as parents constitutes both a civil rights violation under § 1983 and an equal protection breach under § 1981, which prohibits racial and ethnic discrimination in the exercise of contractual and governmental relations. Petitioners' tribal identity, national origin, and spiritual practices were ignored or suppressed by every agency actor and court authority involved.

By failing in their fundamental duties, and by acting under color of law to deprive Petitioners of their equal standing under the law, Defendants engaged in conduct that was not merely negligent, but malicious, deliberate, and discriminatory. These actions constitute a pattern and practice of unequal treatment that has caused severe and irreparable harm, including the loss of custody of their child, emotional trauma, reputational damage, and deprivation of rights associated with Indigenous heritage and protected religious identity.

As a direct and proximate result of Defendants' unlawful and discriminatory conduct, Petitioners suffered extreme harm to their family integrity, cultural continuity, and legal protections.

Each named Defendant is therefore liable in their individual and official capacities for violation of the Equal Protection Clause, pursuant to 42 U.S.C. §§ 1983 and 1981. Petitioners seek declaratory relief recognizing the violations, injunctive relief to halt further discriminatory enforcement, compensatory and punitive damages, and such further remedies as this Court deems just and proper.

FOURTEENTH CLAIM FOR RELIEF

VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 – Monell Claim)
Failure to Train, Supervise, and Discipline
By Petitioners Against: Texas Department of Family and Protective Services
(DFPS); Defendant Empower; Defendant TFI; Defendant TFI LLC; and Dallas
County

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, pursuant to the standards articulated in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), wherein Petitioners seek redress for constitutional violations caused not merely by individual misconduct, but by the deliberate policies, customs, and omissions of the Texas Department of Family and Protective Services, Empower, and Dallas County, acting under color of state law. These municipal and quasi-governmental entities failed to carry out their affirmative legal duties to train, supervise, and discipline employees and agents entrusted with authority to enforce civil and constitutional law.

The doctrine of duties and rights imposes upon state agencies and their contractors not only the obligation to uphold constitutional guarantees, but to ensure through training, oversight, and discipline that those tasked with exercising government authority do so in conformity with those guarantees. Defendants failed in this duty by permitting widespread, ongoing, and unchecked violations of Petitioners' fundamental rights, including those under the Fourth and Fourteenth Amendments. Rather than enforce constitutional standards, these entities maintained and ratified systemic patterns of misconduct which foreseeably resulted in the deprivation of rights to family integrity, procedural due process, and equal protection under law.

The conduct of agents such as Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, and Defendant Black—along with the judicial misconduct facilitated or ignored by  Defendant Shannon—was enabled and perpetuated by organizational structures devoid of meaningful oversight. DFPS and Empower did not adequately train their agents in lawful emergency removal procedures, kinship placement protocols, or the handling of Indigenous family matters as governed by domestic and international standards. Likewise, Dallas County judicial administrators failed to provide structural safeguards against unlawful ex parte communications, improper docketing, and violations of recusal mandates.

These failures to act, when Defendants had both knowledge and a duty to act, constitute deliberate indifference. Despite having access to notice, complaints, and clear statutory frameworks, Defendants allowed their agents and officers to accept false affidavits, circulate forged medical records, file defective petitions, and execute unlawful orders without internal inquiry, accountability, or correction. Supervisors and legal counsel ratified this misconduct by continuing to rely on the results of fraud-laced proceedings, including authorizing prolonged family separation, denying visitation, and facilitating coerced compliance with unsigned service plans that were never adjudicated.

The policies, customs, and omissions at issue reflect more than isolated lapses. Petitioners allege that these institutional failures were long-standing and the result of deliberate policymaker choices to prioritize jurisdictional control, funding incentives, and contractual expediency over fidelity to constitutional rights. The failure to discipline or terminate rogue actors, to enforce adherence to statutory due process, or to uphold the special protections due to Indigenous families under federal and treaty law, reveals a systemic breakdown in governance.

As a direct and proximate result of Defendants' refusal to carry out their training and supervisory duties in a lawful manner, Petitioners suffered extensive injuries. These include the unlawful and warrantless seizure of their infant son, ongoing denial of kinship placement with approved family members, exclusion from meaningful court participation, reputational damage, spiritual and emotional trauma, and the broader injury of witnessing the desecration of sacred family bonds and tribal lineage. The conscience-shocking nature of this misconduct, rooted in organizational policy rather than rogue conduct alone, renders Defendants liable under *Monell* for constitutional deprivation on a municipal and state agency scale.

Accordingly, each Defendant named herein is liable for systemic failure to fulfill their affirmative duties of care and constitutional compliance, under color of law, and in violation of 42 U.S.C. § 1983.

FIFTEENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1985)
Conspiracy to Interfere with Civil Rights
By Petitioners Against: Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant Shannon, Empower, Texas Department of Family and Protective Services (DFPS), Dallas County, Children's

Medical Center, Defendant Yu, Defendant Okoye, Defendant Dakil, Defendant Townsend, Defendant Wilgus-Cade, Defendant Davenport, Defendant Austin, Defendant Newman, Defendant Bollinger, Defendant Solis, Defendant Timmins-Richardson, Defendant Neff,  Defendant Shannon, Defendant Choice (ADA), Defendant Semanek(DFPS Counsel), Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, Defendant Spriggs (Dallas CASA CEO), Defendant Medrano (Attorney), Defendant Urquhartt (Attorney), Defendant Lierman (Empower), Defendant Pitre (Dallas County District Clerk), and Other Dallas County Officials.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1985(3), wherein Petitioners seek redress for a conspiracy by government officials, agency agents, private contractors, and court officers acting under color of state law to deprive Petitioners of their civil rights, immunities, and equal protection under the laws. The named Defendants—individually and in concert—entered into a knowing and voluntary agreement to target, obstruct, and deprive the Petitioners of their federally secured rights on account of race, political status, Indigenous nationality, religious identity, and the assertion of protected constitutional liberties. Each Defendant bore an affirmative duty to uphold and protect these rights, not conspire to defeat them.

Under the Duties and Rights Doctrine, all public officers, judicial officials, law enforcement, licensed professionals, private contractors acting under state authority, and medical personnel serving in state-connected actions are bound by non-discretionary legal and fiduciary obligations to protect constitutional rights, safeguard parental integrity, uphold due process, and prevent discriminatory acts under the Fourteenth Amendment. The Defendants breached these duties and weaponized institutional processes against the Petitioners.

Defendant Hewittand Defendant Brown, acting as DFPS agents, and Empower agents including Defendant Black, Defendant Gonzalez, Defendant Wooten, Defendant Bollinger, Defendant Davenport, Defendant Austin, Defendant Newman, and others, conspired and collaborated to engineer false reports, omit viable kinship placements, and submit knowingly fraudulent affidavits in order to justify the removal of infant Olorun Anu Davis without warrant, exigency, or valid court order. These actions were supported by Children's Medical Center physicians and staff—Defendant Yu, Defendant Dakil, Defendant Okoye,

Defendant Townsend, and Defendant Wilgus-Cade—who issued speculative and misleading medical opinions without direct patient evaluation, thereby contributing to the manufactured pretext for removal.

Defendant Shannon, acting in defiance of a pending and accepted recusal, furthered the conspiracy by manipulating hearing dates, issuing unauthorized orders without clerk stamp or valid docket setting, and engaging in ex parte communication. Defendant Choice, acting as Assistant District Attorney, and Daniel Semanek, acting as DFPS legal counsel, ratified and prosecuted the matter without jurisdiction, lawful service, or a valid removal order. Attorney Defendant Medrano and Defendant Urquhartt operated under the color of legal authority to suppress Petitioners' access to lawful remedy, further isolating the family through coordinated procedural obstruction. Defendant Pitre, as Dallas County District Clerk, permitted the entry of unauthorized orders, bypassing standard verification procedures, and enabling the implementation of fraudulent judicial directives.

Dallas CASA agents Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, and Defendant Griffin, operating under the direction of Defendant Spriggs, knowingly withheld evidence and supported unconstitutional state interference under the appearance of neutral advocacy. Empower executives Defendant Solis, Defendant Timmins-Richardson, Defendant Neff, and Defendant Lierman ratified the conduct of field agents and failed to intervene, investigate, or suspend the actions even after being placed on notice through written complaints and internal violations. Supervisors and contractors acted in concert, reinforcing a scheme aimed at depriving Petitioners of their rights to family, religion, Indigenous identity, and procedural due process.

The conspiracy included coordinated actions involving the manipulation of court records, improper service and notice, denial of kinship placement despite clear eligibility and written requests, issuance of court orders absent jurisdiction, fabrication of an Initial Report, obstruction of parental access, and coercion through threats of arrest and trespass warnings. Defendants jointly acted with animus rooted in racial, religious, and Indigenous prejudice, targeting the Petitioners for asserting parental autonomy, rejecting state-imposed medical mandates, and standing on lawful tribal and constitutional protections.

Each act taken by these Defendants was done in furtherance of a shared unlawful objective: to isolate and seize custody of a tribal infant heir, suppress

familial and spiritual integrity, and profit from foster placement or SSCC-related commercial incentives. These acts, executed through a pattern of forged documents, false narratives, coercion, denial of hearings, and judicial fraud, were not accidental or negligent but deliberate, malicious, and systemic.

As a direct and proximate result of this coordinated conspiracy, Petitioners have suffered irreparable emotional and psychological trauma, the unlawful removal and continued loss of custody of their son, reputational injury, spiritual desecration, and continued deprivation of their sacred familial bonds. Each Defendant named herein is jointly and severally liable under 42 U.S.C. § 1985(3) for conspiracy to interfere with civil rights, and Petitioners respectfully request compensatory and punitive damages, as well as injunctive, declaratory, and equitable relief as this Court deems just and appropriate.

SIXTEENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
First Amendment – Free Exercise of Religion and Sacred Custodianship
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant Davenport, Empower, Texas Department of Family and Protective Services (DFPS), Children's Medical Center Dallas, Defendant Yu, Defendant Okoye, Defendant Dakil, Dallas County, and all named agents and officials complicit therein.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for the violation of Petitioners' sacred, non-derogable rights secured by the First Amendment to the United States Constitution, specifically their right to the free exercise of religion, tribal law, spiritual stewardship, and ancestral parental authority. Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother and family, as sacred custodians and Indigenous tribal persons of the Washitaw-Yamassee nation, possess a lawful and spiritual duty—borne of natural law, treaty right, ecclesiastical law, and divine covenant—to raise, guide, and protect their minor heir, Olorun Anu Davis, in accordance with the rites, ancestral customs, and Indigenous laws of their sovereign nation and ecclesiastical tradition. This duty is not symbolic or ceremonial but rather an affirmative, enforceable mandate

encompassing religious rites such as breastfeeding, plant-based healing, anointing with sacred oils, natural medicine, water birth, ancestral naming rituals, and uninterrupted tribal custodianship. These religious practices are central to Petitioners' spiritual identity and were repeatedly violated, obstructed, and desecrated by the named Defendants.

Each of the Defendants bore a corresponding public and constitutional duty—under the First and Fourteenth Amendments, federal treaties protecting Indigenous spiritual practices, and the non-discrimination mandates of domestic civil rights law—to respect, safeguard, and not infringe upon Petitioners' religious and tribal rights. Instead, Defendant Shannon, DFPS agents Defendant Hewittand Defendant Brown, Empower agents Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant Davenport, and other caseworkers and administrative officers, acting in collaboration with Children's Medical Center Dallas and physicians Defendant Yu, Defendant Dakil, and Defendant Okoye, willfully conspired to override those protections. These actors, under the color of law and with knowledge of Petitioners' sacred and Indigenous status, used the Petitioners' lawful spiritual practices as justification to declare neglect and to forcibly separate them from their infant child without valid warrant, exigent circumstances, or any emergency order that conformed to constitutional requirements. They dismissed tribal identity, mocked ecclesiastical documentation, and disregarded Indigenous protocols, all while threatening criminal trespass against Petitioners for attempting to fulfill their sacred duties.

Rather than upholding the duties imposed upon them by law, these agents and officials engaged in the active suppression of Petitioners' spiritual authority and religious practices. The First Amendment's Free Exercise Clause and the Fourteenth Amendment's Due Process Clause create binding legal obligations upon state actors not to burden the exercise of sincerely held religious beliefs absent a compelling interest and the use of the least restrictive means. Here, there was no such compelling interest, nor was any analysis conducted to determine the cultural or religious implications of the state's interference. Instead, the Defendants substituted bureaucratic preferences and discriminatory assumptions in place of constitutionally mandated neutrality. The doctrine of duties and rights dictates that for every right held by the people, there is a corresponding duty held by the state and its agents to preserve and protect it. In this case, Defendants breached that duty at every level of government.

Defendants unilaterally severed the Petitioners' spiritual bond with their child, prohibited religious naming ceremonies, denied sacred visitation, and refused to allow ancestral rites of passage, despite receiving direct notice of Petitioners' Indigenous status and religious obligations. Hospital staff acted without consent or tribal oversight, submitting biased and culturally prejudiced reports. CPS and Empower agents disregarded ecclesiastical communications and failed to notify the appropriate tribal authorities. Defendant Shannon continued court proceedings in the absence of proper notice and without hearing Petitioners' spiritual objections. These collective actions show deliberate indifference and malicious intent to suppress sacred traditions in direct violation of clearly established federal rights.

The harm inflicted was not merely procedural—it was existential and generational. The desecration of sacred custodianship disrupted an ancient chain of spiritual inheritance. Petitioners suffered not only emotional trauma and psychological injury but the erasure of irreplaceable rites vital to the child's spiritual well-being and national identity. These violations amount to spiritual warfare carried out under the cloak of governmental authority. The targeting of Petitioners for their Indigenous spirituality, sacred obligations, and rejection of Western medical and doctrinal imposition constitutes not only a violation of civil rights but a profound offense to universal principles of human dignity, religious freedom, and parental sovereignty.

Accordingly, Petitioners seek declaratory and injunctive relief to prevent further interference, as well as compensatory and punitive damages to address the full scope of injuries sustained. Petitioners respectfully request that this Court affirm the inviolability of sacred custodianship and Indigenous religious freedom under the First Amendment, and that the named Defendants be held accountable under 42 U.S.C. § 1983 for the deliberate, unlawful, and unconstitutional targeting of Petitioners' free exercise of religion.

SEVENTEENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Equal Protection Clause
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Brown,
Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant

Davenport, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Children's Medical Center Dallas, Defendant Yu, Defendant Okoye, Defendant Dakil, Defendant Solis, Defendant Timmins-Richardson, Defendant Neff, Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, Defendant Spriggs, Defendant CASA, Defendant Medrano, Defendant Urquhartt, Defendant Lierman, Defendant Pitre, and Dallas County.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for the deprivation, under color of law, of Petitioners' rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Equal Protection Clause is not merely a theoretical principle; it imposes an affirmative legal duty upon all public officials, agents, and contractors acting under state authority to ensure that individuals are treated with fairness, impartiality, and dignity regardless of race, national origin, spiritual status, or political identity. This duty is particularly heightened when Indigenous families assert sovereign, religious, and tribal custodianship over a sacred minor heir.

Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother and family, as dark-skinned, Indigenous tribal persons, were subjected to grossly unequal treatment by the named Defendants, who deliberately denied them the rights, respect, and procedural access routinely afforded to white, non-Indigenous, mainstream Christian families in similar circumstances. Rather than honoring Petitioners' tribal standing, ancestral lineage, and ecclesiastical authority, Defendants marginalized their identity, demonized their sacred practices, and excluded them from lawful proceedings in which they were primary custodians and rights-holders. These actions violated both constitutional and fiduciary duties—duties which required the state to uphold parity in decision-making, investigate and verify kinship placements, and avoid discriminatory presumptions rooted in bias or ignorance.

Despite being presented with repeated, written kinship placement offers from qualified family in Texas and Trinidad, Defendants knowingly and falsely represented to the court that no suitable family was available. This was not a mistake but an act of intentional misrepresentation meant to extinguish Indigenous custodial rights and funnel the Petitioners' child into the foster care industrial system, contrary to law. Meanwhile, Defendants such as Kameka

Hewitt, Defendant Brown, Defendant Gonzalez, and others fabricated affidavits, engaged in ex parte proceedings, and mischaracterized Petitioners' protected religious expressions as combative or neglectful. Petitioners were punished for exercising their right to breastfeed, to use plant-based medicine, to refuse synthetic formula, and to perform sacred tribal rites. These same actions, had they been performed by white Christian parents, would likely have been considered culturally expressive or constitutionally protected.

 Defendant Shannon enabled this unequal treatment by failing to recuse herself despite a valid and accepted recusal motion, denying Petitioners proper notice, altering hearing dates, and issuing rulings without jurisdiction. Empower and DFPS agents coordinated and ratified this misconduct, while Children's Medical Center Dallas and its affiliated physicians suppressed parental input, rejected spiritual accommodations, and made medical decisions affecting the infant child without Petitioner consent. The violations extended to court staff, CASA agents, attorneys, and officials such as Daniel Semanek, Defendant Choice, and others who perpetuated these discriminatory acts by affirming, forwarding, and executing court orders born of fraud and procedural exclusion.

The Equal Protection Clause imposes non-discretionary, binding duties. The Defendants' breach of those duties led not only to an unlawful child removal, but to the erasure of Petitioners' spiritual identity, family integrity, and cultural continuity. The doctrine of duties and rights mandates that when the state exercises power over persons or property, it must do so without invidious discrimination and with respect for the inherent dignity of all families. Here, Defendants wielded their public power to humiliate, isolate, and dispossess the Petitioners of their child, their lineage, and their lawful station under both U.S. and international law.

As a direct and proximate result of these actions, Petitioners suffered irreparable injury including the warrantless seizure of their infant child, denial of tribal and familial placement, humiliation before the courts, reputational harm, spiritual degradation, and psychological trauma. Petitioners were excluded from proceedings, denied a voice in their child's medical decisions, and left to witness the systemic annihilation of their parental rights through discriminatory state conduct that would never be tolerated if the Petitioners were of a different race, nationality, or faith.

Accordingly, Petitioners seek declaratory and injunctive relief, compensatory and punitive damages, and such further remedy as this Court may deem just and proper to vindicate the constitutional rights denied, and to reaffirm the enduring mandate that all persons are entitled to equal protection under the law.

EIGHTEENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Right to Travel (Domestic and International)
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Black, Defendant Gonzalez, Defendant Wooten, Defendant Davenport, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Children's Medical Center Dallas, Defendant Yu, Defendant Okoye, Defendant Dakil, Defendant Solis, Defendant Timmins-Richardson, Defendant Neff, Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, Defendant Spriggs, Defendant CASA, Defendant Medrano, Defendant Urquhartt, Defendant Lierman, Defendant Pitre, and Dallas County.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983, seeking redress for the deprivation, under color of law, of Petitioners' fundamental right to travel as guaranteed by the Fourteenth Amendment to the United States Constitution and protected by the Privileges and Immunities Clause of Article IV. The right to travel includes both interstate and international movement, and it is a deeply rooted liberty interest that may not be abridged by the State absent a compelling justification, due process of law, and the use of the least restrictive means. The duty to protect this right is non-discretionary and inheres in every public official, agent, and judicial officer operating under state authority.

Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother and family, in their lawful capacity as sacred tribal custodians of their minor son Olorun Anu Davis, exercised this constitutional right by initiating legal and spiritual steps to facilitate international kinship placement with relatives in Trinidad and Tobago. This action was consistent with their sovereign spiritual duty, the best interest of the child, and lawful parental rights. Instead of honoring this protected activity, Defendants retaliated by obstructing lawful family reunification efforts, including domestic and

international travel. DFPS agents, Empower contractors, court officials, medical personnel, and CASA participants deliberately interfered with the Petitioners' movement, withheld essential records, fabricated an emergency to justify warrantless removal, and refused to initiate or cooperate with ICPC protocols or international placement processes.

Defendants Kameka Hewitt, Defendant Black, Defendant Gonzalez, Defendant Shannon, and others repeatedly acted with deliberate indifference to Petitioners' rights by suppressing communication with international consular officials, manipulating court calendars, issuing ex parte custody orders, and advancing false claims of abandonment to obstruct foreign family intervention. Petitioners' family members in Florida and Trinidad were surveilled, harassed, and falsely warned of legal consequences for assisting with placement or asserting kinship. These actions constitute an egregious and coordinated effort to criminalize Petitioners' lawful attempts to reunify with family abroad and to intimidate foreign relatives into silence through threats and omission of procedural access.

The Duties and Rights Doctrine compels all public servants and government contractors to protect constitutional liberties and to avoid infringing on those liberties absent legal authority. The duty to facilitate familial integrity and freedom of movement is heightened when a child's religious, tribal, and international rights are implicated. Rather than fulfill this duty, Defendants acted maliciously and in concert to deny Petitioners access to mobility, spiritual fulfillment, and family preservation. They failed to honor international treaty obligations under the Vienna Convention on Consular Relations, the Hague Convention, and the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP), all of which bind state actors from denying Indigenous and international families access to their own kin and sovereign consular protection.

No judicial findings of unfitness, abandonment, or abuse existed to justify this intrusion. Instead, the removal and subsequent blockade of travel were rooted in animus toward Petitioners' race, religion, national origin, and political status as Indigenous tribal people. Petitioners were treated as fugitives for asserting rights that are constitutionally protected and universally recognized under international law. Rather than enabling a pathway to lawful reunification, Defendants created a scheme to forcibly convert a private child into a ward of the state through deception, retaliation, and bureaucratic obstruction—thereby directly violating Petitioners' right to travel and familial association.

As a direct and proximate result of these unlawful acts, Petitioners suffered irreparable injury, including separation from their child, denial of familial and spiritual travel, suppression of cultural rites abroad, emotional devastation, fear of retaliation, and severe disruption of international religious placement. The Defendants' conduct has caused lasting harm to the Petitioners' sacred mission and has obstructed a constitutionally and spiritually protected course of family reunification.

Petitioners therefore seek declaratory and injunctive relief, actual and punitive damages, costs of suit, attorneys' fees pursuant to 42 U.S.C. § 1988, and any further relief that this Honorable Court deems just, equitable, and necessary to remedy this grievous constitutional violation and restore the right to travel as a sacred liberty interest.

## NINETEENTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments – Unlawful Seizure and Lack of Probable Cause
By Petitioners Against: Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant Shannon, Empower, DFPS, Children's Medical Center Dallas, and Dallas County

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, namely the unlawful seizure of Petitioners' minor child, Olorun Anu Davis, absent probable cause, exigent circumstances, or a lawful court order obtained through due process. The seizure was executed under color of state law and facilitated through fraud, coercion, and collusion between DFPS agents, Empower contractors, judicial officers, and hospital personnel acting in coordinated conspiracy.

On or about June 2, 2025, Defendants—including but not limited to Kameka Hewitt, Defendant Brown, Defendant Gonzalez, and Defendant Black—deliberately orchestrated the removal of Petitioners' child from their private residence, employing false narratives, misrepresentations of medical

opinion, and fabricated affidavits. This seizure occurred without a valid warrant, without a judicial finding of imminent danger, and without compliance with statutory prerequisites under Texas Family Code § 262.104. The actions were taken in the absence of any credible evidence that the child was in immediate physical danger, and contrary to medical records showing no signs of abuse or neglect. The affidavit of Dr. Michael Yu, which served as the purported medical basis for removal, was later admitted to be made without any personal examination of the child—a fact known or easily ascertainable by Defendants, yet intentionally concealed from the court.

Defendant Shannon proceeded to issue ex parte orders predicated on this fraudulent affidavit and empowered Empower and DFPS agents to seize the child and deny the Petitioners all meaningful opportunity to be heard. This deprivation of liberty and parental custody occurred without the procedural protections guaranteed under the Fourteenth Amendment's Due Process Clause and without the substantive constitutional threshold required to justify removal under the Fourth Amendment.

Applying the Duties and Rights Doctrine, each named Defendant had an affirmative, non-delegable duty to ensure that no child is removed from a private family dwelling absent clear evidence of harm or credible threat, vetted through adversarial proceedings and in strict compliance with constitutional safeguards. State actors, particularly those involved in child welfare, are entrusted with a fiduciary responsibility to protect the sanctity of family, the integrity of constitutional liberty, and the child's best interest as defined by law—not administrative expediency or unfounded allegations. This duty extends to the hospital staff and social workers, who bear responsibility not to misrepresent facts, forge or manipulate documents, or collude with government agencies to manufacture a crisis that does not exist.

Instead of honoring these obligations, Defendants collectively engineered an outcome rooted in bad faith, racism, religious intolerance, and bureaucratic convenience. Petitioners were denied any semblance of fair process, subjected to coordinated deception, and treated as criminals based solely on cultural beliefs, tribal identity, and refusal to submit to mainstream medical orthodoxy. The unlawful seizure of their child without lawful justification constitutes one of the most egregious violations of parental liberty protected under the Constitution.

As a direct and proximate result of these actions, Petitioners suffered catastrophic injury to their family integrity, psychological trauma, cultural disruption, humiliation, and an ongoing loss of custodial and spiritual connection with their sacred child. Defendants' conduct was willful, malicious, and in conscious disregard of clearly established constitutional rights.

Petitioners hereby seek declaratory relief, injunctive relief, compensatory damages, punitive damages, attorneys' fees under 42 U.S.C. § 1988, and any further relief deemed just and appropriate by this Court.

NINETEENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments –
Unlawful Seizure and Lack of Probable Cause
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, Defendant Davenport, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Children's Medical Center Dallas, Defendant Yu, Defendant Dakil, Defendant Solis, Defendant Okoye, Defendant Timmins-Richardson, Defendant Neff, Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Wilkins, Defendant Griffin, Defendant Spriggs, Defendant CASA, Defendant Medrano, Defendant Urquhartt, Defendant Lierman, Defendant Pitre, and Dallas County.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution, committed under color of law by a coordinated network of DFPS agents, Empower contractors, hospital personnel, CASA affiliates, and judicial officers. On or about June 2, 2025, Defendants willfully and unlawfully seized Petitioners' minor child, Olorun Anu Davis, from his private family residence without a valid warrant, without exigent circumstances, and without any lawful finding of imminent danger, probable cause, or due process protections. The seizure occurred in direct violation of clearly established constitutional rights and statutory safeguards under Texas Family Code § 262.104 and applicable federal law.

Defendants Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, and Defendant Davenport manufactured a pretextual

justification for removal by relying on the falsified affidavit of Dr. Michael Yu, who later admitted he had never examined the child. This critical fact, which voids the foundation for removal under both statutory and constitutional standards, was known or easily discoverable by all parties involved, yet was deliberately concealed. Defendant Shannon subsequently issued ex parte orders granting DFPS and Empower agents unlawful authority to remove the child, based on this fraudulent submission, thereby stripping Petitioners of their custodial rights without notice, hearing, or opportunity to challenge the false claims presented.

The Duties and Rights Doctrine imposes an unqualified legal and moral obligation upon state actors and their agents to protect family integrity and constitutional liberty. Every named Defendant had a non-delegable fiduciary duty to verify the truth of allegations, to refrain from facilitating fraud, to follow the least restrictive means doctrine, and to honor the sacred and protected status of the parent-child bond. Instead, Defendants engaged in intentional misconduct, submitting fabricated reports, concealing exculpatory medical records, falsifying legal service documents, misrepresenting tribal status, and targeting the Petitioners for removal based on their Indigenous identity, breastfeeding preferences, and spiritual traditions.

This unlawful removal was not a mistake of law—it was a premeditated and coordinated seizure of private property and sacred custodial authority rooted in bureaucratic collusion, racial and religious animus, and abuse of judicial power. Agents of DFPS and Empower acted in tandem with hospital staff at Children's Medical Center Dallas, who provided knowingly false and racially biased statements to CPS agents. CASA representatives, including Defendant Demko Gray, Defendant Griffin, Defendant Wilkins, and Defendant Jackson, continued to support the removal despite overwhelming evidence of procedural fraud, and failed to advocate for reunification or truth in the judicial process. Dallas County judicial officers, including Defendant Pitre, failed to reject knowingly defective filings and permitted these violations to proceed without redress or accountability.

This systemic and deliberate misconduct resulted in the kidnapping and ongoing unlawful detention of a sacred tribal child. Petitioners were denied every procedural and substantive safeguard guaranteed by the Constitution. They were criminalized and surveilled, their tribal lineage disregarded, and their access to meaningful court participation completely severed through calendar manipulation, failure of service, and fabricated orders.

As a direct and proximate result of the acts and omissions of each named Defendant, Petitioners have suffered catastrophic harm: the illegal and traumatic loss of their infant son, emotional and spiritual devastation, reputational harm, deprivation of sacred rites, prolonged separation from tribal and familial unity, and the systematic obliteration of their protected status as lawful sacred custodians. The injuries inflicted by this unlawful seizure are irreparable and ongoing, rising to the level of conscience-shocking behavior that demands the strongest remedies available under law.

Petitioners therefore seek declaratory and injunctive relief, compensatory damages, punitive damages, attorneys' fees under 42 U.S.C. § 1988, and any other relief this Court deems necessary to restore the constitutional order and hold each Defendant accountable for this gross abuse of authority.

TWENTY-FIRST CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments
Unlawful Medical Detention and Coerced Treatment
By Petitioners Against: Children's Medical Center Dallas, Dr. Michael Yu, Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Wooten, Defendant Black, Defendant Davenport, Defendant Shannon, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Medrano, Defendant Urquhartt, Defendant Lierman, Defendant Pitre, and Dallas County.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for violations of Petitioners' rights under the Fourth and Fourteenth Amendments to the United States Constitution, specifically their rights to bodily integrity, medical autonomy, parental participation in healthcare decisions, and freedom from unlawful state detention or coercion. On or about June 2, 2025, Children's Medical Center Dallas, in direct collusion with DFPS and Empower agents, unlawfully detained Petitioners Kenneth Arnez: Davis, mother and family and their minor child, Olorun Anu Davis, under pretextual medical pretenses wholly unsupported by clinical evidence, due process, or lawful court order. The hospital's personnel—including Dr. Michael Yu, who later admitted under affidavit that he never examined the child—initiated or participated in a coordinated scheme to

fabricate medical concerns, manufacture neglect allegations, and justify involuntary custody of the child for the benefit of CPS intervention.

Rather than acting as a place of care and medical professionalism, Children's Medical Center Dallas became an instrument of state overreach, forcibly separating a sacred child from his lawful parents without warning, consent, or medical justification. Petitioners were physically detained in the hospital, denied access to legal counsel, prevented from contacting family, and subsequently expelled under duress while their child was illegally retained in state custody. This conduct occurred without judicial authorization, without probable cause, and without compliance with required procedures, including those outlined in Texas Family Code § 262.104 and the provisions of SB 1578, which prohibits removal based solely on uncorroborated medical opinion absent physical examination and due process.

Defendants, acting individually and in concert, knowingly circumvented the Petitioners' protected rights under the color of state law. Empower agents Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Black, Defendant Wooten, and Defendant Davenport, acting in tandem with hospital staff and with the authorization of Defendant Shannon, concealed the falsity of the underlying medical affidavit and failed to verify the legitimacy or accuracy of claims before initiating traumatic removal actions. Hospital staff and Empower representatives coerced compliance through veiled threats, procedural confusion, and use of law enforcement intimidation, exploiting Petitioners' spiritual beliefs, dietary preferences, and Indigenous heritage as justification for medical alarmism.

Under the Duties and Rights Doctrine, every Defendant named herein had an affirmative obligation to protect—not infringe upon—the fundamental rights of Petitioners as lawful parents. The medical setting heightened that obligation. Hospitals and physicians, especially when working in coordination with government authorities, are bound by ethical, legal, and constitutional duties to safeguard bodily integrity, honor informed consent, and avoid medical discrimination. These duties were not merely ignored—they were actively violated through deliberate indifference, professional negligence, and bad faith.

The Petitioners' rights to religiously guided parenting, natural healing practices, ancestral breastfeeding customs, and non-invasive treatment modalities were mocked and criminalized. Defendants treated these protected expressions of

parental autonomy not as lawful variations in care but as grounds for state intrusion. The child was kept under hospital observation not for his medical benefit, but for bureaucratic processing into the child welfare system—an abuse of authority that shocks the conscience and violates the most sacred principles of family law and constitutional governance.

As a direct and proximate result of these unlawful medical detentions and coercive tactics, Petitioners have suffered emotional devastation, spiritual trauma, irreversible interruption of sacred custodial rites, and a gross betrayal by those charged with protecting health and healing. The hospital's involvement in this unconstitutional seizure facilitated the severing of a divine familial bond and exposed Petitioners to further judicial harm, systemic marginalization, and ongoing psychological distress.

Petitioners therefore respectfully demand declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and such other and further relief as this Court may deem just and necessary to restore the sanctity of parental authority and the constitutional guarantees of liberty, autonomy, and bodily integrity.

## TWENTY-SECOND CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Substantive Due Process – Familial Association and Parental Integrity
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Black, Defendant Wooten, Defendant Davenport, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Medrano, Defendant Lierman, Defendant Urquhartt, Defendant Pitre, and Dallas County.

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 to redress the deprivation of fundamental liberty interests secured by the Fourteenth Amendment's Substantive Due Process protections—namely, the right of familial association,

the preservation of the parent-child relationship, and the integrity of sacred parental obligations. These rights are not created by the government—they are inherent, sacred, and protected by centuries of jurisprudence as the bedrock of civil society. The Constitution forbids the State from arbitrarily interfering with the bond between parent and child without a compelling interest, narrowly tailored means, and full due process protections. That standard was wholly disregarded in this case.

Petitioners Kenneth Arnez: Davis, Olorun Anu: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo and family are not merely sacred biological father, mother, grandmother, cousins, uncles, aunts, grandparents—they are spiritual and genealogical custodians of their sacred tribal heir, Olorun Anu Davis. Their rights to raise, nurture, protect, and transmit culture, identity, and divine inheritance to their son are enshrined not only in natural law and Indigenous custom but also in the United States Constitution. The Defendants, acting under color of state law and without lawful authority, unlawfully and maliciously fractured this sacred bond through the unauthorized seizure, retention, and concealment of their child. The removal was executed without warrant, without valid exigent circumstances, and without the legally required adversarial process—constituting a gross abuse of governmental power.

The actions of Defendant Shannon, Kameka Hewitt, Defendant Brown, Defendant Gonzalez, and affiliated Empower and DFPS personnel were not administrative errors or discretionary missteps—they were acts of knowing, deliberate interference designed to sever the Petitioners' parental rights and obstruct the sacred lineage of their child. The record shows that court hearings were manipulated, notices were concealed, visitation was denied, and evidence favoring family placement was ignored or suppressed. Every opportunity to remedy or preserve the family unit was intentionally sabotaged.

The Duties and Rights Doctrine, which governs all state actors and affiliated contractors in the exercise of police power, imposes an affirmative fiduciary duty to uphold sacred trust when dealing with families—especially Indigenous families asserting tribal, religious, and spiritual custodianship. This doctrine affirms that the parent-child relationship must be preserved unless strict legal thresholds are met, including credible evidence of imminent harm and judicial review affording notice and opportunity to be heard. Defendants abandoned these principles, opting instead for a system of arbitrary judgments, racial profiling, spiritual

denigration, and administrative convenience at the expense of human dignity and constitutional restraint.

Rather than honoring the presumption of parental fitness and the legal requirement to exhaust less restrictive alternatives, Defendants treated Petitioners as adversaries to be silenced and removed. This was done not based on evidence, but based on cultural bias, ignorance of Indigenous traditions, and hostility toward nonconforming parenting practices rooted in ancestral spirituality and natural care. Their son was reduced from a sacred heir to a subject of state control—a commodified ward stripped from his genealogical roots under fraudulent pretext.

As a direct and proximate result of these deliberate constitutional violations, Petitioners endured the forced and unlawful removal of their infant son, the permanent disruption of the parent-child bond, and irreparable harm to their spiritual and emotional integrity. They suffered prolonged psychological trauma, humiliation, public stigma, and were denied access to legal redress and tribal recourse. Their identity as parents was profaned, their sacred duties obstructed, and their familial relationship subjected to erasure by state actors operating without moral compass or lawful restraint.

Petitioners hereby demand declaratory and injunctive relief to prevent ongoing violations, compensatory and punitive damages to redress the grievous harms suffered, attorney's fees pursuant to 42 U.S.C. § 1988, and such other and further relief as this Court may deem just, necessary, and appropriate to vindicate the constitutional order and restore the rights of sacred familial association.

TWENTY-THIRD CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Procedural Due Process – Lack of Notice, Hearing, and Fair Opportunity to Respond
By Petitioners Against: Defendant Shannon, Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Black, Defendant Wooten, Defendant Davenport, Defendant Empower, Defendant TFI, Defendant TFI LLC, Texas Department of Family and Protective Services (DFPS), Daniel Semanek, Defendant Choice, Defendant Jackson, Defendant Demko Gray, Defendant Medrano, Defendant Lierman, Defendant Urquhartt, Defendant Pitre, and Dallas County

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 to redress egregious violations of the Procedural Due Process protections guaranteed by the Fourteenth Amendment to the United States Constitution. These violations include but are not limited to the unlawful seizure of Petitioners' minor child, the denial of timely notice of legal proceedings, concealment of critical hearing dates, lack of opportunity to confront adverse witnesses, suppression of favorable evidence, and systematic exclusion from meaningful participation in the adjudication of their fundamental parental rights.

Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, and Olorun Anu: Davis were entitled to the most stringent procedural safeguards before the State could even contemplate the removal of their child. The right to notice, to be heard, and to confront one's accusers is not aspirational—it is foundational. Defendants, however, treated this bedrock principle as an inconvenience. They failed to provide constitutionally adequate notice of emergency hearings. They manipulated court calendars, issued fraudulent or misdated court filings, and conducted ex parte proceedings to predetermine outcomes without Petitioners' knowledge or participation. These actions were carried out knowingly and with malicious intent.

 Defendant Shannon, acting in conspiracy with DFPS agents, Empower contractors, and Dallas County judicial clerks, intentionally failed to provide Petitioners with proper service of process and access to timely legal remedy. Defendant Defendant Pitre, Clerk of the Court, aided in this deprivation by refusing to file-stamp certain pleadings, ignoring properly filed motions, and omitting hearing notices from the public record. This judicial sabotage ensured that Petitioners could not respond, appear, or defend themselves in critical early proceedings which culminated in the unlawful custody transfer of their infant child.

The Duties and Rights Doctrine reinforces that the State, acting through its judicial and executive agents, bears a non-delegable, affirmative obligation to provide full, fair, and timely procedural due process before taking any action that implicates fundamental liberty interests. This duty was breached at every stage. Petitioners were denied the most basic rights afforded even in minor civil disputes—rights that become exponentially more important when the matter concerns sacred custodianship and spiritual responsibility over one's offspring.

The deprivation of procedural due process was not an isolated error, but a systemic operation designed to deny redress. Petitioners' filings were ignored. Evidence of kinship placement options was omitted from court records. Orders were issued without adversarial process. Every meaningful chance for Petitioners to assert, defend, or explain their sacred custodial role was obliterated under color of law.

As a direct and proximate result of these unlawful actions, Petitioners suffered catastrophic injury to their rights as parents, cultural and spiritual leaders, and natural persons under the Constitution. The psychological torment of being silenced in matters concerning their child, the bureaucratic erasure of their presence from court proceedings, and the institutional indifference to their sacred identity constitute an unconscionable breakdown of the rule of law.

Petitioners hereby demand declaratory relief recognizing the denial of procedural due process, injunctive relief to halt any further proceedings tainted by these violations, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and all such further relief as this Court may deem just, equitable, and required to vindicate the rule of law and restore justice to the injured parties.

TWENTY-FOURTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
First and Fourteenth Amendments – Violation of Religious Freedom and Expression
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Gonzalez, Defendant Brown, Empower, DFPS, Children's Medical Center Dallas, Dr. Michael Yu, and Dallas County

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for the deprivation, under color of law, of Petitioners' constitutional rights secured by the First and Fourteenth Amendments, specifically the right to the free exercise of religion and spiritual expression, as well as protection from government action that substantially burdens religious practice without compelling justification and due process.

Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, Olorun Anu: Davis, as dark-skinned Indigenous tribal persons and lawful spiritual

guardians of their minor heir Olorun Anu Davis, have maintained a consistent, lawful, and sacred adherence to religious tenets, including breastfeeding as a spiritual covenant, natural medicine, ancestral naming rituals, and ceremonial rites involving anointing, drumming, fasting, and protective blessing practices. These expressions of spiritual and cultural identity were not merely personal beliefs—they were deeply held religious practices forming the basis of the Petitioners' ecclesiastical stewardship over their child.

Despite full transparency regarding their spiritual beliefs and practices, the named Defendants, acting individually and in concert under color of law, actively ridiculed, suppressed, criminalized, and discriminated against these expressions of faith. Petitioners were accused of "noncompliance," "medical neglect," and "unfit parenting" not based on any actual danger to the child, but because they declined Similac formula, requested privacy for tribal rites, questioned invasive medical procedures, and refused to convert their spiritual approach to one sanctioned by mainstream Western medical orthodoxy.

Dr. Michael Yu, who never examined the child, authored an affidavit that relied in part on the Petitioners' refusal to follow hospital-prescribed artificial feeding regimens—without acknowledging or respecting that such refusal was rooted in religious duty. Children's Medical Center Dallas personnel similarly obstructed spiritual rites at the bedside and accused Petitioners of "abuse" for practicing religious anointing. Empower and DFPS agents, including Kameka Hewitt, Defendant Gonzalez, and Defendant Brown, used these protected religious practices as justification for removal, falsely alleging neglect and circumventing constitutional protections.

Defendant Shannon entered orders that removed the child without considering Petitioners' First Amendment protections and without any narrowly tailored justification. The court refused to consider religious exemptions, denied accommodations for spiritual rites, and proceeded in a manner that imposed governmental orthodoxy upon a private, lawful spiritual household. These acts constituted viewpoint discrimination, religious persecution, and a conscious disregard of constitutional mandates.

Under the Duties and Rights Doctrine, government agents, judicial officers, and state contractors bear an affirmative obligation to safeguard religious expression, to avoid policies that have a chilling effect on faith-based practices, and to honor the supremacy of constitutional rights over administrative preferences. These

Defendants failed in their duties and, in so doing, transgressed the legal boundary separating church and state.

As a direct and proximate result of Defendants' actions, Petitioners have suffered severe psychological trauma, irreparable injury to their religious dignity, the desecration of sacred rites, and unlawful interruption of familial covenant practices essential to the child's spiritual formation. The removal of their child under these circumstances was not simply a misstep—it was a religious assault cloaked in state procedure.

Petitioners seek declaratory and injunctive relief recognizing the violation of their religious rights, compensatory and punitive damages, attorney's fees pursuant to 42 U.S.C. § 1988, and such further relief as this Court deems just, necessary, and consistent with the vindication of sacred liberty and constitutional order.

TWENTY-FIFTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Equal Protection Clause – Racial and Cultural Discrimination
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Gonzalez, Defendant Brown, Defendant Wooten, Defendant Black, Empower, DFPS, Children's Medical Center Dallas, Dr. Michael Yu, Texas Family Initiative, Dallas County, and Other Agents Acting in Concert

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises under 42 U.S.C. § 1983 to redress a pattern and practice of racial and cultural discrimination perpetrated under color of law in violation of the Equal Protection Clause of the Fourteenth Amendment. Petitioners, as dark-skinned Indigenous tribal persons, were targeted, stereotyped, and subjected to unequal treatment by government agents and contracted actors on the basis of race, ethnicity, ancestry, and protected spiritual customs.

From the moment Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis presented themselves in a hospital setting, they were treated with suspicion, ridicule, and bias. Petitioners' natural parenting choices—including sacred naming conventions, breastfeeding practices, and spiritual rituals—were deemed "abuse," "neglect," or "noncompliance," despite no evidence of actual harm to the child. White families

engaged in similar alternative or religious lifestyles are regularly afforded deference and medical accommodation; Petitioners were met instead with coercion, medical detention, and child seizure.

Defendants—including DFPS agents Kameka Hewitt, Defendant Gonzalez, and Defendant Brown; Empower staff Defendant Black and Defendant Wooten; Defendant Shannon; and staff at Children's Medical Center Dallas—acted with discriminatory intent and disparate impact. They demonstrated an implicit and explicit bias by disbelieving Petitioners' assertions, ignoring kinship options rooted in their ancestral heritage, denying them equal protection under medical and judicial policy, and enforcing state custody without sufficient cause, solely because Petitioners did not conform to Eurocentric norms.

Defendant Shannon presided over proceedings in which racial, cultural, and spiritual prejudice formed the basis for intervention. Orders were issued without scrutinizing the racial implications of state intervention in a culturally distinct household. Hospital staff documented the Petitioners' spiritual practices and ancestral identity as "concerns" rather than protected expressions, betraying an institutional mindset that devalues and criminalizes Indigenous customs.

The Duties and Rights Doctrine further reinforces the State's non-delegable obligation to ensure equal protection to all persons, especially those from historically marginalized backgrounds. This includes an affirmative duty to protect cultural and racial minorities from disproportionate state intrusion, to ensure nondiscrimination in medical and judicial proceedings, and to uphold the dignity of Indigenous heritage within all systems of government interaction.

Rather than meet these constitutional obligations, Defendants chose to perpetuate cycles of institutionalized discrimination. They used the machinery of CPS, court orders, and hospital protocols to dismantle an Indigenous family without basis, all while ignoring the cultural violence inherent in their actions. The seizure and continued detainment of Petitioners' child occurred not in spite of their race and heritage, but because of it.

As a direct and proximate result of this racial and cultural discrimination, Petitioners have suffered permanent damage to their family structure, loss of sacred parental connection, psychological distress, and reputational harm within both their spiritual community and broader society. Their infant child was forcibly

removed from his Indigenous legacy and ancestral rites, a harm that cannot be undone.

Petitioners seek declaratory and injunctive relief, compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and such other and further relief as this Court may deem just, necessary, and appropriate to address and redress systemic discrimination and to restore Petitioners' dignity and constitutional protections.

TWENTY-SIXTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
First Amendment – Freedom of Religion and Expression
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant Gonzalez, Defendant Brown, Defendant Black, Defendant Wooten, Empower, DFPS, Children's Medical Center Dallas, Dr. Michael Yu, Dallas County, and Related State Actors

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises under 42 U.S.C. § 1983 to redress violations of the First Amendment to the United States Constitution, which guarantees freedom of religion, expression, and the right to practice spiritual beliefs without government interference or retaliation. The Defendants, acting under color of law, conspired and executed a series of acts that burdened, suppressed, and punished the lawful and peaceful exercise of Petitioners' religious and spiritual beliefs.

Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis, as Indigenous tribal persons, hold sacred spiritual obligations to care for their child, Olorun Anu Davis, in accordance with their ancestral and religious customs. These include, but are not limited to: natural birth practices, breastfeeding as a sacred duty, the rejection of synthetic infant formula, tribal naming rituals, rites of passage, use of natural healing methods, and ceremonial blessings. All of these practices are integral expressions of their Indigenous religion and cultural identity.

Defendants, including agents from DFPS and Empower, judicial officer Defendant Shannon, and medical professionals at Children's Medical Center Dallas, acted

with animus and deliberate indifference toward these protected practices. Rather than respecting the Petitioners' First Amendment rights, Defendants falsely labeled their spiritual expressions as "medical neglect," "combative behavior," or "risk factors," thereby criminalizing protected religious conduct. Their conduct constituted viewpoint discrimination, as similarly situated parents who express religious devotion within mainstream faith systems were not subjected to such scrutiny, coercion, or removal.

The Duties and Rights Doctrine makes clear that government agents, contractors, and officers have a binding obligation to honor, not suppress, religious expression. This includes a duty not to retaliate against families for their lawful and sincere spiritual practices, nor to create pretextual grounds for removal or intervention based on disagreement with religious choices. The State is prohibited from favoring certain religions while suppressing others, and yet in this case, Indigenous spirituality was met with hostility, erasure, and punitive state action.

Hospital staff, working in collaboration with DFPS and Empower, failed to obtain informed consent for medical interventions, disregarded spiritual objections, and treated Petitioners' religious refusals as evidence of harm. Court orders were issued without allowing Petitioners to present their religious defense, in violation of their right to be heard and to freely exercise their beliefs in matters of parenting and healthcare.

As a direct and proximate result of these violations, Petitioners suffered the unlawful seizure of their child, emotional anguish, spiritual harm, reputational injury, and continued interference with their ability to perform sacred rites and duties. Their child was stripped of spiritual protections and denied ancestral rites due to government hostility toward Petitioners' faith.

Petitioners seek declaratory relief confirming the violation of their First Amendment rights, injunctive relief to prevent future infringement, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and any further relief the Court deems just, proper, and necessary to protect the free exercise of religion and expression.

TWENTY-SEVENTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Procedural Due Process – Failure to Provide

Adequate Notice and Opportunity to Be Heard
By Petitioners Against: Defendant Shannon, Defendant Pitre, Defendant
Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Black, Empower, DFPS,
Dallas County, and Associated Court Clerks

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 to redress violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, specifically the right of individuals to receive fair notice and a meaningful opportunity to be heard before the State may deprive them of liberty or property. Defendants, acting under color of law and in coordination across judicial, administrative, and agency roles, violated these constitutional protections by engaging in a systematic scheme of deception, concealment, and procedural fraud that denied Petitioners any meaningful chance to contest the unlawful seizure and continued custody of their minor child, Olorun Anu Davis.

On or about June 2, 2025, Defendants orchestrated the removal of Petitioners' infant child without advance notice, a verified petition, adversarial hearing, or emergency order based on lawful findings. Over the weeks that followed, Defendants Defendant Shannon, Defendant Pitre, and others in judicial and clerical roles issued orders and scheduled hearings without serving proper notice upon Petitioners. Ex parte communications were used to alter dockets without transparency, and hearings were held in secret or rescheduled without informing the Petitioners, despite the fact that they had made multiple filings and appearances in propria persona to assert their rights and contest jurisdiction.

The Duties and Rights Doctrine places an affirmative obligation on all government actors to ensure that before a deprivation of rights occurs, affected parties must be given timely, accurate, and accessible notice, and a real opportunity to participate in hearings, submit evidence, cross-examine witnesses, and challenge claims. This duty cannot be waived, circumvented, or delegated through informal communications, secret scheduling, or reliance on administrative discretion. The Constitution demands that proceedings involving fundamental liberty interests—such as the parent-child relationship—be conducted in a manner that is fair, transparent, and consistent with established legal protections.

Rather than uphold these duties, the named Defendants engaged in collusion and administrative manipulation to obstruct the Petitioners' access to due process. Petitioners were never served with essential pleadings, never afforded a full adversary hearing, and were deliberately kept unaware of key rulings, including custody determinations made without their participation. The Court Clerk's Office, under the direction of Defendant Pitre and other unknown agents, failed to docket filings properly, suppressed notices of hearing, and refused to acknowledge submitted motions—all contributing to a coordinated violation of Petitioners' procedural rights.

The direct and proximate result of these constitutional violations was the unlawful deprivation of custody, denial of redress, psychological trauma, and continued interference with sacred family bonds. The injuries inflicted upon Petitioners stem not only from the acts of individual actors but from the institutional failure to adhere to the most basic elements of due process required under the Constitution.

Petitioners seek declaratory relief confirming the violation of their procedural due process rights, injunctive relief to restore those rights and prevent future harm, compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and any further relief deemed just, proper, and necessary by this Court to ensure the integrity of judicial process and protect the rights of the people.

TWENTY-EIGHTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Procedural Due Process Violations in Removal and Adjudication
By Petitioners Against: Defendant Shannon, Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Empower, DFPS, and Dallas County

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for violations of the Fourteenth Amendment's guarantee of procedural due process. Petitioners assert that the named Defendants, under color of state law, failed to afford the fundamental protections required before interfering with their liberty interest in the care, custody, and companionship of their minor child, Olorun Anu Davis.

Procedural due process is not optional—it is a constitutional mandate requiring timely notice, an opportunity to be heard, and an impartial tribunal before the government can lawfully deprive an individual of a protected liberty or property interest. In matters involving child custody, the stakes are particularly grave. The liberty interest at stake includes not only the parent's right to raise their child, but the child's right to remain in the custody of their natural parents absent clear, lawful, and constitutionally adequate justification.

Here, Petitioners were deprived of all such protections. The removal of their child on or about June 2, 2025, was conducted without prior notice, without adversarial hearing, and without meaningful opportunity to present evidence or rebut unfounded allegations. The affidavit filed by Dr. Michael Yu, relied upon by Defendants, was fraudulent on its face and later admitted to be made without a personal medical examination. Despite this, Defendant Shannon issued ex parte removal orders and declined to afford Petitioners any post-deprivation hearing that met constitutional standards. Hearings were either misdated, secretly rescheduled, or manipulated in such a way that Petitioners were denied access, participation, or basic procedural fairness.

Defendants—including Defendant Gonzalez, Kameka Hewitt, and Defendant Brown—further obstructed procedural due process by failing to properly serve the Petitioners, denying them discovery, and concealing material facts from the court. The administrative and judicial process was so deeply flawed that it amounted to a de facto deprivation of all rights, where outcomes were predetermined and state actors operated with impunity and disregard for established law.

Under the Duties and Rights Doctrine, every government official named had an affirmative, non-delegable duty to ensure that Petitioners were afforded due process before removal, during adjudication, and throughout any ongoing custody litigation. That duty includes providing valid notice of hearings, allowing presentation of evidence, responding to motions, and ensuring transparency in proceedings that affect the sacred rights of parents and children. The failure of these duties is not merely an administrative oversight—it is a constitutional breach.

As a direct and proximate result of these violations, Petitioners suffered irreparable injury, including the unlawful loss of custody, denial of access to their

child, psychological and emotional trauma, and the erosion of faith in a system designed to safeguard, not sabotage, parental rights.

Petitioners now seek declaratory relief to establish that these proceedings were unconstitutional, injunctive relief to prevent further denial of due process, compensatory and punitive damages, attorney's fees under 42 U.S.C. § 1988, and all such further relief this Court may deem necessary and proper to vindicate the core procedural guarantees enshrined in the Fourteenth Amendment.

TWENTY-NINTH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Prosecutorial Misconduct, Bad Faith, Clerk Malfeasance, and Conflict of Interest
By Petitioners Against: Defendant Choice, Daniel Semanek, Defendant Pitre, Dallas County District Attorney's Office, Dallas County, DFPS, DCCPS, and Related State Actors

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 for violations of the Petitioners' rights to due process under the Fourteenth Amendment of the United States Constitution, based on egregious misconduct committed by agents of the Dallas County District Attorney's Office, the District Clerk's Office, and DFPS-affiliated actors, all acting under color of law and in breach of their legal and constitutional duties.

Defendant Defendant Choice, in concert with Defendant Semanekand others in the Dallas County District Attorney's Office, engaged in bad faith prosecution by unlawfully representing DFPS and its local affiliate DCCPS, despite having no statutory or constitutional authority to do so. These agencies are legally obligated to be represented either by their own internal counsel or by the Texas Attorney General's Office. The DA's unlawful assumption of legal representation in these matters constituted a gross conflict of interest, violated separation of powers, and irreparably tainted the adversarial process. This unauthorized representation was further weaponized to silence, intimidate, and criminalize Petitioners for asserting their protected rights as Indigenous parents.

Defendants knowingly prosecuted a meritless and jurisdictionally defective civil action under a fabricated emergency, failing to provide required evidence of

imminent danger, and relying instead on unexamined medical reports, false affidavits, and extrajudicial narratives to justify the continued detention of Petitioners' minor child. Prosecutorial discretion was not merely abused but transformed into a tool of targeted retaliation and fraud. Petitioners' lawful motions, affidavits, and requests for relief were deliberately ignored or misrepresented in filings presented to the court.

Defendant Pitre, as District Clerk of Dallas County, failed in her ministerial duty to enter defaults when the State and its agents failed to respond to properly filed and served pleadings. This non-discretionary duty under both state and federal procedural law is foundational to due process and must be performed faithfully and impartially. By failing to enter default, and by concealing or suppressing lawful filings made by Petitioners, the Clerk became complicit in obstructing access to remedy and violated the Petitioners' right to a meaningful hearing and to judicial relief. These actions, whether through incompetence or coordination, served to protect governmental actors from accountability, while leaving Petitioners without a functioning legal forum.

All named Defendants acted with willful disregard for their oaths of office and with deliberate indifference to the constitutional obligations imposed upon them. The Duties and Rights Doctrine mandates that prosecutorial and judicial officers, along with their agents and clerks, act in strict fidelity to the Constitution, particularly when parental liberty and sacred custodial rights are at stake. These Defendants violated that sacred trust and operated under a code of silence and coordinated obstruction that defies both law and ethics.

As a direct and proximate result of these coordinated violations, Petitioners have suffered denial of due process, loss of judicial access, irreversible harm to their familial rights, unlawful seizure of their child, and continued spiritual and emotional injury due to the erasure of their parental identity, their sacred duty, and the neutral forum to which they were entitled under law.

Petitioners seek declaratory and injunctive relief, entry of all previously defaulted filings nunc pro tunc, compensatory and punitive damages, attorneys' fees under 42 U.S.C. § 1988, and such other and further relief as this Court deems just and proper to uphold the integrity of the judiciary and the constitutional rights of the wrongfully injured.

THIRTIETH CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourteenth Amendment – Deprivation of Due Process through Fraud and Perjury
By Petitioners Against: Defendant Choice, Daniel Semanek, Dr. Michael Yu, Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Wooten, Defendant Black, Notary Publics employed or contracted by DFPS and Children's Medical Center Dallas, and all Supervisors Who Ratified False Statements

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under 42 U.S.C. § 1983 to redress the deprivation of Petitioners' rights to due process of law under the Fourteenth Amendment, committed through a concerted and malicious pattern of perjury, false statements under oath, and willful misrepresentations made by State actors and their agents, including attorneys, investigators, doctors, and notaries public acting under color of law.

Defendants Defendant Choice and Daniel Semanek, attorneys within the Dallas County District Attorney's Office, knowingly filed or supported pleadings containing materially false facts and fabricated representations of emergency danger, despite having access to exculpatory evidence and no lawful basis for prosecuting a civil removal. In doing so, they violated their duties as officers of the court and prosecutors. Their misrepresentations extended to affirming the validity of an affidavit from Dr. Michael Yu, who later admitted under oath that he did not personally examine the child prior to authoring the affidavit used to justify removal.

Dr. Yu, acting under color of medical authority and in his capacity as an agent of Children's Medical Center Dallas, committed perjury by authoring or endorsing a sworn affidavit that created the false impression of direct knowledge and medical necessity, when in fact he had no firsthand clinical engagement with the child. This misrepresentation was used as the evidentiary cornerstone for unlawful state intervention and custody orders.

DFPS agents Defendant Gonzalez, Kameka Hewitt, Defendant Brown, Defendant Wooten, and Defendant Black knowingly included materially false statements in sworn affidavits submitted to the court, including but not limited to the claim that no family placement options were available, that Petitioners were

medically neglectful, and that there was a refusal to cooperate with care recommendations. Each of these assertions was provably false and contradicted by text messages, recorded conversations, and formal documents offered by Petitioners well in advance of the removal.

In addition, sworn documents bearing official notarial certification were signed or stamped by individuals acting as notaries public either without presence of the affiant, without verifying identification, or with full knowledge that the contents of the affidavit were untrue. These notarial actors, many of whom remain unnamed due to concealment by DFPS and Children's Medical Center, participated in the fraud by attesting to the legitimacy of documents they knew or should have known to be fabricated.

Supervisors and compliance officers within DFPS, Empower, and Children's Medical Center ratified this conduct by failing to investigate clear evidence of false testimony, declining to correct the record, and affirmatively defending known lies in open court. The Duties and Rights Doctrine imposes a mandatory fiduciary and constitutional obligation to tell the truth under oath and to protect the judicial process from being corrupted by falsehoods. Each Defendant failed in that duty.

As a direct and proximate result of these coordinated and malicious perjuries, Petitioners were stripped of access to their child, deprived of due process, defamed in public records, and subjected to a judicial process irreversibly tainted by fraud. These violations constitute a breakdown of constitutional safeguards, warranting judicial intervention to preserve the integrity of the courts, punish wrongful actors, and restore the sacred and protected rights of Petitioners.

Petitioners seek declaratory judgment confirming the perjury and fraud upon the court; injunctive relief prohibiting future use of false affidavits or participation by the named Defendants; compensatory and punitive damages for irreparable harm; referral for criminal prosecution under 18 U.S.C. §§ 1621–1623 and 42 U.S.C. § 1988 for attorney's fees and costs; and such other relief as the Court may deem just and necessary to vindicate the Constitution and secure the rule of law.

THIRTY-FIRST CLAIM FOR RELIEF
VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1981 (Civil Rights Act of 1866);
FED. R. CIV. P. 11(b) Sanctionable Conduct;
Intentional Infliction of Emotional and Psychological Distress

By Petitioners Against: Defendant Choice, Daniel Semanek, Dallas County District Attorney's Office, and Associated Supervisors

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises from the deliberate and malicious failure by prosecuting attorneys Defendant Choice and Daniel Semanek, acting under the authority of the Dallas County District Attorney's Office, to conduct a reasonable, good-faith investigation prior to filing and litigating claims that would result in the unlawful seizure, removal, and continued detention of Petitioners' minor child, Olorun Anu Davis. These actions violated the constitutional protections of Petitioners as recognized under the Civil Rights Act of 1866 (42 U.S.C. § 1981), the equal protection and due process clauses of the Fourteenth Amendment, and procedural obligations codified under Federal Rule of Civil Procedure 11.

Rule 11(b) imposes upon all attorneys a non-delegable obligation to ensure that factual contentions have evidentiary support and that legal claims are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of existing law. Rather than comply with these duties, Defendants Choice and Semanek pursued a civil removal proceeding against Petitioners based on false and uninvestigated claims, fabricated affidavits, and willful suppression of evidence that would have demonstrated Petitioners' fitness, tribal standing, and religious rights. The attorneys failed to obtain or review critical documentation, ignored exculpatory witness statements, and misrepresented facts to the court despite being in receipt of the Petitioners' formal rebuttals and administrative notices.

The Defendants' reckless and unethical litigation tactics amount not merely to professional misconduct but to intentional infliction of severe emotional and psychological distress. Petitioners, as sacred guardians of their infant child and members of a protected Indigenous class, were subjected to prolonged and deliberate psychological terror—stripped of access to their child, vilified in pleadings, and forced to endure a judicial process tainted by racial, cultural, and religious prejudice. The prosecution not only lacked legal merit but was animated by hostility toward Petitioners' Indigenous status and their refusal to conform to mainstream medical, religious, and parenting norms.

The Civil Rights Act of 1866, codified at 42 U.S.C. § 1981, guarantees all persons the equal right to make and enforce contracts, sue, be sued, give

evidence, and enjoy the full benefits of the law as enjoyed by white citizens. By prosecuting the Petitioners on false charges without cause, and doing so in a manner that deprived them of equal access to legal protections and procedural fairness, Defendants violated the substantive guarantees of this foundational civil rights law. The misconduct was not isolated—it was approved, ratified, and extended by supervisory officials at the Dallas County District Attorney's Office, making the county liable under Monell v. Department of Social Services for maintaining an unconstitutional policy, practice, or custom of ignoring Rule 11 obligations and targeting marginalized families for removal and prosecution.

Under the Duties and Rights Doctrine, government attorneys carry an elevated responsibility to investigate thoroughly, prosecute justly, and refrain from using state power as a weapon to oppress, harass, or destroy innocent lives. In this case, those duties were knowingly and willfully abandoned in favor of a malicious and meritless prosecution rooted in discriminatory animus, bureaucratic expediency, and disregard for the truth.

As a direct and proximate result of the Defendants' actions, Petitioners have suffered irreparable psychological trauma, reputational harm, disruption of familial and spiritual relationships, loss of trust in public institutions, and continued deprivation of their sacred and legal rights as parents.

Petitioners seek a declaratory judgment confirming these violations, permanent injunctive relief to bar similar misconduct in future proceedings, compensatory and punitive damages, sanctions under Rule 11, attorney's fees pursuant to 42 U.S.C. § 1988, and all further relief as the Court deems appropriate and necessary to remedy this grave abuse of authority.

THIRTY-THIRD CLAIM FOR RELIEF
AGGRAVATED ROBBERY OF PROTECTED OFFSPRING; MISPRISION OF
FELONY; BREACH OF TRUST
By Petitioners Against: Defendant Shannon, Kameka Hewitt, Defendant
Gonzalez, Defendant Brown, Defendant Wooten, Defendant Black, Dr. Michael
Yu, Children's Medical Center Dallas, DFPS, Empower, Dallas County, and all
associated legal and judicial officials acting under color of law

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises from the forcible, unlawful, and violent taking of sacred, private property—namely, the minor child Olorun Anu Davis, a sacred tribal heir and protected offspring held in private trust by his biological and spiritual parents, Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis. The child is recognized under tribal law and ancestral stewardship as living property of divine inheritance, protected under the sacred lineage of the Petitioners. The unlawful seizure constituted aggravated robbery under the common law definition and under constitutional protections for private property and family.

On or about June 2, 2025, Defendants—including but not limited to Kameka Hewitt, Defendant Brown, Defendant Gonzalez, Defendant Wooten, Defendant Black, and medical personnel at Children's Medical Center Dallas—acted in coordinated conspiracy, using the armed force of 10–20 Dallas County police officers and EMS agents to unlawfully enter Petitioners' private residence in Collin County and seize their child at gunpoint, without a valid warrant, without judicial adjudication, without consent, and absent any evidence of danger, crime, or emergency. This conduct constitutes aggravated robbery by use of force and deadly weapons against sacred property held in trust.

Olorun Anu Davis was and remains protected under an ecclesiastical trust, a tribal estate, and a lawful private family domain. The armed removal of this protected heir from the hands of his lawful parents and spiritual guardians amounts to the taking of living property, effectuated under duress and force, in direct violation of the Fourth, Fifth, and Fourteenth Amendments, as well as fundamental rights under natural law and Indigenous legal customs.

Further, once the facts of this robbery, armed raid, and child abduction were brought to the attention of  Defendant Shannon, the Dallas County District Attorney's Office, DFPS supervisors, and court-appointed attorneys, no corrective action was taken. These officials failed to return the child, failed to report the conduct as criminal, and allowed the continued illegal possession and concealment of the Petitioners' sacred heir, thereby committing misprision of felony—the willful concealment of a known felony offense by an official with a duty to report and prevent ongoing harm.

This extended not merely to the raid itself, but to all subsequent actions—unauthorized hearings, ex parte orders, denial of visitation, and the concealment of documents—which together represent an ongoing breach of

public trust, a breach of fiduciary obligation, and a breach of sacred custodial duties owed to the Petitioners and their child. All agents and officials named in this claim acted, or failed to act, in bad faith, with full knowledge that no lawful removal order existed, no verified emergency had been declared, and no justification was present under Texas Family Code § 262.104 or constitutional standards.

The law does not permit child seizure based on conjecture, hearsay, or fabricated affidavits signed by doctors like Dr. Michael Yu, who later admitted under oath that he never examined the child. Nor does the law permit government officials to knowingly allow a child to remain in unlawful custody once presented with sworn notice of a constitutional violation. Yet these acts, omissions, and concealments continued with impunity and contempt.

As a direct and proximate result of the aggravated robbery and coordinated concealment of the Petitioners' protected offspring, Petitioners suffered incalculable damage, including but not limited to: the loss of spiritual inheritance, desecration of sacred trust, irreparable emotional trauma, cultural and religious violation, and the continued deprivation of their minor child under duress. These harms are compounded daily and rise to the level of crimes against family, culture, and sacred law.

Petitioners demand a full accounting, immediate return of their sacred heir, declaratory and injunctive relief, punitive and compensatory damages, sanctions for misprision of felony and breach of trust, and such further remedies as are necessary to restore their sacred custodial rights, the constitutional order, and the rule of natural and divine law.

### THIRTY-FOURTH CLAIM FOR RELIEF
### UNCONSTITUTIONAL BILL OF ATTAINDER; FRAUDULENT BOILERPLATE TERMINATION PETITION; SECRET STAR CHAMBER PROCEEDINGS
By Petitioners Against Defendant Shannon, DFPS, Empower, Dallas County, Dallas County District Attorney's Office, Defendant Gonzalez, Kameka Hewitt, Defendant Black, and other unknown agents

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises from the deliberate use of an unconstitutional and fraudulent legal instrument—a boilerplate petition to terminate the parent-child

relationship—issued and prosecuted under color of law in a concealed and inaccessible judicial forum styled as the 305th District Juvenile Court of Dallas County, overseen by Defendant Shannon.

Without specific factual allegations, proper service, evidentiary hearing, or lawful jurisdiction, the Defendants utilized pre-typed, generic petitions lacking particularized findings as a vehicle to sever sacred familial bonds and spiritual parental authority. These petitions were issued in secrecy, filed under seal, and adjudicated without public access—effectively transforming the courtroom into a modern-day Star Chamber, in clear violation of Article I, Section 9, Clause 3 of the United States Constitution prohibiting Bills of Attainder.

Defendants further deprived Petitioners of their right to contest the proceedings by sealing the docket, omitting required notice, and denying Petitioners access to critical court filings, calendars, and exhibits. Petitioners were neither allowed to view nor rebut the allegations and were barred from participating in hearings, which were conducted ex parte and without any lawful adjudicatory foundation.

The fraudulent use of identical boilerplate language in each order and filing illustrates the intent to systemically bypass constitutional process and apply punitive sanction against named Petitioners without trial, without evidence, and without the protections afforded by due process and the adversarial system.

The Duties and Rights Doctrine applies with particular force in cases involving the sacred parent-child relationship. All state actors and judicial agents are bound by fiduciary and constitutional duties to ensure fairness, transparency, individualized review, and protection from unjust deprivation. Instead, these Defendants acted in knowing bad faith, with institutional collusion, and in conscious violation of civil liberties.

As a direct result of these unlawful and unconstitutional practices, Petitioners suffered the complete deprivation of their parental rights, the stigmatization of their family, irreparable spiritual and emotional harm, and loss of sacred time with their minor heir. These injuries were inflicted through a process devoid of due process, grounded in fraud, and executed under an illegal and sealed tribunal.

Petitioners demand immediate injunctive and declaratory relief, restoration of all unlawfully terminated parental rights, compensatory and punitive damages,

attorneys' fees pursuant to 42 U.S.C. § 1988, and any further relief that equity and justice require.

### THIRTY-FIFTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
Fourth and Fourteenth Amendments – Unlawful Out-of-State Search and Attempted Kidnapping
By Petitioners Against: Defendant Balken, Defendant Woods, Defendant Hatch, Marion County Sheriff's Office (Florida), Marion County DCF, Defendant Kids Central, and Dallas County CPS (including Empower and DFPS), and Dallas County District Attorney's Office

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

On or about August 4, 2025, while visiting family in Florida, Petitioners were alerted that armed deputies from the Marion County Sheriff's Office, accompanied by Florida DCF agents, stormed the private residence of family members without a warrant or court order. Deputies reportedly stated, "Texas CPS told us to come and look for Olorun Anu Davis's mother and father at this last known address."

Deputies forced entry into the home and aggressively questioned the family, making threats while conducting an unauthorized search. The officers' conduct was hostile, intimidating, and executed in a manner that would reasonably induce fear in the occupants. The intrusion was done without a warrant, without exigent circumstances, and without any showing of probable cause or due process.

This action was a deliberate attempt to unlawfully apprehend Petitioners' second newborn child—who was not subject to any court order, investigation, or removal proceedings. The warrantless raid constituted aggravated stalking, attempted kidnapping under color of law, and a multi-jurisdictional human rights violation. These violations were ordered, ratified, or initiated by Dallas County CPS actors—including DFPS, Empower, and the Dallas County District Attorney's Office—who were already under estoppel in a pending civil counterclaim, had been served by Dallas County Sheriff's Office, and were subject to a valid cease and desist.

This unlawful cross-jurisdictional attempt to seize a child violated international human rights doctrines, including the right to family unity, religious liberty, and

protection from state-sponsored kidnapping. Petitioners' other children were similarly put at risk by this reckless act of institutional aggression.

The Duties and Rights Doctrine imposed a mandatory obligation upon all officers involved to respect constitutional protections, uphold the Fourth and Fourteenth Amendments, and refrain from unlawful coercive state action. These duties were grossly violated.

As a direct and proximate result of the Defendants' conduct, Petitioners suffered extreme emotional distress, trauma, fear for the safety of their children, disruption of family tranquility, and further irreparable harm to their spiritual and parental authority.

Petitioners demand compensatory and punitive damages, injunctive relief prohibiting future interstate misconduct, declaratory judgment affirming their constitutional rights, attorneys' fees under 42 U.S.C. § 1988, and any other relief deemed just and proper by the Court.

## THIRTY-SIXTH CLAIM FOR RELIEF
### DENATIONALIZATION, DIVERSITY OF CITIZENSHIP, AND BREACH OF TREATIES PROTECTING INDIGENOUS AND INTERNATIONAL RIGHTS
By Petitioners Against:Defendant Shannon, Dallas County, Dallas County District Attorney's Office, DFPS, Empower, Defendant Gonzalez, Kameka Hewitt, Defendant Black, Texas Office of the Attorney General, and all relevant named agents

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This cause of action arises under federal law and the U.S. Constitution, including but not limited to 42 U.S.C. § 1983, 42 U.S.C. § 1981, 8 U.S.C. § 1481, 28 U.S.C. §§ 1331 and 1350, the Fourteenth Amendment, the Supremacy Clause, and applicable treaties including the Treaty of Peace and Friendship and the Treaty of Birds Fort. Petitioners seek redress for denationalization, breach of international obligations, and violations of sacred Indigenous rights.

Petitioners, acting in propria persona and sui juris as Indigenous sovereigns and private citizens of diverse nationality, were subjected to de facto denationalization through forced participation in state proceedings that mischaracterized them as U.S. corporate persons. State actors knowingly ignored Petitioners' Indigenous

identity, sovereign status, and religious-cultural designations, thereby imposing legal disabilities and converting Petitioners into fictitious parties without consent.

This conduct constitutes a violation of 8 U.S.C. § 1481, which establishes the circumstances under which U.S. nationality may be lawfully lost or renounced—none of which apply to the Petitioners. Yet Defendants, under color of law, attempted to impose statutory jurisdiction upon Petitioners in contradiction to their declared nationality and ecclesiastical status.

Further, diversity of citizenship under 28 U.S.C. § 1332 was ignored by courts and state actors who unlawfully exercised jurisdiction over Petitioners in matters that constitutionally should have been heard in federal court.

Defendants' actions also breached international and bilateral treaty protections, including the Treaty of Peace and Friendship (1796) and Treaty of Birds Fort (1843), which recognize rights to self-determination, protection of Indigenous identity, religious liberty, and autonomy from state aggression. These treaties are binding under the Supremacy Clause and enforceable in U.S. courts.

The acts of Defendant Shannon, DFPS, Empower, and the Dallas County District Attorney's Office—particularly in misrepresenting the Petitioners' status, forcing participation in a juvenile court system repugnant to their standing, and pursuing fraudulent petitions under sealed proceedings—constitute a modern form of forced assimilation and denationalization.

These acts were carried out with deliberate indifference to clearly established constitutional and international rights, and with reckless disregard for the spiritual, legal, and diplomatic implications of stripping Petitioners of their national and tribal identities. Such conduct also constituted a civil conspiracy to deprive Petitioners of equal protection under 42 U.S.C. § 1981 and actionable violations of treaty obligations enforceable under 28 U.S.C. § 1350.

As a direct and proximate result, Petitioners suffered:

- Denial of legal recognition of their nationality, status, and rights;
- Religious, spiritual, and diplomatic injury;
- Loss of jurisdictional protections guaranteed by treaty and law;
- Irreparable harm to their family and tribal integrity.

Petitioners demand declaratory and injunctive relief, compensatory and punitive damages, an order of restoration of national status, cessation of all further unlawful actions, attorneys' fees pursuant to 42 U.S.C. § 1988, and all such other relief as the Court deems appropriate and just.

## THIRTY-SEVENTH CLAIM FOR RELIEF
### CONSPIRACY TO KIDNAP AND HOLD HOSTAGE FOR PROFIT UNDER COLOR OF LAW AND FRAUD
By Petitioners Against:Defendant Shannon, Defendant Gonzalez, Kameka Hewitt, Defendant Black, Defendant Wooten, Empower, DFPS, Dallas County District Attorney's Office, Defendant Pitre, Children's Medical Center Dallas, and all participating agents and officers

Petitioners incorporate all preceding paragraphs as though fully set forth herein.

This claim arises under 42 U.S.C. §§ 1983 and 1985(3), the Fourth and Fourteenth Amendments, the Anti-Peonage Act (18 U.S.C. § 1581), the Human Trafficking Statute (18 U.S.C. § 1590 et seq.), and international law, including the UN Convention on the Rights of the Child and the UN Declaration on the Rights of Indigenous Peoples.

Through forensic audit and critical review of all documents filed in this matter—specifically the Original Petition for Termination of the Parent-Child Relationship, the Ex Parte Order for Temporary Custody, Temporary Orders following the adversary hearing, and associated filings—Petitioners provide irrefutable evidence that Defendants conspired to kidnap, hold hostage, and traffic a sacred Indigenous heir, Olorun Anu Davis, under fraudulent pretenses cloaked in official proceedings.

This conspiracy was executed with coordination between hospital staff, government agents, and judicial officers, who employed fabricated affidavits, forged notarizations, boilerplate pleadings devoid of legal sufficiency, and sealed court records to deprive Petitioners of notice, remedy, or the ability to defend. Petitioners were fraudulently reclassified under fictitious nom de guerre designations, converting their legal identity from tribal stewards to corporate persons in contravention of treaties and natural law.

Defendants deliberately used the State's juvenile court infrastructure as a privatized vessel for trafficking under the guise of "child protection," seeking Title

IV-E reimbursements and contractor compensation while maintaining sealed proceedings. The forensic audit reveals that the custody of Olorun Anu Davis was never lawfully transferred via due process but instead held under constructive fraud, creating profit incentives for continued detainment, visitation obstruction, and prolonged litigation.

The Duties and Rights Doctrine applies with heightened force: all agents and actors owed Petitioners a fiduciary, constitutional, and moral duty to abstain from false claims, coercion, concealment, and conspiracy to commit unlawful detention. The failure to uphold that duty constitutes bad faith, aggravated fraud, and a breach of both public trust and sacred parental obligations.

As a direct and proximate result of this conspiracy, Petitioners have endured:

- Forced detainment and trafficking of their child under fictitious identity;

- Denationalization and spiritual degradation;

- Emotional and psychological trauma;

- Loss of sacred time, bonding, and cultural continuity;

- Ongoing threats to physical liberty and retaliation for asserting rights.

THIRTY-EIGHTH CLAIM FOR RELIEF
FORCED MEDICAL EXPERIMENTATION IN VIOLATION OF THE
NUREMBERG CODE, UNLAWFUL MEDICAL TREATMENT, AND CRIMES
AGAINST HUMANITY
By Petitioners Against: Dr. Michael Yu, Children's Medical Center Dallas, DFPS,
Empower, Defendant Shannon, Dallas County, and all agents acting under their
direction

This claim arises under 42 U.S.C. § 1983 (civil action for deprivation of rights under color of law), 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights), 18 U.S.C. § 241 (conspiracy against rights), 18 U.S.C. § 242 (deprivation of rights under color of law), 42 U.S.C. § 289 (protections for children involved in research), the Fourth and Fourteenth Amendments of the United States Constitution, the Nuremberg Code (1947) as binding through customary

international law, the Universal Declaration of Human Rights, the United Nations Convention on the Rights of the Child, and Texas Health & Safety Code § 32.001

On or about June 2, 2025, after the unlawful and warrantless seizure of the minor heir Olorun Anu Davis, the Defendants—without lawful parental consent, court order, or medical necessity—subjected the child to forced medical treatment, testing, injections, and bodily interference in direct violation of federal and international law.

Defendants acted without exigent circumstances, without a physician's physical examination, and without obtaining the informed, free, and voluntary consent of the parents. Their actions were predicated on fabricated documents and false narratives. This conduct constitutes crimes against humanity under international law, violations of the Nuremberg Code (1947), which prohibits non-consensual medical experimentation, violations of the United Nations Convention on the Rights of the Child, 42 U.S. Code § 289, violations of the Fourth and Fourteenth Amendments to the U.S. Constitution protecting bodily autonomy and parental rights, and a direct violation of Texas Health & Safety Code § 32.001.

All Defendants named in this claim held nondelegable duties under both state and federal law to uphold and protect the constitutional, statutory, and inherent natural rights of the Petitioners and their minor heir. These duties included, but were not limited to:

- The duty to refrain from engaging in or facilitating unlawful search and seizure under the Fourth Amendment;

- The duty to secure parental rights and procedural due process protections under the Fourteenth Amendment;

- The duty to obtain free, prior, and informed consent from legal guardians before administering any medical treatment or procedures, as codified in 42 U.S.C. § 289 and Texas Health & Safety Code § 32.001;

- The duty to act in good faith and not engage in acts of fraud, deception, coercion, or concealment in judicial proceedings or administrative actions;

- The duty to refrain from participating in or enabling acts that constitute torture, cruel or inhuman treatment, or crimes against humanity under the

Nuremberg Code and international human rights law.

Petitioners possessed and continue to possess the protected rights to raise their child according to their religious, cultural, and spiritual beliefs without interference from the State; the right to be free from bodily invasion and experimentation; the right to due process and equal protection of law; the right to privacy, liberty, and family integrity; and the right to object to state action that is arbitrary, capricious, or in violation of fundamental human dignity.

These rights are not diminished by the filing of any civil petition or administrative claim by a governmental agency and remain enforceable at all times under the Constitution, federal statutes, treaties, and the natural law governing human dignity and sovereignty.

The denial of visitation and concealment of the child's condition while in state custody prevented Petitioners from observing or objecting to any procedures conducted, amounting to reckless endangerment, spiritual trauma, and emotional torture. The conduct of Defendants, especially after being served with cease and desist notices and lawful objections, displays malice and criminal disregard for the physical and spiritual integrity of the child and the sovereign will of his parents. Petitioners seek full compensatory and punitive damages, injunctive relief, restoration of custody, a federal investigation, and criminal prosecution of all individuals and institutions involved under the relevant domestic and international human rights laws.


## THIRTY-EIGHTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL AND PSYCHOLOGICAL DISTRESS
By Petitioners Against: DFPS, Empower, Dr. Michael Yu, Children's Medical Center Dallas, Defendant Shannon, Dallas County, and all agents acting in concert or participation with them

This claim arises under Texas common law for the tort of intentional infliction of emotional distress, and is further supported by violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and relevant provisions of international human rights law,

including the Universal Declaration of Human Rights and the United Nations Declaration on the Rights of Indigenous Peoples.

Defendants, through deliberate and malicious acts, inflicted extreme emotional and psychological distress upon Petitioners Kenneth Arnez: Davis, Olorun Anu Davis, mother and family. These acts include but are not limited to: the unlawful and forceful removal of their infant son from his mother's arms at gunpoint; the deprivation of their sacred parental rights; the concealment of the child's location and medical condition; the denial of meaningful access to visitation; the refusal to acknowledge Indigenous, treaty, and ecclesiastical standing; and the continued prosecution of fraudulent court proceedings under sealed dockets and fabricated affidavits.

Petitioners also assert their inherent, natural, and unalienable rights to bodily integrity, parental decision-making, spiritual guardianship, and religious freedom as protected by the United States Constitution, international treaties, and moral obligations under natural law. Defendants had a duty to honor the informed consent rights of the parents and the right of the child to be free from cruel, inhuman, or degrading treatment. Defendants breached these duties knowingly, willingly, and maliciously.

These actions were willful, wanton, and committed with reckless disregard for Petitioners' emotional well-being, spiritual integrity, and familial sanctity. Petitioners have suffered ongoing trauma manifesting in deep emotional grief, spiritual desolation, anxiety, nightmares, loss of appetite, disassociation, depression, and symptoms consistent with post-traumatic stress disorder (PTSD). The forced separation and state-sanctioned kidnapping of their child have irreparably damaged their mental health, cultural identity, and sacred familial bond.

Petitioners seek compensatory and punitive damages, injunctive relief, therapeutic restoration, and criminal accountability for all Defendants responsible for the prolonged and deliberate infliction of psychological and spiritual torment.

### THIRTY-NINTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL AND PSYCHOLOGICAL DISTRESS
By Petitioners Against: DFPS, Empower, Dr. Michael Yu, Children's Medical

Center Dallas, Defendant Shannon, Dallas County, and all agents acting in concert or participation with them

This claim arises under Texas common law for the tort of intentional infliction of emotional distress, and is further supported by violations of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and relevant provisions of international human rights law, including the Universal Declaration of Human Rights and the United Nations Declaration on the Rights of Indigenous Peoples.

Defendants, through deliberate and malicious acts, inflicted extreme emotional and psychological distress upon Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis. These acts include but are not limited to: the unlawful and forceful removal of their infant son from his mother's arms at gunpoint; the deprivation of their sacred parental rights; the concealment of the child's location and medical condition; the denial of meaningful access to visitation; the refusal to acknowledge Indigenous, treaty, and ecclesiastical standing; and the continued prosecution of fraudulent court proceedings under sealed dockets and fabricated affidavits.

These actions were willful, wanton, and committed with reckless disregard for Petitioners' emotional well-being, spiritual integrity, and familial sanctity. Petitioners have suffered ongoing trauma manifesting in deep emotional grief, spiritual desolation, anxiety, nightmares, loss of appetite, disassociation, depression, and symptoms consistent with post-traumatic stress disorder (PTSD). The forced separation and state-sanctioned kidnapping of their child have irreparably damaged their mental health, cultural identity, and sacred familial bond.

Defendants owed Petitioners the duty to refrain from inflicting emotional harm through abuse of power, fraud, coercion, or violence. That duty was breached in a pattern of misconduct involving judicial complicity, state agency fraud, and medical deception. Petitioners assert their rights to familial integrity, emotional security, and spiritual guardianship of their child. Defendants' actions violated these rights with deliberate indifference and malicious intent.

Petitioners seek compensatory and punitive damages, injunctive relief, therapeutic restoration, and criminal accountability for all Defendants responsible for the prolonged and deliberate infliction of psychological and spiritual torment.

## FORTIETH CLAIM FOR RELIEF
## MEDICAL BATTERY
By Petitioners Against: Dr. Michael Yu, Children's Medical Center Dallas, DFPS, Empower, Defendant Shannon, Dallas County, and all agents acting under their direction

This claim arises under Texas common law for medical battery, and is further supported by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the U.S. Constitution, Texas Health & Safety Code § 32.001, and relevant provisions of international law prohibiting non-consensual medical procedures on minors, including the Nuremberg Code and the United Nations Convention on the Rights of the Child.

On or about June 2, 2025, Defendants subjected the minor heir Olorun Anu Davis to non-consensual and unlawful medical treatment, testing, and procedures without obtaining informed consent from his parents. Petitioners never authorized, consented to, or agreed to any form of treatment or medical intervention, and no medical emergency existed to justify such actions.

The conduct of Defendants constitutes medical battery under Texas law and common law tort doctrine, as it involved an intentional, unauthorized touching of a minor child's body. These acts were carried out without legal authority, without exigent circumstances, and without a valid medical order based on an actual physical examination. Defendants' conduct was further aggravated by deception, concealment, and a deliberate withholding of information from the Petitioners, preventing them from intervening or objecting to the unlawful treatment of their son.

Defendants had a duty to respect and preserve the bodily integrity of the child and the rights of his parents to direct medical decision-making. This duty was deliberately and maliciously breached. Petitioners seek compensatory damages, punitive damages, permanent injunctive relief, and criminal prosecution of all individuals involved in the administration and facilitation of this unauthorized medical intervention.

## FORTY-FIRST CLAIM FOR RELIEF
## ASSAULT – UNLAWFUL ARMED ENTRY AND THREATS TO PERSON
By Petitioners Against: Dallas Police Department Officers Defendant Davis, Defendant Brackens-White, Defendant Looney-Lanier, Defendant Dumas,

Defendant Shah, the Dallas Police Department, DFPS Agents, and Emergency
Paramedics and any officers from allied agencies who participated in the June 2,
2025 raid and armed abduction

This claim arises under 42 U.S.C. § 1983, 18 U.S.C. § 242, Texas common law
for civil assault, the Fourth Amendment to the U.S. Constitution, and the Texas
Bill of Rights Article I, Section 9.

On or about June 2, 2025, multiple armed law enforcement officers acting under
color of law entered the private domicile of Kenneth Arnez: Davis, mother Aṣẹ
Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis in Collin
County, Texas, without a valid warrant, probable cause, or legal authority. These
officers brandished firearms, shouted commands, and forced Petitioners from
their home while seizing their infant child without lawful justification.

This constituted an unlawful and offensive threat of physical force that placed
Petitioners in reasonable apprehension of imminent bodily harm. The
Defendants' conduct meets the definition of assault under Texas common law
and violates Petitioners' constitutional protections under the Fourth and
Fourteenth Amendments.

This claim arises under 42 U.S.C. § 1983, 18 U.S.C. § 242, Texas common law
for civil assault, the Fourth Amendment to the U.S. Constitution, and the Texas
Bill of Rights Article I, Section 9.

Officers had a legal and constitutional duty to avoid excessive use of force, to
obtain judicial authorization before conducting searches or seizures, and to
respect the sanctity of private homes. The violation of this duty by displaying
firearms and removing a child under threat, without judicial order or exigency,
constitutes an egregious breach. Petitioners seek full compensatory and punitive
damages, injunctive relief, public apology, and criminal referral of all offending
officers.

NATURE OF ALL DEFENDANTS' ACTIONS

Defendants acted with malice, fraud, oppression, and willful indifference to the
sacred, constitutional, and human rights of Petitioners Kenneth Arnez: Davis,
Olorun Anu: Davis, mother and family. Acting under color of law and in concert
across agencies, they engaged in a pattern of unlawful threats, coercion,

intimidation, and armed force, culminating in the warrantless seizure of Petitioners' infant son, the obstruction of Indigenous and ecclesiastical rights, and the continuation of a fraudulent child protection case through deceit, false affidavits, sealed dockets, and deliberate misrepresentation.

Each Defendant knew or should have known that their actions violated clearly established rights under the United States Constitution, Texas law, federal civil rights statutes, international human rights treaties, and principles of natural law. Their collective conduct constituted a deliberate scheme to deprive Petitioners of parental rights, bodily autonomy, medical decision-making authority, spiritual guardianship, and procedural due process—inflicting irreparable emotional, psychological, and spiritual harm.

As a direct and proximate result of Defendants' unlawful and conspiratorial actions, Petitioners have suffered—and continue to suffer—profound damages, including loss of family unity, cultural harm, trauma, reputational damage, spiritual grief, and economic harm. Petitioners seek full legal and equitable relief, including compensatory and punitive damages, restoration of custody, injunctive relief, attorney's fees and costs, and federal investigation into the criminal and civil misconduct detailed herein.

**PRAYER FOR RELIEF**

 WHEREFORE, Petitioners Kenneth Arnez: Davis, mother Aṣẹ Ìyá, Imma Qadoshah, Ina Ikunabo, family and Olorun Anu: Davis respectfully pray for judgment against all named Defendants, jointly and severally, and request the following relief as appropriate for each of the claims for relief set forth herein:

(i) For compensatory damages, including general, special, economic, non-economic, and spiritual damages, in an amount to be determined at trial, to redress the unlawful seizure of the minor heir Olorun Anu Davis, the destruction of the familial bond, and the infliction of emotional, psychological, and spiritual harm;

(ii) For punitive and exemplary damages pursuant to 42 U.S.C. § 1983 and applicable provisions of the Texas Civil Practice & Remedies Code, in an amount sufficient to punish and deter each Defendant, especially non-governmental and governmental actors acting outside the bounds of lawful authority;

(iii) For statutory damages, including but not limited to those authorized under 42 U.S.C. §§ 1983, 1985, 1988, 18 U.S.C. §§ 241 and 242, Texas Health & Safety Code § 32.001, and other applicable civil rights statutes;

(iv) For prejudgment and post-judgment interest as provided by law;

(v) For reasonable attorney's fees, pro se litigant costs, and legal research assistance expenses pursuant to 42 U.S.C. §§ 1983 and 1988, and any other applicable statutory provisions or equitable doctrines;

(vi) For the costs of suit incurred herein;

(vii) For permanent injunctive relief restoring full custody of the minor heir Olorun Anu Davis to his genealogical biological parents, barring any further state interference, and halting all further proceedings based on fraudulent or unconstitutional actions;

(viii) For a declaration that the actions of all named Defendants were unlawful, void ab initio, and in violation of both domestic and international law;

(ix) For referral to federal authorities, including the U.S. Department of Justice and international human rights bodies, for investigation and prosecution of all Defendants for crimes against humanity, fraud, kidnapping, and medical battery;

(x) For such other and further relief as the Court may deem just, proper, and necessary to redress the egregious harm suffered and to uphold the rule of law, sacred family integrity, and human dignity.

Dated: August 5,2025

Respectfully submitted,

Kenneth Arnez Davis
Petitioner, *Sui Juris*
19373 Preston Rd.
Plano, TX 75232
Ph. (214) 556-7923
Email: anutribaltrust@gmail.com

Verification

State of Texas             §
County of Collin           §

"My name is Kenneth Arnez Davis. I am over 18 years of age, of sound mind, and capable of making this Petition. I am the Petitioner in the above-styled cause. I have read the foregoing 'VERIFIED CIVIL RIGHTS COMPLAINT AND PETITION UNDER 42 U.S.C. § 1983, 28 U.S.C. §§ 2241, 1331, AND 1343(a)(3)-(4) (With Invocation of Extraordinary Jurisdiction)' The facts stated therein are within my personal knowledge and are true and correct."

Kenneth Arnez Davis

JURY DEMAND

Petitioner hereby demands a trial by jury in this action.

Date August 5, 2025

Kenneth Arnez Davis