IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH ARNEZ DAVIS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:25-CV-3048-X-BW | |
| § | | |
| TEXAS DEPARTMENT OF FAMILY § | | |
| AND PROTECTIVE SERVICES, et al., § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Emergency Motion for Immediate Return of Minor Child and Enforcement of Parental Rights, received in the United States District Court for the District of Columbia on August 8, 2025 and transferred to this Court on November 7, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DENY** the motion.

Plaintiff Kenneth Arnez Davis filed this action against 47 defendants alleging a variety of constitutional, statutory, and treaty violations. (*See generally* Dkt. No. 1.) In the current motion, Davis seeks ex parte injunctive relief in the form of an "emergency order compelling the immediate and unconditional return" of his minor child, who was taken from Davis's custody in June 2025, and an "order restraining Defendants from interfering with Plaintiff's constitutional rights to family unity, medical choice, and due process." (Dkt. No. 3 at 6.) Davis's request for injunctive

---

[1] By Special Order No. 3-251, this pro se case has been referred for full case management.

relief prior to and pending resolution of his claims implicates Federal Rule of Civil Procedure 65.

As a threshold matter, a preliminary injunction may issue only after notice is provided to the adverse parties. *See* Fed. R. Civ. P. 65(a)(1). Under Rule 65(b)(1), a court may issue a temporary restraining order ("TRO") without prior notice to an adverse party, but only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or injunctive relief bears the burden of showing that he is entitled to it. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Davis, who is proceeding pro se in this action, has not shown that he has given notice of his request for injunctive relief to the 47 adverse parties, and he has not certified in writing any efforts to give notice to same and provided reasons why such notice should not be required. *See* Fed. R. Civ. P. 65(a), (b).

Given these procedural deficiencies, the Court should **DENY** Davis's Emergency Motion for Immediate Return of Minor Child and Enforcement of Parental Rights, received on August 8, 2025 and transferred to this Court on November 7, 2025 (Dkt. No. 3).

2

**SO RECOMMENDED** on November 17, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).